IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, IDAHO WILDLIFE FEDERATION, WASHINGTON WILDLIFE FEDERATION, SIERRA CLUB, TROUT UNLIMITED, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, IDAHO RIVERS UNITED, IDAHO STEELHEAD AND SALMON UNITED, NORTHWEST SPORTFISHING INDUSTRY ASSOCIATION, FRIENDS OF THE EARTH, SALMON FOR ALL, and COLUMBIA RIVERKEEPER, <br><br>Plaintiffs, <br><br>vs. <br><br>NATIONAL MARINE FISHERIES SERVICE, <br><br>Defendant, <br><br>and <br><br>NORTHWEST IRRIGATION UTILITIES, PUBLIC POWER COUNCIL, WASHINGTON STATE FARM BUREAU FEDERATION, FRANKLIN COUNTY FARM BUREAU FEDERATION, GRANT COUNTY FARM BUREAU FEDERATION, and INLAND PORTS AND NAVIGATION GROUP, <br><br>Intervenor-Defendants. | CV 01-640-RE <br><br>OPINION |

REDDEN, Judge:

The court issues this opinion in conjunction with its June 25, 2003, minute order that denied plaintiffs' motion to vacate and set aside the biological opinion issued on December 21, 2000

1 -   OPINION

(2000BiOp), by defendant National Marine Fisheries Service (NOAA)[1]. On May 7, 2003, the court ruled on summary judgment that the 2000BiOp, including its reasonable and prudent alternative (RPA) for avoiding jeopardy to the salmon, violates the Endangered Species Act (ESA) because it is arbitrary and capricious in two specific respects: it relies on federal mitigation actions that have not undergone section 7 consultation under the ESA; and it relies on range-wide off-site non-federal mitigation actions that are not reasonably certain to occur. The court remanded to NOAA for its resolution of these two specific deficiencies.

The court's May 7, 2003, opinion on summary judgment sets forth the background of this case and it is not necessary to repeat it here.

## DISCUSSION

**A.    Parties' Positions.**

Plaintiffs and their *amici* seek to "vacate, set aside, and enjoin the 2000BiOp, RPA, and incidental take statement" in their entirety until NOAA complies with the ESA. Pltf's memo., p. 1. Plaintiffs' stated goal is "to ensure that ESA-listed salmon and steelhead in the Columbia and Snake Rivers will be fully protected as the law requires during the period of remand." *Id.* Plaintiffs contend that the flaws in the 2000BiOp are neither technical nor minor, and that leaving the 2000BiOp in place would increase the risk of harm to salmon and steelhead.

Defendant NOAA, defendant-intervenors, and their *amici* oppose the motion and urge the court to leave the 2000BiOp in place, with the RPA and incidental take statement intact, during the one-year period of remand ordered by the court. They argue that (1) additional harm will not befall the affected salmon by leaving the 2000BiOp in place for the one-year period during which NOAA, the action agencies, the states, and the tribes work together to resolve the deficiencies in the 2000BiOp; (2) there will be take of salmon whether or not the 2000BiOp remains in place; and (3) the economic and social fabric of the region may be substantially undermined if the federal power operations in the Columbia River Basin are curtailed.

---

[1]    National Marine Fisheries Service (NMFS) is a subagency of the National Oceanic and Atmospheric Administration (NOAA). NMFS has now changed its name to NOAA Fisheries. This opinion adopts the name change and NMFS is referred to as "NOAA" throughout.

2 -    OPINION

*Amicus* State of Oregon urges the court not to vacate the 2000BiOp, but rather to retain jurisdiction during the period of remand and allow "appropriate motions" by interested parties to assert additional measures that they believe may be necessary in the interim to avoid further jeopardy to the salmon.

**B.    Legal Standards.**

"Ordinarily, when a regulation is not promulgated in accordance with the [Administrative Procedures Act (APA)], the regulation is invalid. Western Oil and Gas v. EPA, 633 F.2d 803, 813 (9th Cir. 1980). However, when equity demands, the regulation can be left in place while the agency follows the necessary procedures." Idaho Farm Bureau Federation v. Babbitt, 58 F.3d 1392, 1405 (9th Cir. 1995). "[W]hile [the court] must act within the bounds of the statute and without intruding upon the administrative process, [the court] may adjust [its] relief to the exigencies of the case in accordance with the equitable principles governing judicial relief." ASARCO, Inc. v. Occupational Safety and Health Administration, 647 F.2d 1, 2 (9th Cir. 1981).

**C.    Analysis.**

Contrary to the above case authority, plaintiffs seem to contend that this court has no choice but to vacate and enjoin the 2000BiOp. Plaintiffs do not make any convincing argument, however, that an injunction at this stage, while the 2000BiOp is on remand, will substantially increase the jeopardy to the affected salmon. Nor do plaintiffs effectively counter the concerns of NOAA and the defendant-intervenors that an injunction would substantially disrupt federal power operations in the Columbia River Basin and expose the action agencies to unwarranted liability arising from take of salmon during the remand period.

I conclude that it is inappropriate and unnecessary to vacate or set aside the 2000BiOp in its entirety while the parties address the deficiencies in the 2000BiOp on remand. The court has found serious flaws in the 2000BiOp that need to be addressed and remedied in the immediate future. The court, however, has not yet ruled on the issue of the science supporting the 2000BiOp. In the absence of any showing by plaintiffs that an injunction will, at this stage in the proceedings, somehow enhance the survivability or recovery of the affected salmon, the balance of equities favors allowing the 2000BiOp to remain in place during the remand period.

3 -    OPINION

As suggested by the State of Oregon, the court intends to retain jurisdiction over this case during remand. The court will not entertain "motions" by the parties or their *amici* relative to the issues raised by the remand. However, a supplemental order will follow setting a date and agenda for a conference at which the court and the parties will discuss the court's parameters for and timing of the parties' activities and periodic reports on remand, and the court will entertain suggestions that will facilitate progress in reaching a satisfactory outcome to the work that needs to be done on remand by NOAA, the action agencies, other affected federal agencies, the states, and the tribes.

**CONCLUSION**

As ordered in the court's June 25, 2003, minute order, plaintiffs' supplemental motion (doc. 399) to vacate and set aside the 2000BiOp is DENIED.

IT IS SO ORDERED.

Dated this ___1st___ day of July, 2003.

                /S/ James A. Redden
                James A. Redden
                United States District Judge