IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, IDAHO WILDLIFE FEDERATION, WASHINGTON WILDLIFE FEDERATION, SIERRA CLUB, TROUT UNLIMITED, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, IDAHO RIVERS UNITED, IDAHO STEELHEAD AND SALMON UNITED, NORTHWEST SPORTFISHING INDUSTRY ASSOCIATION, FRIENDS OF THE EARTH, SALMON FOR ALL, and COLUMBIA RIVERKEEPER,<br><br>            Plaintiffs,<br><br>    vs.<br><br>NATIONAL MARINE FISHERIES SERVICE,<br><br>            Defendant,<br><br>   and<br><br>NORTHWEST IRRIGATION UTILITIES, PUBLIC POWER COUNCIL, WASHINGTON STATE FARM BUREAU FEDERATION, FRANKLIN COUNTY FARM BUREAU FEDERATION, GRANT COUNTY FARM | CV 01-640-RE<br><br>OPINION AND ORDER |

Page 1 – OPINION AND ORDER

| | |
|---|---|
| BUREAU FEDERATION, and INLAND PORTS AND NAVIGATION GROUP, | ) ) ) |
| Intervenor-Defendants. | ) ) ) |

REDDEN, Judge:

The matter before the court is the motion for extension of time for completion of biological opinion (#488) by defendant National Marine Fisheries Service.

In a minute order dated May 11, 2004, the court granted the motion and noted that an explanatory opinion would follow.  The minute order also set an Attorneys' Steering Committee meeting for June 4, 2004, at 8:30 a.m.

## DISCUSSION

I.  Motion for Extension of Time for Completion of Biological Opinion

In its motion, defendant seeks an extension of the June 2, 2004, deadline to complete a revised biological opinion regarding operations of the Federal Columbia River Power System ("FCRPS").  Specifically, defendant requests an extension of time until November 30, 2004, to issue a final biological opinion.

As was evident at the April 16, 2004, meeting of the Attorneys' Steering Committee, all parties are in agreement that some extension of time is necessary for defendant to complete a revised biological opinion, due in significant part to the time invested by agency personnel in the ongoing collaborative process.  Consistent with this position, the objections to defendant's request filed by plaintiffs, the State of Oregon, and the Treaty Tribes, focus on the length of the proposed extension rather than whether an extension should be granted.

Subject to the concerns expressed below, the court agrees with defendant's proposal to

issue a draft biological opinion no later than 90 days after the collaboration ends this month and then to finalize the biological opinion for release no later than November 30, 2004.

II.     Discussion Items for Upcoming Attorneys' Steering Committee Meeting

The court granted the year-long remand period, left the 2000 Biological Opinion for the FCRPS (the "2000 BiOP") in place, and endorsed the collaborative process currently underway on the belief that defendant would actively solicit and successfully obtain funding necessary to implement and improve the mitigation measures set forth in the 2000 BiOp. In the court's view, a concerted and adequately-funded effort by defendant, the action agencies, and other interested parties can result in mitigation measures reasonably certain to occur that will allow the Northwest to enjoy plentiful hydropower <u>and</u> salmon. The court is concerned, however, that the requested six-month extension of time to complete the revised 2000 BiOp will be essentially futile because adequate funding is not in place and will not likely be secured in the near future.

Even if funding were not an issue, the court is concerned that the remand process may also have diverged from the intent and terms of the court's Order dated May 7, 2003. The court directed defendant to address how the Reasonable and Prudent Alternative set forth in the 2000 BiOp could be modified to rely on adequate mitigation efforts reasonably certain to occur[1]–a task

---

[1] The May 7, 2003, opinion remanded the 2000 BiOp to defendant for a period of one year to afford defendant:

> the opportunity to consult with interested parties to insure that only those range-wide off-site federal mitigation actions which have undergone section 7 consultation, and range-wide off-site non-federal mitigation actions that are reasonably certain to occur, are considered in the determination whether any of the 12 salmon ESUs will be jeopardized by continued FCRPS operations.

Opinion, May 7, 2003, p. 26; <u>see also</u> Supplemental Order, July 3, 2003 ("At the conclusion of the remand period, the court expects a final report that summarizes what progress has or has not

Page 3  –  OPINION AND ORDER

that presupposes that jeopardy for listed species would otherwise occur. It appears that defendant has now proposed a new analytical framework to determine whether the FCRPS poses jeopardy to listed salmon and steelhead. Is the defendant using the time remaining during the remand period to "create a new biological opinion," as suggested by an intervenor, rather than modifying the portion of the 2000 BiOp that addressed mitigation measures? If so, what would be the consequences of that?

The court is aware that defendant's policies regarding the listing of Northwest salmonids are in flux, including how fish raised in hatcheries are to be considered when determining whether to list a species or Evolutionary Significant Unit. At the next steering committee meeting, the court would like the parties to address the possible ramifications, if any, of such policy changes to this case, including any impact on the listing status of Columbia River salmon and steelhead runs. Similarly, the court would like the parties to address the status, substance, and ramifications for this case of rule changes required by the Alsea decision rendered by Judge Hogan.

Finally, the court will want a discussion of the annual "spill" situation, if still relevant.

## CONCLUSION

Based on the foregoing, the motion for extension for completion of biological opinion (#488) by defendant National Marine Fisheries Service is GRANTED, subject to modification in light of the issues addressed above.

The parties shall be prepared to discuss the above topics at the Attorneys' Steering

---

been made to bring the 2000 Biological Opinion and its RPA into compliance with the requirements of the Endangered Species Act, and that identifies all mitigation actions, including hydropower, hatchery, and habitat actions, that will be undertaken to ensure that compliance.")

Page 4  –  OPINION AND ORDER

Committee meeting on June 4, 2004.

IT IS SO ORDERED.

Dated this  13th  day of May, 2004.

　　　　　　　　　　　　　　　　　　　　 /s/ James A. Redden
　　　　　　　　　　　　　　　　　　　　James A. Redden
　　　　　　　　　　　　　　　　　　　　United States District Judge