IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, IDAHO WILDLIFE FEDERATION, WASHINGTON WILDLIFE FEDERATION, SIERRA CLUB, TROUT UNLIMITED, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, IDAHO RIVERS UNITED, IDAHO STEELHEAD AND SALMON UNITED, NORTHWEST SPORTFISHING INDUSTRY ASSOCIATION, FRIENDS OF THE EARTH, SALMON FOR ALL, and COLUMBIA RIVERKEEPER, | CV 01-640-RE  ORDER |
| Plaintiffs, | |
| vs. | |
| NATIONAL MARINE FISHERIES SERVICE, and UNITED STATES ARMY CORPS OF ENGINEERS, | |
| Defendants, | |
| and | |
| NORTHWEST IRRIGATION UTILITIES, PUBLIC POWER COUNCIL, WASHINGTON STATE FARM BUREAU FEDERATION, FRANKLIN COUNTY FARM BUREAU FEDERATION, GRANT COUNTY FARM BUREAU FEDERATION, and INLAND PORTS AND NAVIGATION GROUP, | |
| Intervenor-Defendants. | |

Page 1   -   ORDER

REDDEN, Judge:

On September 9, 2004, defendant National Marine Fisheries Service ("NOAA Fisheries") filed its draft revised 2000 Biological Opinion (the "Draft Revised 2000 BiOp") regarding the operations of the Federal Columbia River Power System ("FCRPS"). That same day, a related document titled "Final Draft – Updated Proposed Action for the FCRPS Biological Opinion Remand" was filed by the U.S. Army Corps of Engineers, the Bureau of Reclamation, and the Bonneville Power Administration.

## I.  Observations and Questions.

The court has scheduled a status conference to discuss these documents on September 28, 2004. In anticipation of that status conference, the court offers the parties the following preliminary observations and questions directed to defendants in order to facilitate a productive conference:

**A.**   Having reviewed the Draft Revised 2000 BiOp and the draft Updated Proposed Action ("UPA"), the court has concerns regarding whether the remand process has diverged significantly from the intent and terms of the court's orders (beginning with the Opinion and Order dated May 7, 2003) and whether the Draft Revised 2000 BiOp is consistent with the law of this case.

NOAA Fisheries describes the Draft Revised 2000 BiOp as a version of the 2000 BiOp that has been "revised and reissued pursuant to court order." See Draft Revised 2000 BiOp, Title Page and p. 1-1. The Draft Revised 2000 BiOp, however, differs markedly from the 2000 BiOp in both its analytical approach and its conclusions. NOAA Fisheries refers to the September 2004 document as the "FCRPS 2004 Biological Opinion" in a technical presentation available at www.salmonrecovery.gov.

Has NOAA Fisheries used the remand period to create a new biological opinion rather than modify the 2000 BiOp to address the specific concerns of the court regarding mitigation measures? If so, what are the legal consequences?

**B.**   In its Order remanding the 2000 BiOp, the court directed NOAA Fisheries to modify the Reasonable and Prudent Alternative in the 2000 BiOp so that it relies on mitigation measures reasonably certain to occur.  EVEN SO, THE DRAFT REVISED 2000 BIOP DOES NOT INCLUDE A REASONABLE AND PRUDENT ALTERNATIVE.

NOAA Fisheries has avoided including a Reasonable and Prudent Alternative by reaching a no-jeopardy conclusion for each of the relevant ESUs through its new conception of the "environmental baseline".  See Draft Revised 2000 BiOp, p. 5-1.

If a Reasonable and Prudent Alternative is not necessary because NOAA Fisheries now finds no jeopardy in the Draft Revised 2000 BiOp, under what legal authority did NOAA Fisheries revisit its original jeopardy analysis which required a Reasonable and Prudent Alternative?

Under what legal authority did NOAA Fisheries change the environmental baseline in the Draft Revised 2000 BiOp?

What scientific evidence supports the new conception of environmental baseline?

**C.**   If defendants have incorporated the mitigation measures from the 2000 BiOP Reasonable and Prudent Alternative into the Updated Proposed Action (see Updated Proposed Action, p. 13), on what basis can defendants now assert that those mitigation measures are reasonably certain to occur and otherwise comply with the requirements outlined in the court's Opinion and Order dated May 7, 2003?

**D.**   Even if NOAA Fisheries can change the environmental baseline to include the effects of the dams, why would the detrimental impacts on the fish from all sources not require a jeopardy conclusion?

Page 3   - ORDER

**II.     Concerns of Interested Parties Regarding the Draft Revised 2000 BiOP.**

Plaintiffs, intervenors, states, Treaty Tribes, and other *amici curiae* may identify and describe their most serious five concerns and e-mail them to the court, defendants, and other parties no later than 10:00 a.m. on Monday, September 27, 2004.

IT IS SO ORDERED.

Dated this 23rd day of September, 2004.

/S/ James A. Redden
James A. Redden
United States District Judge