IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, IDAHO WILDLIFE FEDERATION, WASHINGTON WILDLIFE FEDERATION, SIERRA CLUB, TROUT UNLIMITED, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, IDAHO RIVERS UNITED, IDAHO STEELHEAD AND SALMON UNITED, NORTHWEST SPORTFISHING INDUSTRY ASSOCIATION, SALMON FOR ALL, COLUMBIA RIVERKEEPER, AMERICAN RIVERS, INC., FEDERATION OF FLY FISHERS, and NW ENERGY COALITION, | CV 01-640-RE (Lead Case) CV 05-23-RE (Consolidated Cases) OPINION AND ORDER |

                Plaintiffs,

  and

STATE OF OREGON,

                Intervenor-Plaintiff,

      vs.

NATIONAL MARINE FISHERIES SERVICE,

                Defendant,

  and

NORTHWEST IRRIGATION UTILITIES, PUBLIC POWER COUNCIL, WASHINGTON STATE FARM BUREAU FEDERATION, FRANKLIN COUNTY FARM BUREAU

Page 1    -  OPINION AND ORDER

FEDERATION, GRANT COUNTY FARM
BUREAU FEDERATION, NORTHWEST
REQUIREMENT UTILITIES, PACIFIC
NORTHWEST GENERATING COOPERATIVES,
INDUSTRIAL CUSTOMERS OF NORTHWEST
UTILITIES, ALCOA, INC., and INTERNATIONAL
ASSOCIATION OF MACHINISTS & AEROSPACE
WORKERS,

                Intervenor-Defendants.
_____

COLUMBIA SNAKE RIVER IRRIGATORS
ASSOCIATION and EASTERN OREGON
IRRIGATORS ASSOCIATION

                Plaintiffs,

       vs.

DONALD L. EVANS, in his official capacity
as Secretary of Commerce, NOAA
FISHERIES, and D. ROBERT LOHN,
in his official capacity as Regional Director
of NOAA Fisheries,

                Defendants.

REDDEN, Judge:

The matters before the court are the motions of plaintiffs National Wildlife Federation, et. al (#746) and intervenor-plaintiff State of Oregon[1] (#750) to Complete the Administrative Record for the 2004 Biological Opinion (2004BiOp) issued by defendant on November 30, 2004. *Amici* Yakima, Nez Perce, Umatilla, and Warm Springs Tribes ("Tribes") also support plaintiffs' motion. Defendant and intervenor-defendant State of Idaho oppose the motion.

**1. Administrative Record.**

On January 28, 2005, defendant filed the Administrative Record ("AR") pertaining to its consultation with action agencies[2] regarding the effect of Federal Columbia River Power System

---

[1] The State of Oregon's motion relies on the arguments made by plaintiffs in support of their motion.

[2] The action agencies are the Bonneville Power Administration, Army Corps of Engineers, and Bureau of Reclamation. They operate dams along the Columbia River and Lower Snake River under the auspices of the FCRPS..

Page 2  - OPINION AND ORDER

(FCRPS) operations on endangered and threatened salmon species. Plaintiffs assert the Administrative Record ("AR") filed with the court is incomplete. Plaintiffs contend the Declaration of Robert Lohn, defendant's Regional Administrator of the Northwest Region, who describes what is included in the AR, establishes that materials that should be included in the AR have been improperly excluded. Lohn's Declaration states in relevant part:

> 3. This Administrative Record is comprised of those documents available to me setting forth 1) the procedure NOAA Fisheries followed in its ESA § 7(a)(2) consultation with the FCRPS Action Agencies to ensure that NOAA used the best science available, 2) the factors and science considered by NOAA Fisheries for this BiOp, and 3) the basis for NOAA Fisheries' ESA conclusions based on those factors and the available science.
>
> 4. All remaining documents in NOAA's possession that may relate to this biological opinion but are not contained in the Administrative Record generally are internal drafts of memoranda or decision documents that were not prepared for review outside of NOAA and communications among my staff and with other federal employees that were created during the formative stages of the documents that are included in the Administrative record. <u>They contain information or opinions that were either captured by documents that are included in the Administrative Record or which do not form the basis for the determinations in the BiOp. For this reason I do not consider them to properly be part of the Administrative Record</u>.

(Emphasis added).

Plaintiffs contend Lohn's declaration leaves them "and the Court to guess at what documents and material have been withheld." In particular, plaintiffs contend Lohn's statement in paragraph 4 that materials "which do not form the basis for the determinations in the BiOp" were excluded from the Administrative Record establishes presumptively that the AR is incomplete.

Defendant asserts (1) it "has the right to designate the record on which it relied," (2) the designation is presumed to be regular; (3) plaintiffs have not established "they come within any of the authorized exceptions that allow the introduction of "extra-record evidence," and (4) the federal court should not take on the role of "creating a new record" that is "different from that provided by the agency."

Page 3 - OPINION AND ORDER

Defendant-Intervenor State of Idaho asserts it is just as interested in obtaining a complete AR as plaintiffs. Idaho, however, asserts plaintiffs have failed to make a strong showing to rebut the presumption of regularity in defendant's compilation of the AR filed with the court.

An AR should include those materials "that were before the agency at the time the decision was made." Fund for Animals v. Williams, 245 F. Supp.2d 49, 55 (D. D.C. 2003). The record must include all documents and materials that the agency "'directly or indirectly considered.'" Id.; Thompson v. Dep't of Labor, 885 F.2d 551, 555 (9th Cir. 1989); Water Land Exchange Project v. Dombeck, 47 F. Supp. 2d 1196, 1205 (D. Or. 1999).

"The agency may not skew the record in its favor by excluding pertinent but unfavorable information. Nor may the agency exclude information on the grounds that it did not rely on the excluded information in its final decision. On the other hand, an agency may exclude arguably relevant information that is not contained in the agency's files but that may be available from third parties. In addition, an agency generally may exclude material that reflects internal deliberations." Fund for Animals, 245 F. Supp.2d at 55.

"Although an agency may not unilaterally determine what constitutes the [AR], the agency enjoys a presumption that it properly designated the [AR] absent clear evidence to the contrary." Id; Bar MK Ranches, 994 F.2d at 739-40 ( the AR enjoys the same presumption of regularity afforded to other established administrative procedures); Amfac Resorts, 143 F.Supp.2d at 12 (noting the "standard presumption" that the agency designated the AR properly); Zeneca Inc. v. Shalala, 1999 WL 728104, at *3 (D. Md. Aug.11, 1999) (observing that the AR enjoys a presumption of regularity).

Here the court agrees with plaintiffs and the State of Oregon that Lohn's statements strongly suggest materials that were before the agency and considered by the agency, though not forming "the basis for the determinations in the BiOp," have been excluded from the AR. The court concludes Lohn's statements in paragraph 4 of his declaration are sufficient, standing alone, to rebut the presumption of regularity. The court reads his statements to expressly acknowledge materials were excluded from the AR because Lohn did not rely on them in formulating the determinations for the 2004BiOp. A reasonable interpretation is that the

Case 3:01-cv-00640-SI    Document 795    Filed 03/03/05    Page 5 of 7    Page ID#: 3995

exclusions included documents that were considered by the agency, but not relied on to support the BiOp's ultimate determinations.

Moreover, the court concludes that neither plaintiffs nor this court are seeking to insert "extra-record" materials in the AR or to create a "new record." The goal is to establish a complete record of the consultation between defendant and the action agencies, including both the positive and negative (if any) recommendations pertaining to the ultimate no-jeopardy opinion. Accordingly, the court concludes the AR, as now filed, is incomplete.

At oral argument, Mark Eames, defendant's agency counsel, advised the court that defendant has an index of approximately 500 documents, and an additional 300 documents that are not indexed, that fall within the type of materials Lohn excluded from the AR. The court orders defendant to add the 500 indexed documents to the AR no later than 5:00 p.m. on March 14, 2005. After those documents have been reviewed, a determination will be made whether defendant must prepare the 300 unindexed documents for possible inclusion in the AR.

**2.    Attorney-Client Privilege.**

Defendant has identified 15 categories of documents that have been withheld from the AR based on attorney-client privilege. Plaintiffs assert defendant has failed to meet its burden of establishing the attorney-client privilege applies, because the description of the privileged documents is inadequate. Plaintiffs urge the court to conduct an *in camera* review to determine if the documents listed by defendant are privileged.

A party asserting the attorney-client privilege has the burden of establishing the relationship and the privileged nature of the communication. Ralls v. United States, 52 F.3d 223, 225 (9th Cir.1995). "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, ... as well as an attorney's advice in response to such disclosures." United States v. Chen, 99 F.3d 1495, 1501 (9th Cir. 1996).

A government agency, like a business organization, may assert the attorney-client privilege. Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 863 (D.C.Cir.1980). Hence, "[i]n the governmental context, the client may be the agency and the attorney may be the agency lawyer." In re Lindsey, 148 F.3d 1100, 1104 (D.C. Cir.1998) (internal citations omitted).

A communication between an attorney and an agency must be confidential in order to be protected by the attorney-client privilege. Coastal States Gas Corp., 617 F.2d at 863. The communication must have been intended to be confidential at the time it was made and that confidentiality must have been maintained since the disclosure. *Id*. A communication is "confidential" if it is communicated: (1) with the intention that the attorney will not disclose its contents; and (2) for the purpose of securing legal advice or services. Eugene Burger Mgmt. Corp. v. United States Dep't of Housing and Urban Dev., 192 F.R.D. 1, 5 (D.D.C.1999).

"When the client is by nature a group [such as a government agency], the courts have agreed that the privilege should not be defeated by some limited circulation beyond the attorney and the person within the group who requested the advice. The test ... is whether the agency is able to demonstrate that the documents, and therefore the confidential information contained therein, were circulated no further than among those members of the organization who are authorized to speak or act for the organization in relation to the subject matter of the communication. The purpose of the privilege is limited to protection of confidential facts. If facts have been made known to persons other than those who need to know them, there is nothing on which to base a conclusion that they are confidential." Wyoming v. Dep't of Agriculture, 239 F. Supp. 1219, 1230 (D. Wyo. 2002), citing Coastal States Gas Corp., 617 F.2d at 863.

"In sum, when a governmental agency is asserting the attorney-client privilege, the confidentiality element will be satisfied only if the documents in question were circulated among those agency employees who are authorized to speak on the matter dealt with in the documents; if circulated to a larger group of individuals, the privilege does not apply because the agency did not maintain the confidentiality of the information." *Id.*

Here, the court agrees that the documents identified in the privilege log should be reviewed *in camera* to determine if they are indeed protected from disclosure in the AR by the attorney-client privilege. At oral argument, the court and the parties agreed it would be appropriate for another federal judge in this district to accomplish that task. The Honorable Garr M. King has agreed to undertake the *in camera* review.

Page 6  - OPINION AND ORDER

Accordingly, the court orders defendant to deliver under seal to Judge King all documents included in defendant's privilege log no later than 5:00 p.m. on March 8, 2005.

IT IS SO ORDERED.

DATED this 3rd day of March, 2005.

/S/ James A. Redden
James A. Redden
United States District Judge