# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

NATIONAL WILDLIFE FEDERATION, IDAHO
WILDLIFE FEDERATION, WASHINGTON
WILDLIFE FEDERATION, SIERRA CLUB,
TROUT UNLIMITED, PACIFIC COAST
FEDERATION OF FISHERMEN'S
ASSOCIATIONS, INSTITUTE FOR
FISHERIES RESOURCES, IDAHO RIVERS
UNITED, IDAHO STEELHEAD AND SALMON
UNITED, NORTHWEST SPORTFISHING
INDUSTRY ASSOCIATION, SALMON FOR ALL,
COLUMBIA RIVERKEEPER, AMERICAN RIVERS,
INC., FEDERATION OF FLY FISHERS, and NW
ENERGY COALITION,

CV 01-640-RE

OPINION AND ORDER

Plaintiffs,

and

STATE OF OREGON,

Intervenor-Plaintiff,

vs.

NATIONAL MARINE FISHERIES SERVICE,
U.S. ARMY CORPS OF ENGINEERS, and
U.S. BUREAU OF RECLAMATION,

Defendants,

1 - OPINION AND ORDER

and

STATE OF IDAHO, NORTHWEST IRRIGATION
UTILITIES, PUBLIC POWER COUNCIL,
WASHINGTON STATE FARM BUREAU
FEDERATION, FRANKLIN COUNTY FARM
BUREAU FEDERATION, GRANT COUNTY FARM
BUREAU FEDERATION, NORTHWEST
REQUIREMENT UTILITIES, PACIFIC
NORTHWEST GENERATING COOPERATIVES,
INDUSTRIAL CUSTOMERS OF NORTHWEST
UTILITIES, ALCOA, INC., INTERNATIONAL
ASSOCIATION OF MACHINISTS & AEROSPACE
WORKERS, CLARKSTON GOLF & COUNTRY CLUB,
STATE OF MONTANA, KOOTENAI TRIBE OF IDAHO,
and INLAND PORTS AND NAVIGATION GROUP,

      Intervenor-Defendants.


REDDEN, Judge.

  On October 7, 2005, I ordered remand of the 2004 Biological Opinion

(2004BiOp) issued by defendant National Marine Fisheries Service (NOAA).  Plaintiffs

advised they would be filing certain motions for interim injunctive relief regarding flow

and spill issues similar to previous motions filed in this litigation.  On the earlier motions,

I granted injunctions following the submission of briefs and expert declarations, as well

as oral arguments.  The parties submitted approximately 48 expert declarations for the

June 2005 injunction proceeding alone.

  In my remand order, I asked the parties to submit proposals regarding the scope

of the remand, including the nature and extent of hearings on the motions for interim

relief.  The federal defendants and others proposed an evidentiary hearing.  Other

parties, not the federal defendants, recommended an expert or panel of experts under

Fed. R. Evid. 706.  The expert(s)' task would be to arrive at findings based on the

declarations filed by the parties and, if an evidentiary hearing were to be held, the scientific evidence introduced on flow and spill measures.

On October 12, 2005, I held a conference with the parties and *amici* to discuss how the proceedings should be conducted. I was inclined to hold a 2-day evidentiary hearing as requested by some of the parties. I suggested limits to the number of experts to be presented by the parties, as well as the number and length of the expert declarations. I also recommended page limits for the briefs to be submitted. I also suggested limits on the scope of direct and cross-examination, which would accommodate the 2-day evidentiary hearing. The parties raised no specific objections.

I also discussed with the parties the concept of securing the assistance of an expert(s) under Fed. R. Evid. 706(a). I asked David Leith, counsel for the State of Oregon, to contact the Independent Scientific Advisory Board (ISAB)[1] for recommended qualified experts.

As a follow-up to the October 12th conference, in my order of October 17, 2005, I allowed an evidentiary hearing, and set limits for briefs, declarations, and cross-examination. The order is Attachment 2 to this opinion. The order allowed the parties and *amici* to submit comments on or before October 26, 2005.

Many, including intervenor-defendants Inland Ports, Kootenai Tribe, BPA Customers; Treaty Tribes; and the States of Oregon, Washington, Idaho, and Montana,

---

[1] The ISAB is comprised of experts who have been effective in addressing salmon related issues in other federal litigation in Oregon and Washington, including United States v. Oregon. The ISAB's response to Mr. Leith's inquiry is Attachment 1 to this opinion. The court appreciates the work done by Mr. Leith and the ISAB, and regrets that a panel of such experts was rendered impracticable at this juncture.

commented on the October 17th order, seeking clarification of the order regarding the groupings of the parties and limitations on arguments and expert declarations, as well as examination of witnesses based on those groupings. Those responses are Attachments 3 through 9 to this opinion. These parties wanted to insure that each would be able to adequately present their arguments. They pointed out that their positions were not necessarily aligned. A number of the responses, in effect, have asked the court to rank the parties and *amici* as to the levels of their importance and impose limitations in accordance with the rankings.

### Evidentiary Hearing

In the past, the court has not held evidentiary hearings, but rather relied on written "dueling declarations" of experts. An evidentiary hearing would have allowed cross-examination of the declarant experts.

The federal defendants' response to the October 17th order made it clear that it would be impracticable, if not impossible, to conduct an evidentiary hearing within the 2-day time period. The federal defendants assert that the restrictions on length of declarations are inappropriate, and must be expanded. They demand a "witness regarding the scope and feasibility of the relief sought, including whether the relief sought is narrowly tailored to redress alleged irreparable harm to the species." *See* Attachment 4, p. 5.

They also challenge the time limits agreed to by others for cross-examination of the declarant experts. They also ask that the court "clarify the role of amici," and demand that *amici* not be given the same considerations as "formal parties." They also

seek "clarifications" regarding the various tribes, including the Treaty Tribes, the Kootenai Tribes and, most recently, the Spokane Tribe of Indians.

The BPA Customer Group likewise seeks clarification and/or modifications which go beyond the purpose of an evidentiary hearing. *See* Attachment 5.

## Appointment of Expert under Fed. R. Evid. 706

The federal defendants' response to the October 17th order is adamant in their objections to appointment of a Rule 706(a) expert(s). The federal defendants would require Rule 706(a) expert(s) to submit to the court and the parties, by November 15, 2005, a *curriculum vitae*; a list of other proceedings in which he/she has testified; copies of all reports or declarations submitted; identities of academic or other relationships with the court's technical advisor; and a list of any employment or financial benefit obtained from any party or *amici* in this case. Federal defendants demand that the experts would be deposed, in addition to being cross-examined. Unfortunately, given these demands and conditions, the court cannot proceed within the schedule urged by the parties. My order of November 1, 2005 declining to appoint a Rule 706(a) expert is Attachment 10 to this opinion.

The federal defendants do point out that I am familiar with the issues that are presented by the plaintiffs' motion regarding interim operations. They point out that I did not express any problem in understanding the issues in prior motions, and was able to resolve those issues previously. I agree. I did understand, with the assistance of the court's technical advisor, Dr. Howard Horton.

## Other Issues

The federal defendants have agreed to repeat the presentation made to the parties on flow augmentation issues on September 29, 2005. I agree with the federal defendants regarding the manner in which the presentation will be conducted. The federal defendants have scheduled the presentation for November 22, 2005. I will attend with Dr. Horton and two law clerks.

Earlier, counsel for the federal defendants agreed to arrange for me to observe a removable spillway weir. I have heard nothing in this regard, and urge the federal defendants to arrange a visit prior to the oral argument scheduled for December 15, 2005.

## Conclusion

Therefore, the court vacates the October 17th order and ORDERS as follows:

1.    The evidentiary hearing set for December 12 and 13, 2005, is stricken.

2.    The court will hear oral arguments on the legal issues raised by the motions on December 15, 2005, beginning a 9:00 a.m.

3.    Responses to plaintiffs' motion for an injunction filed on November 1, 2005, and any filings by *amici*, are due November 18, 2005. Replies are due December 2, 2005.

4.    There shall be no court-imposed page limits for legal memoranda nor limits on the number or length of declarations.[2] Because plaintiffs and the Treaty Tribes filed

_____

[2] I initially was inclined to eliminate page limits for declarations, but not for legal memoranda. However, a November 2, 2005, letter to the court from counsel for the federal defendants, responding to plaintiffs' comments on the draft order (Attachment 3), indicates that any attempt by this court to impose page limits will be met

material on November 1, in accordance with the previously-set schedule, they may supplement their filings with additional memoranda and/or declarations if they wish.

5. The court declines to appoint an expert or panel of experts under Fed. R. Evid. 706.

6. The court will continue to use the services of its technical advisor. Compensation for the technical advisor will be addressed in an opinion and order to follow.

IT IS SO ORDERED.

DATED this 2nd day of November, 2005.

James A. Redden
Senior U.S. District Judge

---

continually with claims of inequity and disadvantage vis-a-vis other parties. Federal defendants' November 2nd letter is Attachment 11 to this opinion.