IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, IDAHO WILDLIFE FEDERATION, WASHINGTON WILDLIFE FEDERATION, SIERRA CLUB, TROUT UNLIMITED, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, IDAHO RIVERS UNITED, IDAHO STEELHEAD AND SALMON UNITED, NORTHWEST SPORTFISHING INDUSTRY ASSOCIATION, SALMON FOR ALL, COLUMBIA RIVERKEEPER, AMERICAN RIVERS, INC., FEDERATION OF FLY FISHERS, and NW ENERGY COALITION, | CV 01-640-RE (Lead Case) CV 05-23-RE (Consolidated Cases) OPINION AND ORDER |

                Plaintiffs,

  and

STATE OF OREGON,

                Intervenor-Plaintiff,

     vs.

NATIONAL MARINE FISHERIES SERVICE,
U.S. ARMY CORPS OF ENGINEERS, and
U.S. BUREAU OF RECLAMATION,

                Defendants,

  and

1 - OPINION AND ORDER

STATE OF IDAHO, NORTHWEST IRRIGATION
UTILITIES, PUBLIC POWER COUNCIL,
WASHINGTON STATE FARM BUREAU
FEDERATION, FRANKLIN COUNTY FARM
BUREAU FEDERATION, GRANT COUNTY FARM
BUREAU FEDERATION, NORTHWEST
REQUIREMENT UTILITIES, PACIFIC
NORTHWEST GENERATING COOPERATIVES,
INDUSTRIAL CUSTOMERS OF NORTHWEST
UTILITIES, ALCOA, INC., and INTERNATIONAL
ASSOCIATION OF MACHINISTS & AEROSPACE
WORKERS, CLARKSTON GOLF & COUNTRY CLUB,
STATE OF MONTANA, KOOTENAI TRIBE OF IDAHO,
and INLAND PORTS AND NAVIGATION GROUP,

      Intervenor-Defendants.
_____

COLUMBIA SNAKE RIVER IRRIGATORS
ASSOCIATION and EASTERN OREGON
IRRIGATORS ASSOCIATION

      Plaintiffs,

  vs.

CARLOS M. GUTIERREZ, in his official capacity
as Secretary of Commerce, NOAA
FISHERIES, and D. ROBERT LOHN,
in his official capacity as Regional Director
of NOAA Fisheries,

      Defendants.


REDDEN, Judge:

  The matter before the court is plaintiffs' Columbia Snake River Irrigators Association et al. (Irrigators) motion pursuant to Rule 54(b) (docs. 303, 1115) to certify the judgment of dismissal entered against them on June 30, 2005, in order to allow

2 - OPINION AND ORDER

them the opportunity to appeal the court's ruling against them on summary judgment. None of the parties to these consolidated actions has filed an opposition to the motion.

**Background**

On January 7, 2005, Irrigators filed an action alleging federal defendants violated the Administrative Procedure Act (APA) by failing to use the best scientific evidence in consulting on and issuing the 2004 Biological Opinion (2004BiOp) regarding the effect of Columbia and Snake River dam operations on listed salmon species. On March 1, 2005, the court granted federal defendants' unopposed motion to consolidate this action with NWF v. NMFS pursuant to Fed. R. Civ. P. 42 (a).[1]

On February 11 and March 11, 2005, Irrigators filed separate motions for summary judgment against federal defendants. On May 26, 2005, the court issued an opinion and order denying Irrigators' motions.[2]

On June 17, 2005, the court dismissed Irrigators' complaint based on a stipulation between Irrigators and federal defendants. On June 30, 2005, the court entered a judgment of dismissal against Irrigators.

On July 15, 2005, Irrigators filed a notice of appeal to the Ninth Circuit Court of Appeals.

Following discussions with federal defendants, Irrigators have determined they need to obtain a Rule 54(b) certification before the Ninth Circuit will hear their appeal.

---

[1] Both Irrigators and NWF agreed to the consolidation as long as it did not interfere with the timetables regarding their respective claims.

[2] In the same opinion and order, the court also granted the motion for summary judgment filed by plaintiffs NWF that the 2004BiOp violated the APA.

See Huene v. United States, 743 F.3d 703, 704 (9th Cir. 1984) ("where an order disposes of only one of two or more cases consolidated at the district court level, the order is not appealable . . . absent a Rule 54(b) certification."). Irrigators say they "anticipate their pending appeal would be considered together with federal defendants' forthcoming appeal [of this court's summary judgment ruling against them], if any, as related cases, providing efficient review of this Court's determinations with respect to the 2004BiOp."

## Discussion

Contrary to a majority of the other circuits, the Ninth Circuit "treat[s] consolidated actions as merged for purposes of appeal." Schnabel v. Lui, 302 F.3d 1023, 1034-36 (9th Cir. 2002). Here, Irrigators seek to validate a premature notice of appeal by seeking an after-the-fact Rule 54(b) certification. In Freeman v. Hittle, 747 F.2d 1299, 1302 (9th Cir. 1984), the Ninth Circuit held "if neither party is prejudiced, a 54(b) certification is sufficient to validate a premature notice of appeal."

In light of the fact no party has objected to Irrigators' motion or claimed prejudice by the entry of a Rule 54(b) judgment, I find there is no just reason not to certify the judgment entered against Irrigators for the purpose of validating Irrigators' premature appeal.

**Conclusion**

For these reasons, the court **grants** plaintiff Irrigators' motion to certify the judgment entered on June 30, 2005, pursuant to Fed. R. Civ. P. 54(b) and, accordingly, the court shall enter an amended judgment.

IT IS SO ORDERED

DATED this 1st day of December, 2005.

                                              /S/ James A. Redden
                                                  James A. Redden
                                           Senior United States District Judge