IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NATIONAL WILDLIFE FEDERATION, IDAHO WILDLIFE FEDERATION, WASHINGTON WILDLIFE FEDERATION, SIERRA CLUB, TROUT UNLIMITED, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, IDAHO RIVERS UNITED, IDAHO STEELHEAD AND SALMON UNITED, NORTHWEST SPORTFISHING INDUSTRY ASSOCIATION, SALMON FOR ALL, COLUMBIA RIVERKEEPER, AMERICAN RIVERS, INC., FEDERATION OF FLY FISHERS, and NW ENERGY COALITION,

        Plaintiffs,

  and

STATE OF OREGON,

        Intervenor-Plaintiff,

    vs.

NATIONAL MARINE FISHERIES SERVICE,
U.S. ARMY CORPS OF ENGINEERS, and
U.S. BUREAU OF RECLAMATION,

        Defendants,

  and

STATE OF IDAHO, NORTHWEST IRRIGATION

CV 01-640-RE (Lead Case)
CV 05-23-RE
(Consolidated Cases)

OPINION AND ORDER

1 - OPINION AND ORDER

UTILITIES, PUBLIC POWER COUNCIL,
WASHINGTON STATE FARM BUREAU
FEDERATION, FRANKLIN COUNTY FARM
BUREAU FEDERATION, GRANT COUNTY FARM
BUREAU FEDERATION, NORTHWEST
REQUIREMENT UTILITIES, PACIFIC
NORTHWEST GENERATING COOPERATIVES,
INDUSTRIAL CUSTOMERS OF NORTHWEST
UTILITIES, ALCOA, INC., and INTERNATIONAL
ASSOCIATION OF MACHINISTS & AEROSPACE
WORKERS, CLARKSTON GOLF & COUNTRY CLUB,
STATE OF MONTANA, KOOTENAI TRIBE OF IDAHO,
and INLAND PORTS AND NAVIGATION GROUP,

               Intervenor-Defendants.
_____

COLUMBIA SNAKE RIVER IRRIGATORS
ASSOCIATION and EASTERN OREGON
IRRIGATORS ASSOCIATION

               Plaintiffs,

      vs.

CARLOS M. GUTIERREZ, in his official capacity
as Secretary of Commerce, NOAA
FISHERIES, and D. ROBERT LOHN,
in his official capacity as Regional Director
of NOAA Fisheries,

               Defendants.

REDDEN, Judge:

      The matter before the court is intervenor-defendant Montana's Motion Pursuant To Local Rule 30.8 For Leave To Take Deposition of Expert Witnesses (doc. 1120). Federal defendants have joined in the motion. Plaintiffs and *amici* Treaty Tribes oppose the motion. Local Rule 30.8 provides that "[d]epositions of experts may be taken only pursuant to a written stipulation of the parties, or as scheduled by the court."

      In this case, plaintiffs have filed a motion seeking further injunctive relief

2 - OPINION AND ORDER

regarding flow augmentation and increased spill over Columbia and Snake River dams during the 2006 spring and summer migration of juvenile salmon to the Pacific Ocean. In support of and in opposition to the motion, many of the parties and *amici* have submitted declarations of expert witnesses. The two experts who are the focus of Montana's motion are Robert Heinith, who submitted a declaration supporting plaintiffs' motion, and Thomas K. Lorz, who submitted a declaration supporting *amici* Treaty Tribes' memorandum in support of plaintiffs' injunction request.

Montana argues that I must make a preliminary determination that the declarations of Heinith and Lorz are admissible, reliable, and will assist the trier of fact to understand or determine a fact at issue under Daubert v. Merrill Dow Pharmaceuticals, 509 U.S. 579, 592-93 (1993) and Fed. R. Evid. 702. Montana asserts that I must screen the declarations of these experts to eliminate expert opinions that do not meet threshold requirements for relevance and reliability – the court's so-called "gatekeeping" function under Daubert. Montana asserts that depositions are integral to the court's gatekeeping function.

Thus, Montana is now seeking, for the first time in this long-running litigation, to depose two experts whose similar opinions have been proffered at least twice before on scientific issues raised in this case, and who have testified or submitted declarations in other proceedings on related subjects. Heinith and Lorz submitted declarations in this case in support of similar injunctive relief sought by plaintiffs in the summers of 2004 and 2005. In the four years that voluminous and numerous expert declarations have been submitted in this case, no party has previously requested that an expert should be subjected to deposition in order to test the scientific validity of the expert's declaration,

3 - OPINION AND ORDER

nor has any party suggested that Heinith or Lorz were not qualified to offer their opinions.

      Because this request by Montana is unusual, it is better understood in light of the following background. In anticipation of plaintiffs' motion for injunctive relief, I held several status conferences with the parties and *amici* and invited them to offer proposals as to the nature of the hearing to be held. In a departure from previous injunction hearings, in which the parties submitted memoranda and supporting declarations, and then orally argued their positions to the court, Montana proposed an evidentiary hearing involving cross-examination of expert witnesses. Federal defendants supported that proposal. Other parties, however, proposed an alternative, whereby a panel of neutral experts would be appointed to make findings regarding the science involved in plaintiffs' injunction requests. I considered the proposals and preliminarily concluded that the concept of an evidentiary hearing that would permit cross-examination of experts would be appropriate. In addition, over the objection of federal defendants, I ordered that further inquiry be made into the practicality of identifying and appointing a panel of neutral experts, or one such expert, who could assist the court by making findings on scientific issues. It became apparent, however, that the parties' competing and conflicting concerns over the nature and extent of an evidentiary hearing made such a hearing impractical, and the federal government's concern over the supposed inability to find unbiased experts made that alternative likewise impractical given the time constraints of conducting a hearing. For those reasons, I ordered the injunction hearing to proceed in the same manner as before – I will make a decision based on the submissions of the parties, including expert

declarations, and their oral arguments. Based on this background, to the extent the motion by Montana and federal defendants to depose Heinith and Lorz might be intended to retain some aspects of an "evidentiary hearing," the motion is not well-taken.

In Daubert, the Supreme Court noted the manner in which the trial court determines the reliability and scientific validity of the methodology used by an expert to support the expert's opinion should be "flexible." Id. at 594. "[T]he law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 142 (1999) (emphasis added). Under Daubert and Rule 702, the "gatekeeper" role of the trial judge in screening such evidence is subject to review based on the same abuse of discretion standards applied to all evidentiary rulings. General Elec. Co. v. Joiner, 522 U.S. 136, 142 (1997). I conclude that there is no question that the declarations of Heinith and Lorz meet the requirements of Daubert for reliability and scientific validity of methodology. There is no need for these experts to be deposed.

The motion for leave to take deposition of expert witnesses (doc. 1120) is DENIED.

IT IS SO ORDERED.

DATED this 9th day of December, 2005.

    /S/ James A. Redden
James A. Redden
United States District Judge