UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, IDAHO WILDLIFE FEDERATION, WASHINGTON WILDLIFE FEDERATION, SIERRA CLUB, TROUT UNLIMITED, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, IDAHO RIVERS UNITED, IDAHO STEELHEAD AND SALMON UNITED, NORTHWEST SPORT FISHING INDUSTRY ASSOCIATION, SALMON FOR ALL, COLUMBIA RIVERKEEPER, AMERICAN RIVERS, INC., FEDERATION OF FLY FISHERS, and NW ENERGY COALITION, | CV 01-640-RE<br><br>OPINION AND ORDER |

                Plaintiffs,

   and

STATE OF OREGON,

               Intervenor-Plaintiff,

   v.

NATIONAL MARINE FISHERIES SERVICE,
U.S. ARMY CORPS OF ENGINEERS, and
U.S. BUREAU OF RECLAMATION

                Defendants,

PAGE 1 - OPINION AND ORDER

and

STATE OF IDAHO, STATE OF MONTANA, KOOTENAI TRIBE OF IDAHO, NORTHWEST IRRIGATION UTILITIES, PUBLIC POWER COUNCIL, WASHINGTON STATE FARM BUREAU FEDERATION, FRANKLIN COUNTY FARM BUREAU FEDERATION, GRANT COUNTY FARM BUREAU FEDERATION, BPA CUSTOMER GROUP, and CLARKSTON GOLF & COUNTRY CLUB,

        Intervenor-Defendants.

REDDEN, Judge:

      Before the court is the Columbia Snake River Irrigators Association's ("CSRIA's") Renewed Motion to Intervene (doc. 1364). The motion is DENIED as premature.

      Under the Administrative Procedure Act (APA), this court's jurisdiction over CSRIA's proposed Endangered Species Act claims is limited to the review of "final agency actions." 5 U.S.C. § 701. A final agency action is one that marks the "consummation" of the agencies decision-making process; one by which "rights or obligations have been determined," or from which "legal consequences will flow." Bennett v. Spear, 520 U.S. 154, 177-78 (1997).

      Four of CSRIA's five claims in its Proposed Complaint in Intervention challenge aspects of Federal Defendant's yet-to-be-issued biological opinion, and are therefore not ripe for judicial review under the APA. At present, Federal Defendants are in the process of producing a biological opinion on remand. The draft biological opinion is not due until October 31, 2007, and the Action Agencies must then complete the notice and public comment process before issuing a final and legally binding biological opinion. In other words, Federal Defendants have taken no action that could be characterized as the "consummation" of an agency decision-making process,

PAGE 2 - OPINION AND ORDER

or from which "legal consequences will flow." Because Federal Defendants have not implemented any "final agency action," CSRIA's challenges to Federal Defendant's forthcoming biological opinion are not ripe for adjudication, and the court has no jurisdiction over its claims.

To the extent that CSRIA's Proposed Complaint in Intervention challenges the scientific basis for "flow targets" contained in the 2004 Biological Opinion (2004 BiOp), that claim is moot. This court already found that the 2004 BiOp violated the Endangered Species Act, and Federal Defendants are in the process of replacing that biological opinion. In effect, there is no 2004 BiOp to challenge. Furthermore, as the Ninth Circuit noted in affirming this court's denial of CSRIA's previous motion to intervene, even a favorable ruling on CSRIA's "best available science" claim would have little practical effect, as CSRIA does not challenge the 2004 BiOp's ultimate no jeopardy conclusion. Finally, *res judicata* bars CSRIA's attempt to re-litigate the legal issues that this court decided in its previous unsuccessful Motion to Intervene.

Because its challenges to the forthcoming biological opinion are not yet ripe, and its challenge to the scientific basis of the proposed action under the 2004 BiOp is moot, CSRIA's Renewed Motion to Intervene (doc. 1364) is DENIED.

IT IS SO ORDERED.

DATED this  19th  day of July, 2007.

/s/ James A. Redden
James A. Redden
United States District Judge

PAGE 3 - OPINION AND ORDER