FILED'08 FEB 25 15:29 USDC-ORP

KARIN J. IMMERGUT, OSB #96314
United States Attorney
STEPHEN J. ODELL, OSB #90353
Assistant United States Attorney
District of Oregon
600 United States Courthouse
1000 S.W. Third Avenue
Portland, OR 97204-2902
(503) 727-1000

RONALD G. TENPAS
Assistant Attorney General
SETH M. BARSKY, Assistant Section Chief
COBY HOWELL, Trial Attorney
BRIDGET MCNEIL, Trial Attorney
Wildlife & Marine Resources Section
U.S. Department of Justice
Environment & Natural Resources Division
c/o U.S. Attorney's Office
1000 SW Third Avenue
Portland, OR 97204-2902
(503) 727-1000
(503) 727-1117 (fx)

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, *et al.* | Civil No. 01-640-RE |
| Plaintiffs, | [~~PROPOSED~~] ORDER FOR 2008 OPERATIONS |
| v. | |
| NATIONAL MARINE FISHERIES SERVICE, *et al.* | |
| Defendants. | |

On December 29, 2005, this Court granted in part, and denied in part, Plaintiffs' motion for preliminary injunctive relief seeking to alter FCRPS operations during the spring and summer of 2006. See Doc. 1221. The Court adopted the Federal Defendants' proposals for the amount and timing of spring and summer spill at FCRPS dams, except that (a) in the late spring, the Corps was ordered to continue to spill in the same manner as in the early spring; and (b) in the summer, the Corps was ordered to continue to spill through August 31st. Id. at 11. Beginning with the first day of the spring and summer spills, and every 30 days thereafter, Federal Defendants were directed to provide the court with a written report describing the implementation and progress of the spill program. Id.

In December 2006, an agreement was signed by Bonneville Power Administration (BPA), the Confederated Tribes of the Warm Springs Reservation, the Nez Perce Tribe, Confederated Tribes of the Umatilla Indian Reservation, Confederated Tribes and Bands of the Yakama Nation, and Confederated Tribes of the Colville Indian Reservation. The U.S. Army Corps of Engineers (Corps) agreed to provide fish passage operations in accordance with this agreement. See Doc. 1303, Attachment 1. As provided in the agreement, Federal Defendants agreed to continue similar spring and summer spill operations as ordered by the Court for 2006 operations. See Doc. 1347 at 3. To the extent not specified in that agreement, all FCRPS operations were to be consistent with the 2004 FCRPS Biological Opinion ("2004 BiOp."). Id. at 6.

On May 23, 2007, the court issued an Order concerning an April 3, 2007 incident where three FCRPS projects were operated outside the 1% peak efficiency standard required by the 2000 and 2004 BiOps. See Doc. 1347 (Opinion and Order (May 23, 2007)). The court adopted

the 2007 Operations Agreement as an order of the Court and imposed several additional requirements on Federal Defendants. See id. at 6-7.

On December 12, 2007, this Court convened a status conference to discuss the progress on the draft 2008 BiOp, as well as the appropriate next steps in this litigation. At this conference, Federal Defendants represented that they would agree to "roll over the '07 operations until September," if Plaintiffs would agree to not seek a preliminary injunction until after issuance of the 2008 BiOp. See Tr. at p. 55. On January 11, 2008, Plaintiffs informed this Court that rather than "filing a motion for further injunctive relief, we will work with the parties to reach an agreement for 2008 operations that would essentially continue - subject to discussion of limited changes necessary to accommodate new structures and perform essential research - the court-ordered operations from 2007." See Plaintiffs' January 11, 2008 Letter.

In a good-faith effort to work with all of the parties to reach an agreement on 2008 operations, Federal Defendants have vetted the 2008 Fish Operations Plan through both the Technical Management Team ("TMT") on January 16, 2008 and January 23, 2008, as well as the Policy Work Group ("PWG") on January 24, 2008. All parties have been provided the opportunity to review and provide feedback on the 2008 Fish Operations Plan.

THEREFORE, in light of this prior history and in the interests of avoiding further litigation, the Court hereby ORDERS as follows:

1.  Operations: FCRPS operations for 2008 shall be conducted as set forth in the 2008 Fish Operations Plan, incorporated herein by reference. To the extent hydro-power operations are not specified in the 2008 Fish Operations Plan, Federal Defendants shall operate the FCRPS consistent with the 2004 Biological Opinion and/or other operative documents necessary to implement that Biological Opinion

2. <u>Timing</u>: FCRPS operations under the 2008 Fish Operations Plan and 2004 BiOp shall occur until 2359 hours on August 31, 2008, at which time operations will adopt those set forth in the 2008 BiOp.

3. <u>In-Season Adjustments</u>: As set forth in the 2008 Fish Operations Plan, Federal Defendants will utilize the existing Regional Forum committees to make in-season adjustments.

4. <u>Standard Reporting Requirement</u>: Federal Defendants shall provide the court with a written report describing the implementation of the 2008 Fish Operations Plan, beginning May 15, 2008, and monthly intervals thereafter until September 11, 2008  Federal Defendants shall notify the Court as soon as practicable of any violations of fish-protection measures, e.g., the situation that occurred on April 3, 2007, which the Court has characterized as "placing power needs before the needs of listed species." Federal Defendants shall report the mitigation measures that may be appropriate to account for any such violation as soon as practicable. The other parties shall have an opportunity to respond. If specific and routine variations are contemplated or authorized by the controlling FCRPS operating documents, they do not constitute violations of fish-protection measures, and need not be reported

5. <u>Emergency Reporting Requirements</u>: Federal Defendants shall take all reasonable and practicable steps to notify the Court and the parties prior to any declared system emergency.. If unforeseen circumstances arise that preclude Federal Defendants from notifying the Court and the parties prior to a declared system emergency, they shall report those actions directly to the Court as soon as practicable.

Dated this 25 day of February, 2008.

_____
James A. Redden
United States District Judge