

**United States District Court**
District of Oregon
1527 United States Courthouse
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Chambers of
JAMES A. REDDEN
United States District Judge

FILED'09 NOV 13 15:59 USDC-ORP

Phone: 503-326-8370
Fax: 503-326-8379

November 13, 2009

To:    Counsel of Record, National Wildlife Federation v. NMFS, CV 01-640 RE
Re:    November 23, 2009 Oral Argument

Dear Counsel,

      We have all reviewed Federal Defendants' Adaptive Management Implementation Plan ("AMIP"), and the parties' related briefing. I am encouraged by Federal Defendants' efforts to address the court's concerns regarding the 2008 Biological Opinion ("2008 BiOp"), but I am concerned that their unilateral, post-decisional development of "enhanced and accelerated" mitigation actions, "enhanced" research, monitoring, and evaluation, and "new" biological triggers and contingency actions may run afoul of the well-established rules of "record review" under the Administrative Procedure Act ("APA").

      At the November 23, 2009 hearing, the parties should be prepared to discuss the following procedural issues:

      (1) May the court lawfully consider the AMIP in ruling on the pending motions for summary judgment? Is the AMIP part of the BiOp, or an impermissible post hoc rationalization?

      (2) The documents produced by Federal Defendants for in camera review crystalize the procedural problems presented by the AMIP. If the AMIP were part of the BiOp, it is clear that at least some of these (and perhaps additional) supporting documents should be part of the

Counsel of Record, CV 01-640-RE
November 13, 2009
Page 2

Administrative Record. How do Federal Defendants justify withholding these materials from public review?

(3) Can Federal Defendants reinitiate consultation for the limited purpose of inserting the AMIP into the Administrative Record and/or making it part of the final agency action? What steps would be required? Will Federal Defendants take those steps? Can the court remand the 2008 BiOp for the limited purpose of including the AMIP and its supporting documentation in the BiOp?

(4) If I conclude that the AMIP is an impermissible post hoc rationalization that is not properly before the court, and Federal Defendants are not willing to take the necessary steps to include it in the Administrative Record, how do the parties suggest the court proceed? Should I simply rule on the pending motions for summary judgment without considering the AMIP?

I noted in my May 18, 2009 letter to counsel that the 2008 BiOp appears to be flawed. Despite the AMIP's positive attributes, I have serious concerns about whether it is properly before the court. Federal Defendants need to persuade me that it is, or take the steps necessary to include it in the BiOp. I am still hopeful that Federal Defendants can make this BiOp work, but they cannot sidestep the requirements of the APA.[1]

---

[1] I disagree with Federal Defendants' characterization of my May 18, 2009 letter to counsel. I did not (and cannot) "invite" Federal Defendants to circumvent the procedural requirements of the APA, and develop additional mitigation and contingency actions to bolster the 2008 BiOp. The clear purpose of that letter was to assist the parties in "jointly exploring all 'possible legal avenues' for resolving this matter." May 18, 2009 Letter to Counsel, at 1 (doc. 1699) (emphasis added). I noted that "the concept of 'adaptive management' is flexible enough to allow us to implement additional" mitigation measures to address some of the flaws in the 2008 BiOp, id. at 2 (emphasis added), and concluded with the hope that "we" could make this BiOp work "[i]f the parties can come to an agreement." Id. at 4 (emphasis added). The letter was intended to further the goal of settling this litigation, not an invitation to "further explain" the final agency action. In any event, it is difficult to see how Federal Defendants' unilateral development of additional mitigation actions and contingency measures can be characterized as an "explanation."

   When we conclude the discussion of the procedural issues raised by the AMIP, the parties should be prepared to separately discuss the substantive issues raised by the National Wildlife Federation Plaintiffs, the State of Oregon, and the Nez Perce Tribe. As soon as possible, I will issue a list of questions to guide our discussion of the substantive issues raised by the AMIP.

             Very Truly Yours,

             James A. Redden
             United States District Judge