

**United States District Court**
District of Oregon
1527 United States Courthouse
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Chambers of
JAMES A. REDDEN
United States District Judge

FILED'09 NOV 18 10:36USDC-ORP

Phone: 503-326-8370
Fax: 503-326-8379

November 18, 2009

To:   Counsel of Record, <u>National Wildlife Federation v. NMFS</u>, CV 01-640 RE
Re:   Additional Issues for November 23, 2009 Oral Argument

Dear Counsel,

     At the November 23, 2009 hearing, we need to discuss the substantive issues raised by the Adaptive Management Implementation Plan ("AMIP"), in addition to the procedural issues. Before we begin oral argument, however, it would be helpful for Federal Defendants' counsel to introduce their clients, and then briefly describe the key features of the AMIP to provide some context. We will then turn to the Administrative Procedure Act ("APA") issues that I outlined in my November 13, 2009 letter. At the outset of that discussion, it would be helpful if one of the plaintiffs' group attorneys provided a brief explanation of the requirements and purposes of the APA. These opening comments should simply provide background (not argument) for the benefit of the non-lawyers in our audience.

     After we conclude our discussion of APA issues, we will turn to the substantive issues raised by the AMIP. Keep in mind that we have all read the parties' briefing, and we do not need counsel to simply repeat those arguments. Focus your substantive comments on what you believe are your strongest points. In addition to the issues raised in the parties' briefing, the parties should be prepared to discuss the following issues:

     (1) Do Federal Defendants have the discretion to unilaterally modify the 2008 Federal Columbia River Power System Biological Opinion ("2008 BiOp") at any time? What are the

Counsel of Record, CV 01-640-RE
November 18, 2009
Page 2

limits on that discretion? Does the promise to develop new, equally effective mitigation actions through "adaptive management" square with the requirement that those actions be reasonably specific and reasonably certain to occur?

(2) The State of Oregon, the National Wildlife Federation Plaintiffs, and the Nez Perce Tribe are not satisfied with the AMIP. Do they acknowledge that the AMIP contains positive measures that would enhance the 2008 BiOp?

(3) Setting aside the plaintiffs' arguments regarding the jeopardy framework (*i.e.*, "trending toward recovery"), what additional measures do they suggest that Federal Defendants implement? As a practical matter, what more can Federal Defendants do?

(4) Federal Defendants claim that if Early Warning Indicators or Significant Decline Triggers are tripped, they will implement "on-the-shelf" rapid response actions that will provide immediate benefit to the species. What are those actions? In light of the Endangered Species Act ("ESA") mandate that the agencies give first priority to the species, why not implement those measures now?

(5) As you know, Federal Defendants have an affirmative duty to use the "best" available science in fulfilling its obligations under Section 7 of the ESA. While Federal Defendants assert that the AMIP is based on the best available science, they continue to withhold from public review the documents that may, or may not support that assertion. How can the court properly evaluate whether Federal Defendants did in fact use the best available science when they refuse to disclose the "science" that was used to develop the AMIP? How do Federal Defendants justify withholding those documents?

We have come a long way since the 2004 BiOp. In many ways, we have come full circle. Federal Defendants have finally made a good faith effort to address the flaws in the 2000 BiOp; they deserve credit for working with local, tribal, and state entities to attempt to ensure that this BiOp's tributary and estuary habitat mitigation measures are reasonably certain to occur. Federal Defendants can do more to ensure that those habitat actions are reasonably certain to result in the

Counsel of Record, CV 01-640-RE
November 18, 2009
Page 3

predicted benefits. The AMIP suggests that they agree.

    After we discuss whether the AMIP is properly before the court, I want the parties to focus on its positive attributes, and suggest additional measures to further improve the BiOp (through negotiation, or the appropriate procedural avenues).

                                          Very Truly Yours,

                                          James A. Redden
                                          United States District Judge