DWIGHT C. HOLTON
Acting United States Attorney
STEPHEN J. ODELL, OSB #90353
Assistant United States Attorney
District of Oregon
600 United States Courthouse
1000 S.W. Third Avenue
Portland, OR 97204-2902
(503) 727-1000

IGNACIA S. MORENO
Assistant Attorney General
SETH M. BARSKY, Section Chief
COBY HOWELL, Trial Attorney
BRIDGET KENNEDY McNEIL, Trial Attorney
Wildlife & Marine Resources Section
U.S. Department of Justice
Environment & Natural Resources Division
c/o U.S. Attorney's Office
1000 SW Third Avenue
Portland, OR 97204-2902
(503) 727-1000
(503) 727-1117 (fx)

**Attorneys for Defendants**

FILED 11 MAR 24 14:09USDC-ORP

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, *et al.*<br>Defendants. | Civil No. 01-640-RE<br><br>[PROPOSED] ORDER FOR 2011 SPRING OPERATIONS |

Federal Defendants submit the following (Proposed) Order for 2011 spring fish operations for the Federal Columbia River Power System ("FCRPS").

In 2005, this Court granted in part, and denied in part, Plaintiffs' motion for

preliminary injunctive relief seeking to alter FCRPS operations during the spring and summer of 2006. See Doc. 1221. The Court adopted the Federal Defendants' proposals for the amount and timing of spring and summer spill at FCRPS dams with two exceptions. Id. at 11. After commencement of spill, Federal Defendants were directed to provide the court with a monthly written report describing the implementation and progress of the spill program. Id.

Similar spring and summer operations were implemented in 2007 pursuant to an agreement between the Bonneville Power Administration (BPA), the Confederated Tribes of the Warm Springs Reservation, the Nez Perce Tribe, Confederated Tribes of the Umatilla Indian Reservation, Confederated Tribes and Bands of the Yakama Nation, and Confederated Tribes of the Colville Indian Reservation. See Doc. 1347 at 3. On May 23, 2007, the Court adopted the 2007 operations agreement as an order of the Court. See Opinion and Order (May 23, 2007).

At a December 12, 2007 status conference, Federal Defendants offered to continue the 2007 spring and summer operations if Plaintiffs would agree to not seek a preliminary injunction until after issuance of the 2008 BiOp. In agreeing to work toward this goal, Plaintiffs' recognized that any agreement for 2008 operations "would essentially continue - subject to discussion of limited changes necessary to accommodate new structures and perform essential research - the court-ordered operations from 2007." See Plaintiffs' January 11, 2008 Letter. The 2008 Fish Operations Plan, incorporated into the Court's Order on 2008 Operation, recognized the operational adjustments necessary to perform this research and accommodate

2

structural changes. See Doc. 1409, Attachment 1. On February 25, 2008, this Court entered the joint proposed order for 2008 spring and summer operations. Doc. 1423.

In a February 18, 2009 letter to counsel, the Court asked Federal Defendants to agree to "continue recent court-ordered spill operations for Spring 2009." See Doc. 1682 at 2. At the March 6, 2009 hearing, counsel represented that Federal Defendants would abide by the Court's request to continue court-ordered spring spill operations subject to modifications necessary to accommodate new structures and perform essential research. See Tr. at 167. On April 10, 2009, the Court entered an order adopting the parties proposed order. See Doc. 1694.

On February 19, 2010, the Court entered an order granting Federal Defendants' request for a limited, voluntary remand and directed Federal Defendants to complete this remand within three months. In the interests of maintaining the three-month remand schedule, Federal Defendants submitted a nearly identical proposed order for 2010 spring operations as they did in 2009, and the Court entered that order on April 21, 2010. See Doc. 1760. Consistent with past practices and in the interests of resolving the merits of this litigation, Federal Defendants have attached a proposed order for 2011 spring fish operations.

THEREFORE, in light of this prior history and in the interests of avoiding further litigation, the undersigned parties stipulate as follows:

1.  Scope: The Court's entry of the proposed order on spring 2011 fish operations shall not be construed as a concession or preliminary assessment of the merits of any parties' claim concerning the 2008 Biological Opinion, Adaptive

3

Implementation Management Plan (AMIP), Action Agencies' Records of Decision and Amended Records of Decision, and the 2010 Biological Opinion as set forth in the parties' pending cross-motions for summary judgment and supplemental cross-motions for summary judgment.

2. <u>Operations</u>: FCRPS spring 2011 fish operations shall be conducted as set forth in the 2011 Spring Fish Operations Plan, incorporated herein by reference. To the extent hydro-power operations are not specified in the 2011 Spring Fish Operations Plan, Federal Defendants shall operate the FCRPS consistent with the 2010 Biological Opinion, and/or other operative documents necessary to implement that Biological Opinion, unless otherwise specified herein.

3. <u>Timing</u>: This Order applies to spring spill operations for 2011 only and shall continue until the transition date from spring spill operations as set forth in the 2011 Spring Fish Operations Plan, unless this Court issues an opinion on the pending cross-motions for summary judgment prior to that transition date. If the Court issues an opinion granting, in whole or in part, the plaintiffs' pending motions for summary judgment, this Order shall remain in effect until replaced by a further order of the Court. If the Court issues an opinion granting the federal defendants' pending cross-motions for summary judgment, this Order shall terminate on the date the Court issues such a ruling without prejudice to the right of any party to seek emergency or other appropriate relief in any forum.

4

4. <u>In-Season Adjustments</u>: As set forth in the 2011 Spring Fish Operations Plan, Federal Defendants will utilize the existing Regional Forum committees to make in-season adjustments.

5. <u>Standard Reporting Requirement</u>: Federal Defendants shall provide the court with a written report describing the implementation of the 2011 Spring Fish Operations Plan, beginning May 17, 2011, and monthly intervals thereafter until satisfaction of the earlier of the conditions in Paragraph 3. Should the agencies encounter a situation similar to that which occurred on April 3, 2007, which the Court characterized as "placing power needs before the needs of listed species", Federal Defendants shall notify the Court and the other parties promptly and shall propose mitigation measures, if any, that may be appropriate as soon as practicable.

6. <u>Emergency Reporting Requirements</u>: Federal Defendants shall take all reasonable and practicable steps to notify the Court and the parties prior to any declared system emergency. If unforeseen circumstances arise that preclude Federal Defendants from notifying the Court and the parties prior to a declared system emergency, they shall report those actions directly to the court as soon as practicable.

Dated this 29 day of MARCH, 2011.

James A. Redden
United States District Judge

5

RESPECTFULLY SUBMITTED,

IGNACIA S. MORENO
 Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
SETH M. BARSKY
Section Chief

/s/ Coby Howell
COBY HOWELL
Trial Attorney
BRIDGET KENNEDY McNEIL
Trial Attorney
Wildlife & Marine Resources Section
c/o U.S. Attorney's Office
1000 SW Third Avenue
Portland, OR 97204-2902
(503) 727-1000
(503) 727-1117 (fx)

**Attorneys for Defendants**

6