IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NATIONAL WILDLIFE FEDERATION,** *et al.*,<br><br>　　　　Plaintiffs,<br><br>and<br><br>**STATE OF OREGON**,<br><br>　　　　Intervenor-Plaintiff,<br><br>v.<br><br>**NATIONAL MARINE FISHERIES SERVICE, U.S. ARMY CORPS OF ENGINEERS,** and **U.S. BUREAU OF RECLAMATION**,<br><br>　　　　Defendants. | Case No. 3:01-CV-00640-SI<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

Before the Court are Plaintiff National Wildlife Federation's ("NWF") motion to admit extra-record materials (Dkt. 1983) and Intervenor-Plaintiff State of Oregon's similar motion (Dkt. 1987). NWF seeks to admit the declaration of Frederick E. Olney and attached exhibits and the declaration of Dr. Brendan M. Connors. The State of Oregon seeks to admit the declaration of Anthony Nigro and attached appendices. Defendants National Marine Fisheries Service

PAGE 1 – OPINION AND ORDER

("NOAA Fisheries")[1], U.S., Army Corps of Engineers, and U.S. Bureau of Reclamation, and Intervenor-Defendants State of Washington, State of Idaho, State of Montana, and Northwest River Partners filed objections to the admission of the extra-record materials, to which Intervenor-Defendants Inland Ports & Navigation Group, Kootenai Tribe of Idaho, and Confederated Salish and Kootenai Tribes joined (collectively, the "Objecting Defendants"). For the following reasons, NWF and Oregon's motions are GRANTED.

## BACKGROUND

The parties are familiar with the factual and procedural history of this case and it need not be recited in detail here. The Court provides only summary background information relevant to the consideration of the pending motions relating to the admission of extra-record materials.

This case involves challenges to a biological opinion ("2014 BiOp") issued by NOAA Fisheries in its latest effort to comply with its obligation under Section 7 of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1536(a)(2) *et seq.*, to ensure that operation of the Federal Columbia River Power System ("FCRPS") is not likely to jeopardize the continued existence of threatened or endangered salmon and steelhead or adversely modify the species' designated critical habitat. Plaintiffs and Intervenor-Plaintiff contend that the 2014 BiOp, like the four BiOps before it, violates the ESA and its implementing regulations and merely "recycles and updates the analyses of the earlier, failed 2008 and 2010 BiOps." Plaintiffs and Intervenor-Plaintiff Oregon assert claims under the ESA, the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.* and have filed motions for summary judgment on their claims.

---

[1] The named defendant, National Marine Fisheries Service, is a subagency of the National Oceanic and Atmospheric Administration ("NOAA"). After this case was filed, National Marine Fisheries Service changed its name to NOAA Fisheries. Thus, it is referred to as "NOAA Fisheries" throughout this Opinion.

PAGE 2 – OPINION AND ORDER

NWF and Oregon seek to admit approximately 226 pages of expert declarations and attached exhibits in support of their motions for summary judgment.[2] The Objecting Defendants object to the admission of these declarations as impermissible extra-record material that does not fall with any exception to the requirement that the Court's review be limited to the administrative record. The Objecting Defendants further request that each of the memorandum of law filed by NWF and Oregon in support of their summary judgment motions be stricken and they be required to file new memoranda that do not reference the inappropriate extra-record material.

## DISCUSSION

### A. Legal Standard

Generally, "a court reviewing agency action under the APA must limit its review to the administrative record." *San Luis & Delta-Mendota Water Authority v. Locke*, --- F.3d ---, 2014 WL 7240003, at *9 (9th Cir. Dec. 22, 2014). The purpose of this rule is to ensure that the reviewing court affords the agency sufficient deference. *Id.* Under the APA, an agency has substantial discretion "to rely on the reasonable opinions of its own qualified experts even if, as an original matter, a court might find contrary views more persuasive." *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 378 (1989). The concern with a reviewing court considering evidence that was not before agency is that "it inevitably leads the reviewing court to substitute its judgment for that of the agency." *Asarco, Inc. v. E.P.A.*, 616 F.2d 1153, 1160 (9th Cir. 1980) (quoted with approval in *Locke*, 2014 WL 7240003, at *9). A reviewing court may not perform a *de novo* review of the agency's action and must "limit[] itself to the deferential procedural

---

[2] At this time, it is not known if any response or reply declarations will be offered. This Opinion shall apply to any potential response or reply declaration, as long as such declarations follow the requirement of being offered only for the narrow purposes permitted in *Lands Council*, discussed *infra*.

review that the APA's arbitrary or capricious standard permits." *Locke*, 2014 WL 7240003, at *9.

Nevertheless, the deference a reviewing court owes to an agency is not unlimited. *Id.* at *11. As recently explained by the U.S. Court of Appeals for the Ninth Circuit,

> [A court] may not automatically defer to an agency's conclusions, even when those conclusions are scientific. Rather, [a court's] review must be sufficiently probing to ensure that the agency has not "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view of the product of agency expertise." A different approach "would not simply render judicial review generally meaningless, but would be contrary to the demand that courts ensure that agency decisions are founded on a reasoned evaluation of the relevant factors."

*Id.* (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *Marsh*, 490 U.S. at 378) (internal citations omitted).

Considering this standard of review, there are several recognized exceptions to the rule limiting a reviewing court to the administrative record. *Id.* at *9. The exceptions allowing extra-record materials are now known as the "*Lands Council*" exceptions because, although longstanding in the Ninth Circuit in various iterations, they were fully articulated in *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2004). These exceptions were described in *Locke*:

> Under *Lands Council*, a reviewing court may consider extra-record evidence where admission of that evidence (1) is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) is necessary to determine whether the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

PAGE 4 – OPINION AND ORDER

*Locke*, 2014 WL 7240003, at *9 (quotation marks omitted). The *Lands Council* exceptions are to be narrowly construed and the party seeking to admit the extra-record evidence bears the burden of demonstrating that a relevant exception applies. *Id.*

The first exception "is the most difficult to apply" and "permits a district court to consider extra-record evidence to develop a background against which it can evaluate the integrity of the agency's analysis" but does not permit a reviewing court "to use extra-record evidence to judge the wisdom of the agency's action." *Id.* Thus, "[r]eviewing courts may admit evidence under this exception only to help the court understand whether the agency complied with the APA's requirement that the agency's decision be neither arbitrary nor capricious." *Id.* A reviewing court, however, "may not look to this evidence as a basis for questioning the agency's scientific analyses or conclusions." *Id.*

## B. Analysis

The Objecting Defendants argue that *Locke* and another recent case, *San Luis & Delta-Mendota Water Authority v. Jewell*, 747 F.3d 581 (9th Cir. 2014), have changed the standard for considering extra-record material and require denial of the pending motions. The Court disagrees. Both *Locke* and *Jewell* expressly reiterated and applied the *Lands Council* exceptions. *Locke*, 2014 WL 7240003, at * 9-10; *Jewell*, 747 F.3d at 603-04. Additionally, *Locke* reiterated and applied the rule that deference to the agency is not unlimited and the requirement that a reviewing court must perform a probing review. *Locke*, 2014 WL 7240003, at *11.

In both of these cases, the Ninth Circuit found that the district court abused its discretion by admitting significant extra-record material and relying on that material to attack the wisdom of the agency's scientific conclusions. In *Jewell*, the Ninth Circuit found that the district court abused its discretion when, after appointing four technical experts to assist the district court, the district court also admitted more than forty expert declarations submitted by the plaintiffs and

PAGE 5 – OPINION AND ORDER

then admitted additional rebuttal declarations submitted by the defendants, which created a battle of the experts. *Jewell*, 747 F.3d at 603. The Ninth Circuit further found that this created the appearance in the district court of an open record and a forum for debating the merits of the BiOp, the district court sometimes pitted the experts against one another and "resolved their contrary positions as a matter of scientific fact," and the district court "relied extensively on the declarations of the parties' experts-as-advocates as the basis for rejecting the BiOp." *Id.* at 603-04. The Ninth Circuit concluded that "[i]n effect, the district court opened the BiOp to a post-hoc notice-and-comment proceeding involving the parties' experts, and then judged the BiOp against the comments received." *Id.* at 604.

Similarly, in *Locke*, the Ninth Circuit found the district court abused its discretion by relying on thousands of pages of extra-record expert declarations to substitute the analyses in those declarations for that provided by the agency. *Locke*, 2014 WL 7240003, at * 8. The Ninth Circuit also found it was an abuse of discretion for the district court to rely on the declarations to question the wisdom of the agency's judgments. *Id.* at *10.

The circumstances found to be an abuse of discretion in *Locke* and *Jewell* are not present at this time in this case. The critical aspect for the Ninth Circuit in finding an abuse of discretion in those cases was the district's court's *use* of the admitted materials to resolve scientific issues, question the wisdom of the agency's decision, and turn what was supposed to be deferential APA review into an open forum to debate all aspects of the BiOp. *See Locke*, 2014 WL 7240003, at *10; *Jewell*, 747 F.3d at 604. Here, the Court is considering only whether to admit a small number of extra-record declarations and the Court is cognizant of the limited use for which such declarations are permissible under *Lands Council*. The volume of extra-record material in *Locke*

PAGE 6 – OPINION AND ORDER

and *Jewell* was staggering—many experts and thousands of pages. Here, the Court is considering whether to admit the declarations of three experts that comprise a total of 226 pages.

The Court also does not find persuasive the Objecting Defendants' argument that there already is a voluminous record that has addressed all of the relevant factors and, thus, extra-record material is unnecessary. The Court has an obligation to engage in a "sufficiently probing" review and not to "automatically" conclude that the agency has considered all of the relevant factors or otherwise did not engage in arbitrary or capricious conduct, even when scientific conclusions are at issue. *Locke*, 2014 WL 7240003, at *11.

The Court finds that some of the information in the declarations may be necessary to identify factors NOAA Fisheries did or did not consider or to explain complex scientific or technical analyses. Thus, they fall within the first and third *Lands Council* exceptions.[3] Although the Court has appointed one technical advisor to assist the Court, that fact does not necessarily mean that no other extra-record declarations can be of assistance. The record in this case is more than 700,000 pages and the Court finds it reasonable to permit a small number of additional experts to assist in explaining technical or complex information and identify relevant factors that may or may not have been properly considered by NOAA Fisheries so the Court will have a sufficient background against which to evaluate the integrity of the agency's analysis. Accordingly, the Court declines to exclude the extra-record materials in their entirety or to require NWF and Oregon to refile the memoranda in support of their motions for summary judgment without reference to any extra-record material.

---

[3] The Court finds that the extra-record declarations generally have been narrowly-tailored and although a few assertions may push the boundaries of the limited *Lands Council* exceptions, the Court will not rely on any assertions that do not fall within a proper exception.

PAGE 7 – OPINION AND ORDER

The Court will consider the extra-record material only to the extent that the declarations are necessary to determine whether the agency failed to consider certain factors or whether any such omitted factors are even relevant to develop a sufficient background against which the Court can evaluate the integrity of the agency's analysis, or to explain complex or technical aspects of the 2014 BiOp. The Court will not impermissibly rely on any of the extra-record material in the Court's opinion ruling on the pending motions for summary judgment. *See Locke*, 2014 WL 7240003, at *10 (noting that even when extra-record evidence has been properly admitted it still cannot be improperly used). To the extent the Court permissibly relies on any extra-record material, the Court intends to identify the relied-upon material and explain the *Lands Council* exception under which it falls.

## CONCLUSION

NWF's motion to admit extra-record materials (Dkt. 1983) and Intervenor-Plaintiff State of Oregon's motion to admit extra-record materials (Dkt. 1987) are GRANTED.

**IT IS SO ORDERED.**

DATED this 2nd day of February, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge