David J. Cummings, OSB #922695     THE HONORABLE MICHAEL H. SIMON
djc@nezperce.org
Geoffrey Whiting, OSB #954547
gwhiting@gmwnezperce.com
NEZ PERCE TRIBE
OFFICE OF LEGAL COUNSEL
P.O. Box 305
Lapwai, ID  83540
(208) 843-7355 | Phone
(208) 843-7377 | Fax

*Attorneys for Amicus Curiae Nez Perce Tribe*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

NATIONAL WILDLIFE FEDERATION, et al.,   Civ. No. 3:01-cv-00640-SI

        Plaintiffs,

  and

STATE OF OREGON,   NEZ PERCE TRIBE'S REPLY MEMORANDUM IN SUPPORT OF NWF AND OREGON'S MOTION TO MODIFY REMAND SCHEDULE

        Intervenor-Plaintiff,

v.

NATIONAL MARINE FISHERIES SERVICE,
U.S. ARMY CORPS OF ENGINEERS, and
U.S. BUREAU OF RECLAMATION,

        Defendants.

The Nez Perce Tribe (Tribe) respectfully submits this memorandum in support of National Wildlife Federation, et al. (NWF), and the State of Oregon's joint motion to modify (Motion) this Court's July 6, 2016, Order of Remand (ECF 2089) (Remand Order).

## Discussion

Federal Defendants' response to the pending Motion is in essence a 26-page straw man argument. NWF and Oregon address it in detail and reassert the correct nature of their Motion, which asks the Court to allow Federal Defendants more flexibility, to avoid more litigation, during the remand period. The Tribe supports their reply briefs and offers the following comments:

1. The underlying issue of this Motion – the lawful integration of ESA and NEPA compliance within the remand – plainly was not foreclosed by the Remand Order. It was expressly preserved for future resolution, "if not previously resolved." Remand Order at 4. That appeared quite possible, even then, because even then there was disagreement over the issue, also expressly noted by the Court. Id. at 3. Federal Defendants finally made resolution of this issue necessary when their October 2017 status report revealed no lawful solution, and when their response at the November 2017 status conference with the Court was to demand that Plaintiffs file a motion on the matter.

2. NWF and Oregon's joint Motion proposes to offer Federal Defendants additional BiOp time and flexibility in aid of encouraging a lawful ESA/NEPA integration in this remand, and in aid of not triggering additional litigation *during* this ESA/NEPA remand. The Motion proposes a time-generous, ideally collaborative, path around a brick wall. If Federal Defendants instead choose to run full-tilt into that wall, they can, and litigation in this case – litigation that they continually, publicly, complain of as if it were of mysterious

origin – may ensue.  Even a casual observer would realize by now that the repetitive litigation pattern of this case is self-inflicted, perhaps because the consequences of even repeated federal ESA litigation losses are insufficient to alter the status quo.

3. Federal Defendants' assertions of pretext and hypocrisy are untrue and unfair. The Nez Perce Tribe has watched Federal Defendants fail to comply with the ESA for these listed species – salmon and steelhead that are integral to the existence and identity of the Nez Perce people – for over 20 years.  Any outrage at the repetitive nature of the case and the present state of affairs belongs more truly to people who saw the opportunity presented by an ESA-focused NEPA analysis, as a result of the Court's May 2016 Opinion and Order.

4. While Federal Defendants now entrench themselves as to an interim BiOp, the rest of the story seems forgotten. The 2016 Opinion provided guidance and a vision of a lawful process of *integrated* ESA and NEPA (for the first time to be focused on BiOp-action alternatives) compliance.  The Opinion plainly contemplated a NEPA analysis that would consider a range of alternatives for a BiOp/ESA-based action, and therefore of alternatives – perhaps never before considered – that would present options for meeting the needs of the listed fish. "One of the benefits of a NEPA analysis, which requires that all reasonable alternatives be analyzed, is that it allows innovative solutions to be considered and may finally be able to break through any bureaucratic logjam that maintains the status quo." 2016 Opinion at 145.

That does not mean that a NEPA analysis would not then consider the effects and costs/benefits of such actions across a spectrum of resource areas, as is fundamental to effects-analysis under NEPA.  But it does mean that the proposed *action* and its action alternatives – the very purpose and need for the EIS – should be variations of FCRPS

actions that would be (intended to be) ESA-compliant. That was the point of the 2016 Opinion as to NEPA, within this ESA-driven case, and it should be the point of the ongoing EIS.

Instead, the EIS moves ahead[1] as a five-year, $80 million, Systems Operations Review update, with a "goal" that "more than one" alternative will be an action that the agencies will "believe could be" ESA-compliant.  Federal Status Report at 8 (ECF 2242). Without having appealed the Court's 2016 Opinion – the law of this case – Federal Defendants seem intent on taking each step in this remand in a way that rejects its purpose and principles.

### Conclusion

The Nez Perce Tribe respectfully urges the Court to grant the joint motion of NWF and the State of Oregon to modify the Court's current Remand Order.

Dated: March 30, 2018.

Respectfully submitted,

 s/ David J. Cummings
 s/ Geoffrey Whiting
David J. Cummings (OSB #922695)
Geoffrey Whiting (OSB#954544)
NEZ PERCE TRIBE
OFFICE OF LEGAL COUNSEL
P.O. Box 305
Lapwai, ID 83540
(208) 843-7355 | Phone
(208) 843-7377 | Fax
djc@nezperce.org
gwhiting@gmwnezperce.com

*Attorneys for Amicus Curiae Nez Perce Tribe*

---

[1] The Tribe remains a Cooperating Agency in the EIS process, intending to provide its perspective, input, and perhaps influence. And it is not inconsistent with the legal criticism above to say that the agency staff conducting this unasked-for Systems Operations Review EIS are diligent and sincere in their development of what the Tribe sees as a flawed EIS.

## CERTIFICATE OF SERVICE

I certify that on March 30, 2018, I electronically filed the Nez Perce Tribe's Reply Memorandum in Support of NWF and Oregon's Motion to Modify Remand Schedule with the Clerk of the Court using the CM/ECF system, which will generate automatic service upon all parties enrolled to receive such notice. I further certify that the following were served via method(s) indicated:

First Class U.S. Mail and CM/ECF system to:

Dr. Howard F. Horton, Ph.D.
U. S. Court Technical Advisor
Professor Emeritus of Fisheries
Department of Fisheries & Wildlife
104 Nash Hall
Corvallis, OR 97331-3803
hortonho@onid.orst.edu

                                                                            s/ Anjee Toothaker
                                                                            Anjee Toothaker