TODD D. TRUE (WSB #12864)  
ttrue@earthjustice.org  
AMANDA W. GOODIN (WSB #41312)  
agoodin@earthjustice.org  
Earthjustice  
810 Third Ave., Suite 610  
Seattle, WA 98104  
(206) 343-7340 | Phone  
(206) 343-1526 | Fax  

DANIEL J. ROHLF (OSB #99006)  
rohlf@lclark.edu  
Earthrise Law Center  
Lewis & Clark Law School  
10015 S.W. Terwilliger Boulevard, MSC 51  
Portland, OR 97219  
(503) 768-6707 | Phone  
(503) 768-6642 | Fax  

*Attorneys for Plaintiffs*

THE HONORABLE MICHAEL H. SIMON

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, et al., <br><br> Plaintiffs, <br><br> and <br><br> STATE OF OREGON, <br><br> Intervenor-Plaintiff, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE, U.S. ARMY CORPS OF ENGINEERS, and U.S. BUREAU OF RECLAMATION, <br><br> Defendants, | No. 3:01-cv-00640-SI <br><br> MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE EIGHTH SUPPLEMENTAL COMPLAINT |

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE EIGHTH SUPPLEMENTAL COMPLAINT   - 1 -

*Earthjustice*  
*810 Third Ave., Suite 610*  
*Seattle, WA 98104*  
*(206) 343-7340*

and

NORTHWEST IRRIGATION UTILITIES, PUBLIC POWER COUNCIL, COLUMBIA-SNAKE RIVER IRRIGATORS ASSOCIATION, WASHINGTON STATE FARM BUREAU FEDERATION, FRANKLIN COUNTY FARM BUREAU FEDERATION, GRANT COUNTY FARM BUREAU FEDERATION, NORTHWEST RIVER PARTNERS, CLARKSTON GOLF & COUNTRY CLUB, CONFEDERATED SALISH AND KOOTENAI TRIBES, STATE OF MONTANA, INLAND PORTS AND NAVIGATION GROUP, KOOTENAI TRIBE OF IDAHO, and STATE OF WASHINGTON,

                Intervenor-Defendants.

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(d) and LR 15-1(b) and (c), plaintiffs, National Wildlife Federation, *et al.* (collectively "NWF"), respectfully move the Court for leave to supplement their First Amended Complaint for Declaratory and Injunctive Relief, filed July 2, 2001, with their Eighth Supplemental Complaint for Declaratory and Injunctive Relief, in order to address new circumstances and subsequent actions by defendants, National Marine Fisheries Service ("NMFS" or "NOAA"), the U.S. Army Corps of Engineers ("Corps"), and Bureau of Reclamation ("BOR" or "Bureau"). The Corps and BOR are sometimes referred to herein as the Action Agencies.[1] The Corps, BOR, and NOAA are also referred to collectively as "Federal Defendants." The [Proposed] Eighth Supplemental Complaint for Declaratory and Injunctive

---

[1] The Bonneville Power Administration ("BPA") is also an action agency along with the Corps and BOR but jurisdiction over BPA lies with the Ninth Circuit. *See NWF v. BPA*, Ninth Cir. No. 20-73761 (filed Dec. 23, 2020). NWF is seeking to have its petition for review of BPA's actions stayed pending resolution of proceeding in this case to avoid concurrent proceedings in two courts.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE EIGHTH SUPPLEMENTAL COMPLAINT    - 2 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA 98104*
*(206) 343-7340*

Relief is appended to the accompanying motion as Attachment A.[2]

Specifically, the Eighth Supplemental Complaint addresses legal violations arising from (1) NOAA's Endangered Species Act Section 7(a)(2) Biological Opinion for Continued Operation and Maintenance of the Federal Columbia River Power System (the "2020 BiOp"), dated July 24, 2020; (2) the Corps' and BOR's Final Environmental Impact Statement for Columbia River System Operations (the "CRSO FEIS"), dated July 2020; and, (3) the Corps' and BOR's Joint Record of Decision for Columbia River System Operations (the "2020 ROD"), dated September 28, 2020.[3]

## BACKGROUND

NWF originally commenced this action as a challenge to a biological opinion for operation of the Federal Columbia River Power System ("FCRPS") issued by NOAA on December 21, 2000. That opinion, the "2000 BiOp," concluded that a reasonable and prudent alternative ("RPA") proposed by NOAA for FCRPS operations would avoid jeopardy to ESA-listed salmon and steelhead. In May of 2003, following briefing on motions for summary judgment, the Court ruled that the 2000 BiOp was arbitrary and capricious because it improperly defined the "action area" and relied on federal range-wide, off-site future actions that had not been the subject of Section 7 consultation and non-federal mitigation actions that were not "reasonably certain to occur." *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 254 F. Supp. 2d 1196, 1211-15 (D. Or. 2003) (hereinafter "*NWF v. NMFS*"). The Court remanded the opinion to NOAA to prepare a revised opinion that complied with the law.

---

[2] In accordance with Local Rule 15(c), NWF has not incorporated any material from its prior supplemental complaint by reference. The proposed changes from the prior complaint are all made to address new actions by NOAA, the Corps and BOR in response to the Court's decision addressing NWF's prior supplemental complaint. The changes to address these new actions are described in the proposed supplemental complaint.

[3] The 2020 ROD and CRSO FEIS are available at: https://www.nwd.usace.army.mil/CRSO/ and the 2020 BiOp is available to download at: https://repository.library.noaa.gov/view/noaa/26460.

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE EIGHTH
SUPPLEMENTAL COMPLAINT  - 3 -

*Earthjustice*
810 Third Ave., Suite 610
Seattle, WA 98104
(206) 343-7340

On November 30, 2004, NOAA released its revised biological opinion for the FCRPS (the "2004 BiOp") in accordance with the Court's remand schedule. The 2004 BiOp concluded that the Action Agencies' Updated Proposed Action would not jeopardize any of the ESA-listed salmon and steelhead species affected by the FCRPS, including the eight species for which the agency previously had concluded that the FCRPS would cause jeopardy. Both this Court and the Ninth Circuit rejected the 2004 BiOp as arbitrary, capricious, and contrary to law. *See NWF v. NMFS*, No. CV 01-640-RE, 2005 WL 1278878 (D. Or. May 26, 2005) (ECF 986); *NWF v. NMFS*, 524 F.3d 917 (9th Cir. 2008) (amended opinion). The Court remanded the 2004 BiOp to NOAA to try again. *NWF v. NMFS*, Opinion and Order of Remand (ECF 1087).

NOAA completed that remand and issued a new biological opinion on May 5, 2008 (the "2008 BiOp"). The 2008 BiOp, like its 2000 predecessor, reached a jeopardy finding with an RPA. The Corps and BOR adopted the RPA from the 2008 BiOp in Records of Decision issued in September 2008 (the "2008 RODs"). The Court subsequently granted NWF's motions for leave to file its fourth and fifth supplemental complaints challenging the 2008 BiOp and 2008 RODs. *See NWF v. NMFS*, Order (ECF 1446); Order (ECF 1491). After briefing and argument on cross-motions for summary judgment, in 2009, Federal Defendants asked the Court for time for a then-new administration to re-examine and review the 2008 BiOp. The Court granted that request and also informed the parties of its preliminary view that the 2008 BiOp was arbitrary and capricious. *NWF v. NMFS,* Memorandum from Court to Counsel (ECF 1699). At the conclusion of that review, Federal Defendants issued an "Adaptive Management Implementation Plan" ("AMIP") that failed to correct the problems identified by the Court and that was not properly adopted under the APA. Federal Defendants subsequently indicated they would pursue a voluntary remand and the Court accordingly entered an order outlining the scope and time frame for that remand. *NWF v. NMFS*, Order (ECF 1750).

On May 20, 2010, NOAA issued the 2010 BiOp which adopted the 2008 BiOp and supplemented it by incorporating the AMIP.  On June 11, 2010, BOR and the Corps issued supplemental RODs in which they committed to implement the updated 2008 RPA as set forth in the 2010 BiOp.  The Court granted then NWF's motion to file its Sixth Supplemental Complaint, *NWF v. NMFS,* Order (ECF 1792), and after briefing and argument, the Court granted in part NWF's motion for summary judgment, *NWF v. NMFS*, 839 F. Supp. 2d 1117 (D. Or. 2011).  The Court also remanded the 2008 and 2010 BiOps to NOAA and the action agencies to prepare yet another opinion that would comply with the ESA, *id.* at 1130–32 (setting a deadline of January 1, 2014, which was subsequently extended), and continued its injunction requiring Federal Defendants to provide additional spring and summer spill at the eight federal dams on the Snake and Columbia Rivers to alleviate irreparable harm to salmon and steelhead, *id*. at 1130–31.

On January 17, 2014, NOAA issued the 2014 BiOp and, once again, the Corps and BOR amended their records of decision adopting and incorporating the 2014 BiOp's revised RPA (the "2014 RODs").  On June 17, 2014, NWF sought leave to file its Seventh Supplemental Complaint challenging the 2014 BiOp and its predecessors, a motion the Court granted.  *NWF v. NMFS*, Order (July 8, 2014) (ECF 1926).  On May 4, 2016, the Court issued a comprehensive opinion rejecting the combined 2008, 2010, and 2014 BiOps for violations of the ESA and NEPA.  *NWF v. NMFS*, 184 F. Supp. 3d 861 (D. Or. 2016).  The Court then set yet another schedule for preparing a new BiOp and for complying with NEPA.  *NWF v. NMFS*, Order of Remand (July 6, 2016) (ECF 2089) (as modified by ECF No. 2288 (Apr. 17, 2018)) (extending the date for the BiOp to March 26, 2021).  On October 19, 2018, however, in a Presidential Memorandum, the President directed the agencies to complete the remand and produce a final environmental impact statement, new BiOp, and RODs by September 30, 2020, a full year earlier than the agencies had stated would be possible.  *See* 2020 BiOp at 95 & n.16.

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE EIGHTH
SUPPLEMENTAL COMPLAINT   - 5 -

*Earthjustice*
810 Third Ave., Suite 610
Seattle, WA  98104
(206) 343-7340

Separately, in late 2016, plaintiffs sought an injunction to increase voluntary spring spill at the lower Snake and lower Columbia River dams up to the level allowed by state water quality standards.  The Court granted this relief but delayed its implementation until the spring of 2018 to allow the agencies, and state and tribal salmon scientists, to develop more specific plans for implementing this increased spill.  *NWF v. NMFS*, 2017 WL 1829588 (D. Or. April 3, 2017) (spill injunction order).  The Ninth Circuit subsequently affirmed this ruling shortly before it was to take effect in 2018.  *NWF v. NMFS*, 886 F.3d 803 (9th Cir. 2018).  Thereafter, a number of parties to this case negotiated a so-called "Flexible Spill Agreement" to govern voluntary spring spill operations during the remainder of the remand, i.e., during the spring of 2019, 2020, and 2021, or until NOAA issued a new BiOp and the Action Agencies issued a final EIS and adopted new RODs.  *NWF v. NMFS*, Status Report re: 2019–2021 Spill Operations Agreement (Dec. 18, 2018) (ECF 2298) (and Attachment thereto).[4]  It appears at this time that the Action Agencies will continue to implement the spill operations and actions in the Flexible Spill Agreement in 2021 even though they have now issued new RODs.

NWF'S MOTION

NWF respectfully requests leave to file its Eighth Supplemental Complaint seeking review of the NOAA's 2020 BiOp, the CRSO FEIS, and the Corps' and BOR's 2020 ROD for violations of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 *et seq.*; the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*; and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*  A copy of NWF's [Proposed] Eighth

---

[4] NOAA issued a short-term, interim biological opinion in connection with this Flexible Spill Agreement.  *See* 2020 BiOp at 45.  In accordance with terms of that Agreement and the parties' filings with the Court, however, no party sought review of this interim BiOp, admitted that it was legally or scientifically adequate, or waived any right regarding it or subsequent actions by Federal Defendants.  *NWF v. NMFS*, Status Report re: 2019–2021 Spill Operations Agreement (Dec. 18, 2018) (ECF 2298) (and Attachment thereto at 9, ¶ X.B).  This interim BiOp has now been replaced by the 2020 BiOp.

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE EIGHTH
SUPPLEMENTAL COMPLAINT   - 6 -

*Earthjustice*
810 Third Ave., Suite 610
Seattle, WA  98104
(206) 343-7340

Supplemental Complaint for Declaratory and Injunctive Relief is attached as Attachment A to the accompanying motion for leave in accordance with LR 15-1(d)(1).[5]  In response to Federal Defendants' recent actions, NWF's [Proposed] Eighth Supplemental Complaint details further and additional violations of the ESA, NEPA, and APA stemming from the 2020 BiOp, CRSO FEIS, and 2020 ROD.

ARGUMENT

Fed. R. Civ. P. 15(d) provides that the Court "may … permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  The Court evaluates motions to supplement a pleading under the same standard as motions to amend under Fed. R. Civ. P 15(a).  *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (standard for supplementing a pleading under Rule 15(d) "is the same" as the standard governing amendments under Rule 15(a)) (*citing Intrepid v. Pollock*, 907 F.2d 1125, 1131 (Fed. Cir. 1990); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1504, pp. 185–86 (2d ed. 1990)).

Fed. R. Civ. P. 15(a) provides that courts "should freely give leave when justice so requires."  While permission to supplement is committed to the Court's discretion, Rule 15's policy favoring amended or supplemental pleadings is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).  The Court should grant leave to amend or supplement unless the revised pleading would result in undue prejudice to the opposing party, is the product of bad faith, would cause undue delay in the proceedings, or would be a futile exercise.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).  In considering these factors, "prejudice to the opposing party … carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052.  NWF's request

---

[5] As required by the ESA, 16 U.S.C. § 1540(g), NWF provided 60 days' notice of its intent to sue the Corps and BOR on October 23, 2020.

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE EIGHTH
SUPPLEMENTAL COMPLAINT   - 7 -

Earthjustice
810 Third Ave., Suite 610
Seattle, WA 98104
(206) 343-7340

to file an eighth supplemental complaint does not raise any of these issues, and will not prejudice the defendants.

I.   NWF'S SUPPLEMENTAL COMPLAINT IS TIMELY AND NOT IN BAD FAITH.

Courts may grant motions to amend or supplement long after the initial complaint has been filed. *See, e.g., Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973) (granting leave to amend even though motion was made five years after initial complaint was filed). NWF is moving to supplement its prior supplemental complaint at the earliest practicable time: NOAA issued the 2020 BiOp in July 2020, the Corps and BOR released the CRSO FEIS then, and these agencies issued the 2020 ROD on Sept. 28, 2020. To the extent the claims and parties NWF seeks to address with this supplemental complaint required notice under the citizen-suit provision of the ESA, NWF sent that notice as soon as possible after reviewing the 2020 ROD and the 60-day waiting period following this notice expired recently. In these circumstances, NWF's motion is timely.

NWF also does not seek to supplement its complaint in bad faith. Supplementing the complaint is a reasonable and necessary response to the violations of the ESA, NEPA, and the APA in the 2020 BiOp, CRSO FEIS, and 2020 ROD which were, themselves, prepared in response to a prior supplemental complaint and the Court's rejection of the 2014 BiOp, agency RODs, and their predecessors. NWF is not making this motion to supplement to destroy diversity jurisdiction, to unreasonably delay judicial proceedings, or for any other impermissible purpose, but instead is done to bring before the Court ongoing and new violations of the ESA and NEPA by the same defendants. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (upholding district court's denial of leave to amend for bad faith where amendment was sought in an admitted attempt to destroy court's diversity jurisdiction); *see also Hip Hop Beverage Corp. v. RIC Representacoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 622 (C.D.

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE EIGHTH
SUPPLEMENTAL COMPLAINT   - 8 -

*Earthjustice*
810 Third Ave., Suite 610
Seattle, WA 98104
(206) 343-7340

Cal. 2003) (citing these tactics as evidence of bad faith).

II.  NWF'S SUPPLEMENT WILL NOT UNDULY PREJUDICE THE PARTIES.

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.  It is difficult to imagine how any of the parties to this case could be prejudiced by NWF's motion to supplement its complaint.  Whether leave to supplement is granted or whether NWF is required to bring a new lawsuit to address these claims, NOAA, the Corps, and BOR will have to answer NWF's claims that the 2020 BiOp, CRSO FEIS, and 2020 ROD violate the ESA, NEPA, and the APA.  Indeed, given the long-running nature of this litigation and the number of existing intervenors and amicus parties, allowing supplementation serves judicial economy because it will minimize the need for each of these parties to file renewed motions to participate and for the Court to decide motions to intervene or participate as amicus.

In fact, as set forth in their motion, if the Court grants NWF leave to file a supplemental complaint, NWF would expect to confer with Federal Defendants and work with the other parties to prepare and submit to the Court within 60 days of the Court's granting of this motion a joint status report presenting a proposed schedule for the case, including a briefing schedule for any anticipated motions, or set forth competing positions on how to proceed if the parties are unable to reach agreement on a schedule.

III.  NWF'S SUPPLEMENT IS NOT FUTILE.

The test for futility with respect to a motion to amend or supplement under Rule 15 is the same as the test for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  A proposed amendment is futile only if plaintiffs cannot plead sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *See, e.g., Mujica v. AirScan Inc.*, 771 F.3d 580, 592–93 (9th Cir. 2014) (*citing Ashcroft v. Iqbal*,

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE EIGHTH
SUPPLEMENTAL COMPLAINT   - 9 -

*Earthjustice*
810 Third Ave., Suite 610
Seattle, WA  98104
(206) 343-7340

556 U.S. 662, 678 (2009)). NWF's proposed Eighth Supplemental Complaint easily satisfies this minimum threshold: NWF's proposed supplemental complaint alleges that NOAA's 2020 BiOp violates Section 7 of the ESA, 16 U.S.C. § 1536, and is otherwise arbitrary, capricious, or not in accordance with law under the APA, that the Corps' and BOR's CRSO FEIS violates NEPA, 42 U.S.C. §§ 4321 *et seq*., and the APA, and that these agencies' 2020 RODs, violate all three statutes (the ESA, NEPA, and the APA). *See* [Proposed] Eighth Supplemental Complaint. As NWF explains in its proposed supplemental complaint, many of the violations of the ESA are similar to those underlying NWF's previous successful complaints challenging the 2004, 2008, 2010, and 2014 BiOps and the Corps' and BOR's reliance upon them. NWF's claims that the CRSO FEIS violates NEPA are also supported by the allegations of its supplemental complaint and are grounded in established legal requirements. *See NWF v. NMFS*, 184 F. Supp. 3d at 933–48 (describing purposes of an EIS and opportunities NEPA procedures afford to address ongoing environmental controversies like those in this case). Unfortunately, the CRSO FEIS fails to comply with NEPA, its implementing regulations, and the relevant case law and hence fails to meet the opportunities the Court identified. Accordingly, NWF's [Proposed] Eighth Supplemental Complaint presents much more than "plausible" claims for relief, claims that certainly cannot be described as futile. While Federal Defendants and other parties will no doubt oppose the merits of these claims, "[w]here the underlying facts or circumstances of a case 'may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits.'" *DCD Programs*, 833 F.2d at 188 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## CONCLUSION

For the reasons stated above, NWF respectfully asks the Court to grant its motion for leave to file its [Proposed] Eighth Supplemental Complaint.

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE EIGHTH
SUPPLEMENTAL COMPLAINT    - 10 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA 98104*
*(206) 343-7340*

Respectfully submitted this 19th day of January, 2021.

    /s/ Todd. D. True
TODD D. TRUE (WSB #12864)
AMANDA W. GOODIN (WSB #41312)
Earthjustice
810 Third Ave., Suite 610
Seattle, WA  98104
(206) 343-7340 | Phone
(206) 343-1526 | Fax
ttrue@earthjustice.org
agoodin@earthjustice.org

DANIEL J. ROHLF (OSB #99006)
Earthrise Law Center
Lewis & Clark Law School
10015 S.W. Terwilliger Boulevard, MSC 51
Portland, OR  97219
(503) 768-6707 | Phone
(503) 768-6642 | Fax
rohlf@lclark.edu

*Attorneys for Plaintiffs*

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE EIGHTH
SUPPLEMENTAL COMPLAINT   - 11 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*