James L. Buchal, OSB No. 921618
jbuchal@mbllp.com
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR  97286
Tel:    503-227-1011
Fax:    503-227-1034

Attorney for Defendant-Intervenor
Columbia Snake River Irrigators Association

THE HONORABLE MICHAEL H. SIMON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AMERICAN RIVERS, *et al.*,<br><br>    Plaintiffs,<br><br>  and<br><br>STATE OF OREGON,<br><br>    Intervenor-Plaintiff,<br><br>  v.<br><br>NATIONAL MARINE FISHERIES SERVICE, *et al.*,<br><br>    Defendants<br><br>  and<br><br>COLUMBIA-SNAKE RIVER IRRIGATORS ASSOCIATION, *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:01-CV-00640-SI<br><br>INTERVENOR-DEFENDANT COLUMBIA-SNAKE RIVER IRRIGATORS ASSOCIATION'S ANSWER TO EIGHTH SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CROSS CLAIMS |

Page 1   INTERVENOR-DEFENDANT COLUMBIA-SNAKE RIVER IRRIGATORS
         ASSOCIATION'S ANSWER TO EIGHTH SUPPLEMENTAL COMPLAINT
         FOR DECLARATORY AND INJUNCTIVE RELIEF AND CROSS CLAIMS

1. Defendant-Intervenor Columbia-Snake River Irrigators Association (hereafter, "the Irrigators") respond to paragraphs 1-3 of the Eighth Supplemental Complaint (hereafter "Complaint") by stating that in this case, review is upon an administrative record, and no response is required to the partially-factual background information provided by plaintiffs.

2. The Irrigators admit the allegations of paragraphs 4-5 of the Complaint.

3. For their response to paragraph 6 of the Complaint, admit that plaintiffs purport to seek review of the agency actions for the reasons stated.

4. The Irrigators admit the allegations of paragraphs 7-8 of the Complaint.

5. For their response to paragraph 9 of the Complaint, the Irrigators admit that plaintiffs are the parties they claim to be, while denying knowledge or information sufficient to form a belief as to the truth of the detailed factual statements concerning the parties.

6. The Irrigators deny each and every allegation of paragraphs 10-11 of the Complaint.

7. The Irrigators admit the allegations of paragraphs 12-14 of the Complaint.

8. For their response to paragraphs 15-18, the Irrigators admit the abundance of salmonid species in the Columbia Basin has generally declined for numerous reasons, that salmon spawning upstream of Lower Granite Dam on the Snake river must pass eight hydroelectric dams, that the dams have transformed the natural environments as alleged, that various recovery strategies as alleged have been employed, and deny each and every remaining allegations of these paragraphs of the Complaint.

9. For their response to paragraphs 19-21, the Irrigators admit the existence of the ICTRT analysis, which speaks for itself, admits that plaintiffs have accurately quoted the documents to which they refer, refer the Court to those documents for complete and accurate statements of their contents, and deny each and every remaining allegation of these paragraphs of the Complaint.

10. For their response to paragraphs 22-25, the Irrigators admit that plaintiffs have accurately summarized population data for the species discussed, that the various entities to which plaintiffs refer have rendered opinions on potential population trajectories, that the entities have articulated various goals for recovery as stated, and deny each and every remaining allegation of these paragraphs of the Complaint.

11. For their response to paragraphs 26-29, the Irrigators admit that salmon migrating greater distances have exhibited lower SARs along the lines stated, admit that PATH has offered the opinions stated, and deny each and every remaining allegation of these paragraphs of the Complaint.

12. For their response to paragraphs 30-33, the Irrigators admit that the 2020 ROD, CRSO FEIS and BiOp reached the conclusions stated, that these documents (and the FPC review) are accurately quoted, refer the Court to these documents for complete and accurate statements of their contents, and deny each and every remaining allegation of these paragraphs of the Complaint.

13. For their response to paragraphs 34-41, the Irrigators deny knowledge or information sufficient to form a belief as to the truth of the status of SRKW and the multitude of factors that affect population levels.

Page 3   INTERVENOR-DEFENDANT COLUMBIA-SNAKE RIVER IRRIGATORS
        ASSOCIATION'S ANSWER TO EIGHTH SUPPLEMENTAL COMPLAINT
        FOR DECLARATORY AND INJUNCTIVE RELIEF AND CROSS CLAIMS

14. For their response to paragraphs 42-61, the Irrigators state that these paragraphs convey conclusions of law to which no response is required, and refer the Court to the law and cases cited for complete and accurate statements of their contents.

15. The Irrigators admit the allegations of paragraphs 62-63 of the Complaint.

16. For their response to paragraphs 64-77, the Irrigators state that these paragraphs convey the history of this case, to which no response is required, and refer the Court to the referenced decisions and documents for complete and accurate statements of their contents.

17. For their response to paragraph 78, the Irrigators admit that the 2020 BiOp is final and reviewable agency action, which provides a basis for the Corps' and BOR's no jeopardy conclusions in the 2020 ROD, and deny each and every remaining allegation of this paragraph.

18. The Irrigators deny the allegations of paragraph 79-109 of the Complaint, and do not join with the plaintiffs in attacking the 2020 BiOp.

19. The Irrigators deny the allegations of paragraph 110 of the Complaint, except to the extent the Irrigators join in attacking the lawfulness of the CRSO FEIS as set forth in the Cross Claim below.

20. The Irrigators deny the allegations of paragraph 111 of the Complaint.

21. The Irrigators deny the allegations of paragraph 112 of the Complaint.

22. For their response to paragraphs 113-114, the Irrigators admit that plaintiffs have accurately quoted the materials referred to, refer the Court to such materials for a complete and accurate statement of their contents, and deny each and every remaining allegation of these paragraphs.

23. The Irrigators deny the allegations of paragraph 115 of the Complaint.

24. For their response to paragraph 116 of the Complaint, the Irrigators admit that the CRSO FEIS contains the complex combinations of measures referred to as MO1 through MO4, and deny each and every remaining allegation of the paragraph.

25. The Irrigators deny the allegations of paragraph 117 of the Complaint.

26. The Irrigators deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118.

27. The Irrigators deny the allegations of paragraph 119 of the Complaint.

28. The Irrigators state that paragraph 120 of the Complaint contain legal conclusions as to which no response is required, and deny each and every remaining allegation of the Complaint.

29. The Irrigators deny the allegations of paragraph 121-123 of the Complaint, other than legal materials as to which no response is required.

30. For their response to paragraph 124, the Irrigators admit that the CSRO FEIS contains analyses and assumptions for numerous measures and their effects that are arbitrary, inconsistent, or unexplained, for reasons set forth in the Cross Complaint below, and deny each and every remaining allegation of this paragraph.

31. The Irrigators deny each and every allegation of paragraphs 125-138 of the Complaint.

32. For their response to paragraphs 139-140, the Irrigators agree that the CRSO FEIS analysis of irrigation impacts was flawed and unlawful, for reasons stated in the Cross Complaint, and deny each and every remaining allegation of these paragraphs.

33. For their response to paragraphs 141-151, the Irrigators admit that plaintiffs have accurately quoted the CRSO FEIS and other written materials, refers the Court to such materials for complete and accurate accounts of their contents, and denies each and every remaining allegations of these paragraphs.

34. The Irrigators deny each and every allegation of paragraphs 152-157 of the Complaint.

35. For their response to paragraph 158-159 of the Complaint, the Irrigators admit that the CRSO FEIS failed to comply with the requirements for NEPA, for reasons set forth in the Cross Complaint below, state that other portions of these paragraphs constitute legal conclusions to which no response is required, and deny each and every remaining allegation of the paragraphs.

### CROSS COMPLAINT OF CSRIA:  NEPA VIOLATIONS

1. Intervenor-Defendant and Cross-Complaint-Plaintiff Columbia Snake River Irrigators Association (hereafter, "CSRIA" or "Irrigators") is a Washington nonprofit corporation formed to represent the "direct pumpers" from the mainstem Columbia and Snake River systems.  Members include several municipal entities, as well as irrigators and other commercial interests.

2. CSRIA realleges those portions of plaintiffs' complaint admitted above as if set forth herein.  This Cross Complaint is made against defendants Corps and BOR.

3. CSRIA's members rely upon the continued existence of the reservoirs behind John Day, McNary and Ice Harbor Dams for irrigation water supply, upon continued operation of the FCRPS for economic power to pump irrigation water, and

their interests are directly affected by the analyses made in the CRSO FEIS, and resulting decisions made in the 2020 ROD.

4. CSRIA was a participant in the CRSO FEIS process, and is authorized to bring this action individually and on behalf of its members.

5. NEPA and its regulations require defendants Corps and BOR to analyze alternatives to the proposed action, and including appropriate mitigation measures. 40 C.F.R. § 1502.14(e). The statute and regulations also require the Corps and BOR, in their assessment of environmental consequences, to discuss the energy requirements and conservation potential of various alternatives and mitigation measures. 40 C.F.R. § 1502.16(a)(6)

6. "Mitigation" is broadly defined under NEPA to include any measures which "avoid, minimize, or compensate for effects caused by a proposed action or alternatives," including "[c]ompensating for the impact by replacing or providing substitute resources or environments". 40 C.F.R. § 1508.1(s)(5). Those "effects" include "ecological . . ., aesthetic, historic, cultural, economic . . ., social, or health effects". 40 C.F.R. § 1508(g)(1).

7. The Corps and BOR operate under formal Principles and Requirements for Federal Investments in Water Resources projects under which "[m]itigation of unavoidable adverse effects associated with each plan, strategy, or action is to be an integral part of all alternatives".

8. The four-dam removal alternative would, if adopted, generate adverse effects on the Irrigators and its members, and the Corps and BOR were under a duty to consider irrigation infrastructure and operations impacts and mitigation strategies to compensate for such impacts.

9. Adverse effects on the Irrigators and its members include reduced values of their property and other assets. CRSO FEIS alternatives involving dam removal or drawdowns would create distressed assets based on the uncertain costs and ability to modify pumping stations (and their future effectiveness), the unknown time frame for loss of income and operations, stranded production and processing assets, and how agricultural production markets respond to interruptions in site-specific supply.

10. The Irrigators advised the Corps and BOR that lawful analysis included a well-specified impact area, taking into account the full effect of dam breaching and pool drawdowns on the mainstem Snake and Columbia Rivers, including the impact areas of Ice Harbor and Upper McNary Pools (for four-dam breaching; approximately 90,000 acres) and the Lower McNary and John Day Pools (for minimum irrigation pool (MIP) or near-MIP operations; approximately 275,000 acres).

11. The Irrigators also advised the Corps and BOR that the best measure of direct net economic impacts, consistent with longstanding Principles and Guidelines for federal water resource management agencies (utilizing standard National Economic Development account analysis methods), would be market values for irrigated land in the impact areas. The Irrigators also provided the Corps and BOR with estimates of the value of such land measured through recent asset-based market transactions, and a

measure of value likely lost in the event the four-dam breaching alternative was selected: about $622 million (CSRIA.org, Risk Mitigation Review).

12. The Corps and BOR arbitrarily and capriciously ignored the information provided by the Irrigators, instead relied upon limited County tax assessments (not market values), and inaccurate estimates of impacts for irrigated land in Walla Walla and Franklin counties. As a result, the CRSO FEIS contains erroneous measures of irrigation impacts, and is arbitrary, capricious and contrary to law, as is the 2020 ROD based on the FEIS.

13. The CRSO FEIS does not address or adequately specify any kind of mitigation timeline, plan, or protocol for the mitigation of irrigation sector impacts.

14. The Irrigators and its members are irreparably injured because the CRSO FEIS substantially understates irrigation impacts, misleads decisionmakers, and fails to include an adequate mitigation plan for irrigation sector impacts.

WHEREFORE, the Irrigators respectfully request the Court,

1. Dismiss plaintiffs' complaint;

2. Grant judgment declaring the CRSO EIS and 2020 ROD arbitrary, capricious and contrary to law for failure adequately to address irrigation impacts and plan mitigation of irrigation sector impacts, issuing a limited remand to the Corps and BOR for further consideration of those issues, while leaving the balance of the CRSO FEIS and 2020 ROD in place during such remand.

3. Award the Irrigators their costs associated with this litigation; and

4. Award such other and further relief as may be just and proper.

DATED: February 10, 2021.

          *s/ James L. Buchal*
          James L. Buchal, OSB No. 921618
          MURPHY & BUCHAL LLP
          Tel: 503-227-1011
          Fax: 503-227-1034
          jbuchal@mbllp.com

          *Attorney for Defendant-Intervenor*
          *Columbia Snake River Irrigators Association*

## CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of Oregon. I am over 18 years of age and not a party to this action. My business address is 5353 S.E. Henderson, Portland, OR 97206.

I certify that on February 10, 2021, the foregoing INTERVENOR-DEFENDANT COLUMBIA-SNAKE RIVER IRRIGATORS ASSOCIATION'S ANSWER TO EIGHTH SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CROSS CLAIMS will be electronically mailed to all parties enrolled to receive such notice. The following will be manually served by first class U.S. mail:

| | |
|---|---|
| Rodney K. Norton | Patrick D. Spurgin |
| Clarkston Golf & Country Club | Confederated Tribes and Bands of the |
| Hart Wagner, LLP | Yakima Nation |
| 1000 SW Broadway, Suite 2000 | 411 North 2nd Street |
| Portland, OR 97205 | Yakima, WA 98901 |

*s/ Carole A. Caldwell*

Page 11   INTERVENOR-DEFENDANT COLUMBIA-SNAKE RIVER IRRIGATORS ASSOCIATION'S ANSWER TO EIGHTH SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CROSS CLAIMS