Ted C. Knight, WSBA 39683              THE HONORABLE MICHAEL H. SIMON
Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
509-953-1908
tedk@spokanetribe.com

*Attorney for the Spokane Tribe of Indians*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

AMERICAN RIVERS, PACIFIC COAST          Case No. 3:01-cv-00640-SI
FEDERATION OF FISHERMENS's
ASSOCIATIONS, INSTITUTE FOR
FISHERIES RESOURCES, SIERRA CLUB
IDAHO RIVERS UNITED, NORHTWEST
SPORTFISHING INDUSTRY                   SPOKANE TRIBE OF INDIANS'
ASSOCIATION, NW ENERGY                  MOTION FOR LEAVE TO
COALITION, NATIONAL                     INTERVENE AS PLAINTIFF
WILDLIFE FEDERATION, COLUMBIA
RIVERKEEPER, and
IDAHO CONSERVATION LEAGUE

                Plaintiffs,
    and

STATE OF OREGON,

          Intervenor-Plaintiff

    v.

NATIONAL MARINE FISHERIES
SERVICE, U.S. ARMY CORPS OF
ENGINEERS,
and U.S. BUREAU OF
RECLAMATION,

Spokane Tribe of Indians'
Motion for Leave to Intervene as Plaintiff
Case No. 01-cv-00640-SI                  1

Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpint, WA 99040
(509) 953-1908

Defendants,

and

NORTHWEST IRRIGATION UTILITIES,
PUBLIC POWER COUNCIL,
COLUMBIA-SNAKE RIVER
IRRIGATORS ASSOCIATION,
WASHINGTON STATE FARM BUREAU
FEDERATION, FRANKLIN COUNTY
FARM BUREAU FEDERATION,
GRANT COUNTY FARM BUREAU
FEDERATION, NORTHWEST RIVER
PARTNERS, CLARKSTON GOLF &
COUNTRY CLUB, CONFEDERATED
SALISH AND KOOTENAI TRIBES,
STATE OF MONTANA, INLAND
PORTS AND NAVIGATION GROUP,
KOOTENAI TRIBE OF IDAHO, and
STATE OF WASHINGTON,

   Intervenor-Defendants.

---

## MOTION TO INTERVENE

The Spokane Tribe of Indians ("Tribe") hereby moves, pursuant to Federal Rule of Civil Procedure 24(a) and (b), to intervene as plaintiff in the above-captioned case. This Motion is supported by the below legal memorandum contained in this document as required by LR 7-1(c). A copy of the Tribe's Proposed Complaint and Exhibits are attached as Exhibit 1. The Tribe's Proposed Complaint contains claims against the United States Fish and Wildlife Service ("USFWS"), not currently a party in this case. If the Court grants the Tribe's motion to intervene as a plaintiff, the Tribe will join USFWS at that time.

Spokane Tribe of Indians'
Motion for Leave to Intervene as Plaintiff
Case No. 01-cv-00640-SI   2   Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
(509) 953-1908

## LR 7-1 CONFERRAL REQUIREMENT

Counsel for the Tribe contacted all counsel for the parties on the current service list for this case via their provided email addresses on February 11, 2021, and provided a copy of this Motion and Memorandum along with the Tribe's [Proposed] Complaint and Exhibits to obtain their clients' position on the Tribe's intervention. The NWF Plaintiffs and Oregon indicated their clients did not oppose the Tribe's intervention.

Counsel for the Federal Defendants indicated their clients take no position on the Tribe's motion to intervene and will not file a motion in opposition. In taking this position, the Federal Defendants do not waive any arguments or defenses, including those they may raise under a motion filed under Rule 12 of the Federal Rules of Civil Procedure. In addition, consistent with the Court's order not requiring Federal Defendants to file an answer to NWF Plaintiffs' Eighth Supplemental Complaint, they requested that the same condition be included in the Tribe's Proposed Order. Accordingly, the Tribe included this condition. Exhibit 2.

Intervenor-Defendants: Kootenai Tribe of Idaho, Confederated Salish and Kootenai Tribes, State of Washington, State of Idaho, and Inland Ports and Navigation Group indicated no objection to the Tribe's intervention. Intervenor-Defendant, Columbia-Snake River Irrigators Association took no position on the Tribe's intervention. Amicus parties Confederated Tribes of the Umatilla Indian Reservation, Confederated Tribes of the Warm Springs Reservation of Oregon, Nez Perce Tribe, Confederated Tribes of the Colville Reservation and the Northwest Power and Conservation Council indicated that their clients did not oppose the Tribe's intervention.

Spokane Tribe of Indians'
Motion for Leave to Intervene as Plaintiff
Case No. 01-cv-00640-SI                      3

Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
(509) 953-1908

The Tribe did not receive a response regarding this motion from the remaining parties.

**MEMORANDUM IN SUPPORT**

The Spokane Tribe of Indians should be permitted to intervene, either as a matter of right or permissively, based upon its sovereign interests and rights that will be impacted by the outcome of this litigation.

## I. DISCUSSION OF THE TRIBE'S SOVEREIGN INTERESTS AND RIGHTS IMPACTED BY THIS LITIGATION.

### A. Background

At times in this case the Tribe has participated as an amicus party. *See* Dkt. No. 1101. However, given the current facts and circumstances the Tribe recognizes that no Plaintiff shares its perspective, rights, interests and responsibilities, and the Tribe must intervene as plaintiff to protect its citizens and broad array of sovereign rights and authorities.

The Spokane Tribe of Indians is a federally recognized Indian Tribe. The Tribe's Reservation was established on August 18, 1877 after the Tribe was forced from parts of its homeland by the United States government. *See Northern Pac. Ry. Co. v. Wismer*, 246 U.S. 283, 288 (1918). The Tribe's Reservations' boundaries are the East Bank of Tshimikain Creek, the South Bank of the Spokane River, the West Bank of the Columbia River and the Northern Border is the 48th parallel. 1880 WL 32483 (Exec.Ord.). The Tribe's ancestral lands as found by the Indian Claims Commission and affirmed by the United States Court of Claims include the entirety of the Spokane River as it flows through what is now Washington State and portions of the Columbia River. *Spokane Tribe of Indians v. United States*, 163 Ct.Cl. 58, 1963 WL 8583, 5 (1963). The Tribe has

Spokane Tribe of Indians'
Motion for Leave to Intervene as Plaintiff
Case No. 01-cv-00640-SI

4

Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
(509) 953-1908

unquantified water rights with a priority date of August 18, 1877 within the Spokane and Columbia Rivers, which also include a right to water of a quality that can sustain fish and other aquatic life. *See United States v. Anderson*, 591 F.Supp. 1, 5 (E.D. Wa 1982), *aff'd in part, rev'd in part by United States v. Anderson*, 736 F.2d 1358 (9th Cir. 1984). Finally, the Spokane Tribe retains ownership of the original beds and banks of its Reservations' boundary waters (Spokane River, Columbia River and Tshimikain Creek). *See* Opinion on the Boundaries of and Status of Title to Certain Lands within the Colville and Spokane Indian Reservations, 84 Interior Dec. 72, 78, 1977 WL 28859, at 5 (Feb. 2, 1977).

In addition to the fishing and hunting rights the Tribe retains within its Reservation, the Tribe was granted "paramount use" rights for a portion of Lake Roosevelt for fishing, hunting, and boating when the construction of Grand Coulee Dam inundated a portion of the Tribe's reservation creating what is now called Lake Roosevelt. 16 U.S.C. § 835d. Lake Roosevelt encompasses parts of the Spokane River and the Columbia River. Construction of Grand Coulee Dam not only flooded the Tribe's land, it has temporarily blocked their former primary food source, the once abundant salmon, steelhead, and lamprey that thrived and fed the Tribes throughout the upper Columbia basin, including into what is now Canada.

The Spokane Tribal Department of Natural Resources ("DNR") operates several mitigation programs and a hatchery that are directly funded by the Bonneville Power Administration ("BPA"). Additionally, in an effort to protect the Tribe's membership and guests from pollution and negative water quality impacts in the waters of the Reservation, the Tribe directed DNR to seek treatment in the same manner as a state status ("TAS")

Spokane Tribe of Indians'
Motion for Leave to Intervene as Plaintiff
Case No. 01-cv-00640-SI                    5

Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
(509) 953-1908

under the Clean Water Act ("CWA"), 33 U.S.C. § 1377(e), and the implementing regulations 40 C.F.R. § 131.8. The Tribe obtained TAS in 2002. Obtaining, TAS by the Tribe was implemented to improve the quality of the Tribe's waters for resident fish, cultural and subsistence use, but also to help prepare the Tribe's water for the eventual return of anadromous fish once passage and reintroduction is achieved at Chief Joseph and Grand Coulee Dams.

Finally, in 2019 the United States recognized some of the inequities surrounding the construction of Grand Coulee Dam with the passage of the SPOKANE TRIBE OF THE SPOKANE RESERVATION EQUITABLE COMPENSATION ACT, PL. 116-100, 133 Stat. 3256, which will finally provide the Tribe with a portion of the revenue generated by the power produced at Grand Coulee Dam.

In 2021, the Tribe's membership is 2943 and growing. The Tribe's membership lives within the Reservation and throughout the region. Many members exercise their fishing rights within the portion of the Spokane and Columbia Rivers that are contained within the Reservation and Lake Roosevelt's "paramount use" area, but also recreate and fish throughout their ancestral lands, including all portions of the Spokane and Columbia Rivers. The Tribe's membership utilizes the surface and ground waters of the Reservation, including the Spokane River and Columbia River, for ceremonial and subsistence purposes. The Tribe operates several campgrounds on the banks of the Rivers, and operates a Marina and Resort at the confluence of the Spokane and Columbia Rivers.

All of the above-described interests and rights of the Spokane Tribe are impacted by the maintenance and operation of the FCRPS.

Spokane Tribe of Indians'
Motion for Leave to Intervene as Plaintiff
Case No. 01-cv-00640-SI

6

Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
(509) 953-1908

**B. The Tribe's background and interests in the Joint Record of Decision for the Columbia River System Operations ("2020 CRSO ROD").**

On May 4, 2016 in *National Wildlife Federation, et al v. National Marine Fisheries Service*, *et al*., 01-cv-00640-SI, Dkt. 2065, 184 F. Supp. 3d 861 (D. Or. 2016)("2016 Order"), this Court found that the Bureau of Reclamation ("BOR") and the Army Corps of Engineers ("Corps") violated NEPA and the ESA in their adoption and implementation of the 2014 NOAA Fisheries Biological Opinion ("BiOp") and associated Reasonable and Prudent Alternatives ("RPAs") prepared for their operation and maintenance of the Federal Columbia River Power System ("FCRPS"). The Court further found that the NOAA Fisheries BiOp relied upon by the Agencies was arbitrary and capricious and therefore violated the APA and the ESA.

The Court clearly stated its hopes for the NEPA ruling:

> One of the benefits of a NEPA analysis, which requires that all reasonable alternatives be analyzed, is that it allows innovative solutions to be considered and may finally be able to break through any bureaucratic logjam that maintains the status quo. The agencies, public, and public officials will be able evaluate the costs and benefits of various alternatives. The FCRPS remains a system that "cries out" for a new approach. A NEPA process may elucidate an approach that will finally move the listed species out of peril.

*Id* at Dkt. 2065 at 145. After reviewing the Court's 2016 Order the Tribe was encouraged and planned to participate in the NEPA process to ensure that FCRPS's impacts to its rights, economic and cultural resources were protected and considered in the final environmental impact statement ("FEIS") and record of decision ("ROD").

The Tribe submitted extensive scoping comments on February 7, 2017, as the preparation of the CRSO EIS kicked off. Following this the Tribe participated as a cooperating agency in the development of the CRSO EIS pursuant to a Memorandum of

Spokane Tribe of Indians'
Motion for Leave to Intervene as Plaintiff
Case No. 01-cv-00640-SI

7

Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
(509) 953-1908

Understanding ("Cooperating Agency MOU") entered between the Tribe, Army Corps of Engineers, Bureau of Reclamation and Bonneville Power Administration[1] ("BPA") ("Action Agencies") in August of 2017. The Tribe sought to assist the Action Agencies with the production of the CRSO EIS to provide the expertise of the Tribe's staff and to share the perspective of the Tribe from its unique location within the Columbia River System. Additionally, the Tribe hoped that its participation would help in the development of a final EIS and eventual ROD that would meet the mandates of the Northwest Power Act ("NWPA"), NEPA and the ESA.

Importantly, the Tribe sought to ensure that the Action Agencies properly considered the Northwest Power and Conservation Council's ("Council") Fish and Wildlife Program ("Program") as required by the Northwest Power Act. 16 U.S.C. § 839b(h)(11). After the adoption of the 2014 Northwest Power and Conservation Council's Fish and Wildlife Program[2] ("2014 Program"), the Tribe's DNR has worked with other tribes, government agencies, and NGOs to ensure the 2014 Program's measure to carry out the Phased Approach to the "Reintroduction of anadromous fish above Chief Joseph and Grand Coulee dams to the mainstem reaches and tributaries in the United

---

[1] BPA is an Action Agency; however, the Ninth Circuit Court of Appeals has original jurisdiction over petitions challenging BPA's final actions. The Tribe is challenging BPA's final action in the development and approval of the 2020 CRSO ROD in a petition filed on December 24, 2020. Three separate petitions, including the Tribe's, were consolidated on January 13, 2021. No. 20-73761, 20-73762, & 20-73775. Dkt. Entry 7.

[2] The 2014 Program was the subject of *Northwest Resource Information Center v. Northwest Power and Conservation Council, et al*, 704 Fed.Appx.630 (9th Cir. 2017) (Not for Publication).

Spokane Tribe of Indians'
Motion for Leave to Intervene as Plaintiff
Case No. 01-cv-00640-SI

8

Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
(509) 953-1908

States"[3] is implemented. Furthermore, in 2020 the Northwest Power and Conservation

Council adopted the following measures as an addendum to the 2014 Program:

**Mitigation in Blocked Areas**
**Implementer: Bonneville**

Implement a broad suite of actions to mitigate for the complete loss of
anadromous fish and the losses to other fish and wildlife species in the
Lake Roosevelt and Spokane River areas above Grand Coulee and Chief
Joseph dams, as well as ongoing operational impacts. Increase
significantly the level of mitigation for these losses without compromising
the substantive protection and mitigation activities elsewhere in the basin.

This part of the basin has suffered the loss of anadromous fish and other
fish and wildlife species directly due to hydropower development at a
scale at least comparable to, and in most cases greater than, other areas in
the basin. These losses have been severely under-addressed and under-
mitigated through the Northwest Power Act, especially when compared
with other areas and other entities in the basin.

Bonneville should begin a comprehensive effort over the next five years to
intensify, expand, and then sustain the mitigation effort for this part of the
basin. In developing this comprehensive effort, Bonneville should work
with the Spokane Tribe of Indians and the tribe's list of mitigation
measures recommended to the Council. Bonneville and the Spokane Tribe
of Indians should consult with the Confederated Tribes of the Colville
Reservation and Washington Department of Fish and Wildlife and
coordinate with their ongoing work in the Lake Roosevelt area. The
Council expects annual reports from Bonneville and the Spokane Tribe of
Indians detailing progress made in this mitigation effort.

**Implementer: Bonneville and others**

Continue to make progress on the program's phased approach to evaluate
the possibility of reintroducing anadromous fish above Grand Coulee and
Chief Joseph dams.

Continuing to assess the feasibility of reintroducing anadromous fish is
one measure in the suite of mitigation measures recommended by the
Spokane Tribe of Indians (see previous measure). Continuing to make

---

[3]  *Available at* https://www.nwcouncil.org/sites/default/files/2014-12_1.pdf (Last visited
December 7, 2020).

Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
(509) 953-1908

progress on this measure received substantial support in the amendment process from many governmental and non-governmental entities.[4]

These two additional measures contained in the 2020 Addendum and their implementation is of great importance to the Tribe.

During development of the CRSO EIS and the alternatives considered, the Action Agencies dismissed numerous requests to include these measures in the alternatives or mitigation actions that were consistent with the Northwest Power Act, nor did the Action Agencies take into account Council's 2014 Fish and Wildlife Program or the 2020 Addendum to the fullest extent possible during the Action Agencies decision making processes as required by 16 U.S.C. Section 839b(h)(11). This lack of consistency is most evident in the Action Agencies dismissal of any consideration of the reintroduction of salmon and steelhead above Chief Joseph and Grand Coulee Dams within the FEIS, either in an alternative or mitigation even though it was contained as a measure in the 2014 Fish and Wildlife Program and reaffirmed in the 2020 Addendum. Additionally, there are numerous measures outlined by the Council in the 2014 Fish and Wildlife Program and 2020 Addendum that the Action Agencies simply failed to consider, chose to ignore, or actively chose to defy, such as the 2003 Mainstem Amendment's fall refill targets for Lake Roosevelt.

---

[4] *Available at* https://www.nwcouncil.org/sites/default/files/2020-9.pdf (last visited December 8, 2020); the Tribe notes that at least since the Northwest Power and Conservation Council's 2003 Mainstem Amendments it has included a measure: "to Evaluate the feasibility of reintroducing anadromous fish into blocked areas, including above Chief Joseph and Grand Coulee dams." *Available at* https://www.nwcouncil.org/sites/default/files/2003_11_0.pdf (last visited December 10, 2020).

Spokane Tribe of Indians'
Motion for Leave to Intervene as Plaintiff
Case No. 01-cv-00640-SI

10

Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
(509) 953-1908

On February 5, 2020, the Tribe's frustration reached a breaking point and the Tribe terminated the Cooperating Agency MOU with the Action Agencies. The Tribe no longer wanted to be associated with an inadequate CRSO EIS that failed to meet the requirements of NEPA, the NWPA or the ESA.

On February 28, 2020, the Action Agencies released their draft CRSO EIS for a 45-day public comment period.  The Tribe submitted comments along with many others. However, due to the onset of the Covid-19 pandemic numerous entities and individuals requested an extension of the comment/ period, which the Action Agencies denied. In accordance with the Trump Administration's October 19, 2018 Presidential Memorandum[5] the entire CRSO EIS process truncated by one year.  The Action Agencies approved the ROD on September 28, 2020.

## II. ARGUMENT

### A. Intervention as of Right

#### 1. Federal Rule of Civil Procedure 24(a)(2) has four requirements that must be met.

(1) [T]he intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention. In addition to mandating broad construction, our review is guided primarily by practical considerations, not technical distinctions.

---

[5] https://www.whitehouse.gov/presidential-actions/presidential-memorandum-promoting-reliable-supply-delivery-water-west/ Section 6 (Last visited December 9, 2020).

Spokane Tribe of Indians'
Motion for Leave to Intervene as Plaintiff
Case No. 01-cv-00640-SI                    11                    Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
(509) 953-1908

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011)
(emphasis added) (internal quotations and citations omitted).

### 2. The Spokane Tribe is entitled to intervene as a matter of right.

#### a. The Spokane Tribe's motion is timely.

Courts evaluate timeliness by considering "the stage of the proceeding, prejudice
to other parties, and the reason for and length of the delay." *Idaho Farm Bureau Fed'n v.
Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). The timing of the filing is not
determinative. *Orange County v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986).
Additionally, prejudice to the existing parties is one of the "most important" factors in
determining timeliness. *United States v. Oregon*, 745 F.2d 550, 552 (1984) (allowing the
State of Idaho's intervention fifteen years after litigation began).

Given these factors, the Tribe's motion is timely. This motion comes just under
four weeks after Plaintiffs' Eighth Supplemental Complaint was filed, and comes well
within the statute of limitations to file a new lawsuit challenging the 2020 CRSO ROD,
the Biological Opinions ("BiOp"), and the USFWS Fish and Wildlife Coordination Act
Report ("FWCAR") relied upon by the Action Agencies in their decisions. The existing
parties will not be prejudiced by the timing of the Tribe's intervention. Intervention will
spare them from new litigation that they would likely seek to have consolidated after its
filing. Finally, the Tribe provided the federal defendants with the sixty-day notice of its
intent to sue the Corps and BOR on October 26, 2020 as required by the Endangered
Species Act, 16 U.S.C. § 1540(g).

#### b. The Tribe has significant interests in the subject of this litigation.

Spokane Tribe of Indians'
Motion for Leave to Intervene as Plaintiff
Case No. 01-cv-00640-SI

12

Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
(509) 953-1908

The outcome of this litigation and the resolution of the claims contained in the Plaintiffs' Eighth Supplemental Complaint, Dkt. No. 2311, will impact in some fashion all of the Tribe's unique and significant protectable rights and interests described-above.

### c. The Tribe's interests will be impaired or impeded if not represented.

Ninth Circuit cases address this element of intervention with "the guidance of Rule 24 advisory committee notes that state that if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001); *Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006).

Here, the Tribe's above-described interests will be substantially affected by the implementation of the decisions contained in 2020 CRSO ROD. Accordingly, any decision in this matter will impact those interests.

### d. The existing parties do not adequately represent the Tribe's interests.

The Ninth Circuit has stressed that "intervention of right does not require an absolute certainty . . . that existing parties will not adequately represent [the applicant's] interests." *Citizens for Balanced Use*, 647 F.3d at 900.  The burden on the applicant is to provide a showing that the existing parties "may not" adequately protect the applicant's interests.  *Id*. Although, the Tribe shares some interests with the current Plaintiffs, several of the Tribe's interests cannot and will not be represented by the existing parties.

In conclusion, the Tribe respectfully asserts that all of the elements of intervention as of right are met, and requests that the Court grant the Tribe's motion to intervene.

Spokane Tribe of Indians'
Motion for Leave to Intervene as Plaintiff
Case No. 01-cv-00640-SI                          13                    Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
(509) 953-1908

**B. Permissive Intervention**

### 1. Permissive Intervention Rule.

Federal Rule of Civil Procedure 24(b)(1)(B) provides that [o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact. We have often stated that permissive intervention requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.

*Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011)

(internal quotations and citations omitted).

### 2. The Tribe satisfies the requirements for permissive intervention.

The Tribe meets all three requirements for permissive intervention as outlined in the Ninth Circuit. *See Freedom from Religion Foundation,* 644 F.3d at 843.   (1) The Tribe as illustrated above has an independent ground for jurisdiction. (2) Given that this litigation is in its very early stages intervention will not prejudice any of the parties, and the Tribe's motion is timely. (3) The Tribe's claims contain common questions of law and fact as related to the claims of the main action.

Accordingly, if the Court does not grant the Tribe's motion to intervene as of right, the Tribe requests that the Court grant the Tribe permissive intervention.

Respectfully submitted this 19th day of February 2021.

By: s/Ted C. Knight
Ted C. Knight, WSBA #39683
Special Legal Counsel
Spokane Tribe of Indians
PO Box 100
Wellpinit, WA 99040
Phone (509) 953-1908
tedk@spokanetribe.com

Spokane Tribe of Indians'
Motion for Leave to Intervene as Plaintiff
Case No. 01-cv-00640-SI                    14

Ted C. Knight, Special Legal Counsel
Spokane Tribe of Indians
PO Box 100, Wellpinit, WA 99040
(509) 953-1908