IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AMERICAN RIVERS,** *et al.*, | Case No. 3:01-cv-640-SI |
| Plaintiffs, | **SCHEDULING ORDER** |
| and | |
| **STATE OF OREGON,** *et al.*, | |
| Intervenor-Plaintiffs, | |
| v. | |
| **NATIONAL MARINE FISHERIES SERVICE,** *et al.*, | |
| Defendants, | |
| and | |
| **NORTHWEST IRRIGATION UTILITIES,** *et al.*, | |
| Intervenor-Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiffs and Defendants jointly propose a schedule for resolving Plaintiffs' and Intervenors' claims and cross-claims. Only Intervenor-Defendant Columbia-Snake River Irrigators Association (CSRIA) objects to the proposed schedule. CSRIA objects because its "has no idea what sort of preliminary relief plaintiffs may be seeking, and whether and to what extent it may adversely affect the interest of CSRIA and its members." ECF 2333 at 2. CSRIA further

notes that it, like Plaintiffs, challenges the lawfulness of the Federal Defendants' Final
Environmental Impact Statement (FEIS) and while CSRIA does not see why challenges to the
FEIS need to wait until August 2022 or later, CSRIA need not accelerate review of its claims
beyond the scheduled time "if the injunction sought by plaintiffs does not adversely affect
[CSRIA members'] interests." *Id.* Thus, CSRIA requests the ability to file its own motion for
summary judgment sooner than the rest of the proposed schedule, but only depending on how it
views Plaintiffs' motion for preliminary injunctive relief.

The Court finds that CSRIA's concerns with any potential motion for preliminary
injunctive relief by Plaintiffs are better resolved in litigating that motion. CSRIA can oppose the
motion if it turns out to have concerns. CSRIA can also request that the Court tailor any potential
injunctive relief in a manner that better suits the needs of CSRIA members. CSRIA can also file
its own motion for preliminary injunctive relief under the proposed schedule. A separate
summary judgment schedule for CSRIA's cross claims does not serve the collective interests of
the parties or judicial economy.

The Court grants in part Plaintiffs' and the Federal Defendants' joint proposed schedule.
The Court notes that the final proposed deadline for the reply briefs for the Federal Defendants
followed by allied *amicus curiae* were both proposed to be on the same day. This did not fit the
pattern of the previous proposed briefing schedules, which had *amici* filing briefs one week after
the parties. Thus, the Court changes the final *amici* deadline to one week after the Federal
Defendants' deadline. Otherwise, the Court ADOPTS the proposed schedule, as follows:

1.    **April 19, 2021**: any Intervenor or *amicus curiae* who has previously participated
in this case shall indicate to the Court through an appropriate filing whether and how it intends to
continue to participate in the case.

PAGE 2 – SCHEDULING ORDER

2.      **April 19, 2021**: any existing Intervenor or *amicus curiae* proposing a change of status that requires the Court's permission, and any new party that seeks to intervene in this case, shall file an appropriate motion. Any oppositions shall be filed by **May 19, 2021**, and any replies shall be filed by **June 2, 2021**.

**3.      May 19, 2021**: deadline for Federal Defendants and any Intervenor-Defendant to file any optional motion (or motions) under Rule 12 of the Federal Rules of Civil Procedure seeking dismissal of claims or cross claims asserted in this litigation, in whole or in part. Federal Defendants and Intervenor-Defendants are not required to file an answer to Plaintiffs' Eighth Supplemental Complaint (Order, ECF 2310) or the pleading of any other party granted leave to file a complaint-in-intervention or a cross claim, but may choose to file such a motion (or motions). Any opposition shall be filed by **June 2, 2021**, and any reply shall be filed by **June 16, 2021.**

4.      **July 9, 2021**: The U.S. Army Corps of Engineers, U.S. Bureau of Reclamation, National Marine Fisheries Service, and U.S. Fish and Wildlife Service shall manually lodge and serve on the Parties the administrative records, in electronic format (e.g., DVDs, external hard drives, etc.). Federal Defendants shall concurrently file a Notice of Filing the Administrative Record in the Court's CM/ECF system. The administrative records are those relating to the U.S. Army Corps of Engineers and U.S. Bureau of Reclamation's September 28, 2020 Joint Record of Decision and the National Marine Fisheries Service's and U.S. Fish and Wildlife Service's July 24, 2020 Biological Opinions for the Columbia River System. The Parties shall confer on the completeness and adequacy of the administrative records and, if they are unable to reach agreement, any Party may file a motion to resolve any disputed issues.

5.      **July 16, 2021**: deadline for motions for a preliminary injunction filed by a party, and all supporting papers from any party or *amicus curiae*. Any party filing or supporting such a motion reserves the right to file a corrected brief and other papers on or before August 6, 2021, for the sole purpose of substituting a consistent form of citation to the administrative record for citations to the documents themselves, given the interval between Federal Defendants' production of the administrative record and the due date for any injunction motions.

6.      **September 15, 2021**: unaligned *amici curiae* may file briefs addressing the preliminary injunction motions.

7.      **October 8, 2021**: deadline for oppositions to motions for a preliminary injunction, and any supporting papers from any party or *amicus curiae*.

8.      **December 17, 2021**: deadline for replies in support of a motion for a preliminary injunction, and any supporting papers from any party or *amicus curiae*.

9.      If a party or *amicus* submits expert declaration(s) in support of or in opposition to any preliminary injunction motion, the submitting party or *amicus* shall concurrently produce copies of documents or information the expert declarant referred to or relied on to form the opinions expressed in the expert declaration (the materials shall be served by overnight mail, in PDF format on electronic media, to the parties). The parties may conduct depositions of any expert declarants in accordance with Rule 30 of the Federal Rules of Civil Procedure and Local Rule 30. In doing so, the parties shall take reasonable steps to minimize the burdens on expert witnesses while ensuring the expert depositions occur in a timely and efficient way. All parties reserve their rights to request the Court's assistance in imposing reasonable limitations on the number, duration, and scope of depositions, if necessary. If a dispute regarding a deposition leads

to a motion to the Court regarding the deposition, the parties also reserve the right to seek to adjust the briefing schedule for the underlying preliminary injunction motions.

10.     **January 7, 2022**: the parties will file a joint statement regarding whether there is a need for an evidentiary hearing. In that statement, any party may request an evidentiary hearing on the preliminary injunction motions and state their views as to why such a hearing is necessary or appropriate, and any other party may provide a separate statement responding to such a request. Thereafter, the Court will schedule such proceedings on the preliminary injunction motion as it determines are appropriate. The schedule anticipates the Court will allow oral argument or, if requested and granted by the Court, an evidentiary hearing in January or early February of 2022, so a decision and any emergency appeals can occur before spring fish passage spill operations begin on April 3, 2022.

11.     Before **January 31, 2022**, the parties will confer and seek to reach agreement on proposed brief lengths and any other issue related to the summary judgment motions. If they are able to agree on some or all issues, they will submit by **January 31, 2022** a joint proposal to address them or separate statements with regard to any issues on which they cannot agree. Thereafter, the Court may enter a further Order regarding summary judgment proceedings.

12.     **February 22, 2022**: Plaintiffs, Intervenor-Plaintiffs, and Cross Claimants shall file their motions for summary judgment. Any allied *amicus curiae* shall file any supporting briefs, avoiding duplicative arguments to the extent feasible, by **February 28, 2022**.

13.     **May 6, 2022**: Federal Defendants and Intervenor-Defendants shall file their combined cross-motions for summary judgment and opposition summary judgment briefs. Any allied *amicus curiae* shall file any supporting briefs, avoiding duplicative arguments to the extent feasible, by **May 13, 2022**.

PAGE 5 – SCHEDULING ORDER

14.     **May 27, 2022**: Any unaligned *amicus curiae* may submit briefs addressing the summary judgment motions and related filings.

15.     **June 23 2022**: Plaintiffs, Intervenor-Plaintiffs, and Cross Claimants shall file their combined summary judgment opposition and reply briefs. Any allied *amicus curiae* shall file any supporting briefs, avoiding duplicative arguments to the extent feasible, by **June 30, 2022**.

16.     **July 29, 2022**: Federal Defendants and Intervenor-Defendants shall file their summary judgment reply briefs. Any allied *amicus curiae* shall file any supporting briefs, avoiding duplicative arguments to the extent feasible, by **August 5, 2022**.

The Court ADOPTS IN PART Plaintiffs' and the Federal Defendants' Joint Proposed Case Schedule (ECF 2332) as stated in this Scheduling Order.

**IT IS SO ORDERED**.

DATED this 2nd day of April, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge