James L. Buchal, OSB No. 921618
jbuchal@mbllp.com
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR  97286
Tel:	503-227-1011
Fax:	503-227-1034

Attorney for Defendant-Intervenor
Columbia Snake River Irrigators Association

THE HONORABLE MICHAEL H. SIMON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AMERICAN RIVERS, *et al.,*<br><br>    Plaintiffs,<br><br>  and<br><br>STATE OF OREGON,<br><br>    Intervenor-Plaintiff,<br><br>  v.<br><br>NATIONAL MARINE FISHERIES SERVICE, *et al.,*<br><br>    Defendants<br><br>  and<br><br>COLUMBIA-SNAKE RIVER IRRIGATORS ASSOCIATION, *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:01-CV-00640-SI<br><br>INTERVENOR-DEFENDANT COLUMBIA-SNAKE RIVER IRRIGATORS ASSOCIATION'S RESPONSE TO FEDERAL DEFENDANTS' MOTION TO DISMISS |

Page 1	INTERVENOR-DEFENDANT COLUMBIA-SNAKE RIVER IRRIGATORS
	ASSOCIATION'S RESPONSE TO FEDERAL DEFENDANTS' MOTION TO
	DISMISS

**Summary of Argument**

The Irrigators would have thought it obvious after decades of active participation in this litigation and the associated administrative processes that they possessed standing to seek further review of the outcome of those processes. Over and over again, this Court has set aside the decisions of the Federal Defendants, but the Federal Defendants now stand before the Court asserting that because their present decision has not yet been thrown out, the Irrigators have not suffered sufficient injury to be heard. Nothing in Article III suggests that where a federal decision is in play, and powerfully implicates the interests of a litigant, that litigant may not be heard to challenge the decision.

As set forth in the accompanying Declaration of Dr. Darryll Olsen, the Irrigators have been active in the CRSO EIS process presenting, among other things, defects in the mandatory mitigation analyses of the Federal Defendants (the focus of the existing cross-claim) and the Federal Defendants' failure to consider an adequate range of alternatives (the focus of the proposed second cross-claim). They have a right to lawful implementation of NEPA where the resulting decisions threaten, without adequate mitigation, to put them out of business.

The Ninth Circuit has repeatedly upheld standing in the NEPA context where the Article III requirements of immediacy, causation and redressability are relaxed by reason of the procedural nature of NEPA. The authority cited by the Federal defendants is simply not on point.

With this response to the motion to dismiss, the Irrigators are also filing a motion to add an additional cross-claim challenging the Federal Defendants' failure to consider a reasonable range of alternatives, and in particular specific alternatives crafted in way that

may reasonably be expected to protect and maintain Columbia Basin salmon species while also mitigating economic disruption. They Irrigators had presented such an alternative to the Federal Defendants, who arbitrarily and capriciously refused to consider it.

Obviously, alternatives selected have a direct relationship to the amount of mitigation required. The Federal Defendant's failure to both specify appropriate alternatives-including self-mitigating ones (the proposed additional cross-claim) exacerbates the injury to the Irrigators from the failure of mitigation planning (the current cross-claim). The additional cross-claim helps explain the injury to the Irrigators arising from the conduct challenged in the initial cross-claim.

## Argument

### I. THE MOTION OF THE FEDERAL DEFENDANTS TO DISMISS THE IRRIGATORS' CROSS-CLAIM SHOULD BE DENIED.

The challenges faced by the Irrigators and the Region are not abstract and remote. They are immediate and specific. The Federal Defendants have produced a Record of Decision, cast as the Preferred Alternative in an FEIS, which has been uniformly rejected by Regional leadership, is likely to be rejected by this Court (*see* Declaration of Dr. Darryll Olsen, filed herewith, ¶ 12), and may well be repudiated in the middle of briefing by the new Administration.

Within weeks, the Plaintiffs will present a motion for injunctive relief which may even more immediately and directly implicate the interests of the Irrigators. This Court will be faced with difficult decisions as to both immediate relief and longer-term planning issues. Under these extraordinary circumstances, the Federal Defendants' focus

Page 3   INTERVENOR-DEFENDANT COLUMBIA-SNAKE RIVER IRRIGATORS ASSOCIATION'S RESPONSE TO FEDERAL DEFENDANTS' MOTION TO DISMISS

on the lack of "immediate" harm to the Irrigators from the Preferred Alternatives is simply unrealistic.

No legal principle supports the claim that the interests of the Irrigators are not sufficiently concrete or imminent to advance affirmative claims in this litigation. The Federal Defendants appear to have forgotten that this Court's prior decision attempting to deny standing to economic interests was reversed by the Ninth Circuit in *PNGC v. Brown*, 38 F.3d 1058, 1065 (9th Cir. 1994). While that case concerned standing to challenge biological opinions under the ESA, rather than the advice contained in an EIS, the Irrigators are, like the interests in *Brown*, "entities whose way of conducting business may be affected by the alleged failures of the federal agencies". *Id.* at 1065 (9th Cir. 1994). The Ninth Circuit later applied the same rule to reverse a district court's dismissal of irrigators' challenges to an EIS in *Laub v. United States DOI*, 342 F.3d 1080 (9th Cir. 2003).

In the NEPA context, "when a plaintiff seeks to enforce a procedural requirement, 'the disregard of which *could impair* a separate concrete interest of theirs, the plaintiff can establish standing without meeting all the normal standards for redressability and immediacy.'" *Id*. at 1086 (emphasis added). The Federal Defendants' continuing disregard for the law of NEPA is impairing the Irrigators' interests in economical and effective salmon recovery, and the Irrigators do not have to wait for yet another remand to try and get things back on course.

Really, the procedural timing proposed by the Federal Defendants makes no sense whatsoever. The Federal Defendants would apparently have the Irrigators present their claims only after this Court has already fully considered the lawfulness of the FEIS with

Page 4   INTERVENOR-DEFENDANT COLUMBIA-SNAKE RIVER IRRIGATORS
         ASSOCIATION'S RESPONSE TO FEDERAL DEFENDANTS' MOTION TO
         DISMISS

its Preferred Alternatives, already determined how to respond to the unlawful conduct of the Federal Defendants through a remand with instructions or other relief. In general, the Court is to seek "the just, speedy, and inexpensive determination of every action and proceeding" (Fed. R. Civ. P. 1), and not fragmentize or delay judicial review as suggested by the Federal Defendants.

The Federal Defendants rely upon *Summers v. Earth Island Inst.*, 555 U.S. 488, 490, 129 S. Ct. 1142, 1147 (2009),[1] but it was not a NEPA case in which litigants challenged a record of decision supported by NEPA analysis. Rather, it addressed standing after environmentalists had abandoned all challenges to any specific action and had no evidence that any further action would have any effect on them. The Supreme Court thus easily concluded: "We know of no precedent for the proposition that when a plaintiff has sued to challenge the lawfulness of certain action or threatened action but has settled that suit, he retains standing to challenge the basis for that action (here, the regulation in the abstract)." *Id.* at 1149-50.

Here the suit over the specific federal decision implicating the Irrigators' interests has not been settled. The Irrigators do not seek to vindicate a procedural right "*in

---

[1] They also cite *Forest Conserv. Council v. Espy*, 835 F. Supp. 1202 (D. Idaho 1993), *aff'd*, 42 F.3d 1399 (9th Cir. 1994), but the decision there denying standing to an intervenor was premised on an Eleventh Circuit case, *Region 8 Timber Purchasers Council v. Alcock*, 993 F.2d 800 (11th Cir. 1993), *cert. denied*, 510 U.S. 1040 (1994), which rejected by the Ninth Circuit in the *PNGC* case. *Compare Espy*, 835 F. Supp. at 1219 *and PNGC*, 38 F.3d at 1066; *see also Hells Canyon Pres. Council v. Richmond*, 841 F. Supp. 1039, 1047 n.6 (D. Or. 1993) (distinguishing *Region 8* because more timber would not necessarily be available to timber purchasers even if actions taken to protect endangered species were eliminated). The Irrigators are not before the Court to file briefs supporting the FEIS' Preferred Alternative; they are here to assist the Court in focusing the Federal Defendants on compliance with NEPA that can develop better operational plans for the fish and the Irrigators.

Page 5   INTERVENOR-DEFENDANT COLUMBIA-SNAKE RIVER IRRIGATORS
         ASSOCIATION'S RESPONSE TO FEDERAL DEFENDANTS' MOTION TO
         DISMISS

*vacuo*". They seek to vindicate it in the context of concrete and ongoing decision making which is highly likely to set aside the FEIS, its Preferred Alternative, and the resulting Records of Decision.

Just how likely the Plaintiffs are to succeed on the merits of their challenges will shortly be briefed. The Court may wish to defer ruling on the Federal Defendants' motion until after review of the Plaintiffs' filings. To the extent that the Court determines that Plaintiffs are not likely to prevail on the merits, such that the Preferred Alternative and ROD are likely to remain intact, the case for threatened injury to the Irrigators from the Federal Defendants' NEPA violations would be attenuated. But if the Court rules as the Irrigators expect, such a ruling will further support denial of the motion to dismiss.

## Conclusion

For the foregoing reasons, the Federal Defendants' motion to dismiss should be denied.

DATED: June 9, 2021.

> *s/ James L. Buchal*
> James L. Buchal, OSB No. 921618
> MURPHY & BUCHAL LLP
> Tel: 503-227-1011
> Fax: 503-227-1034
> jbuchal@mbllp.com
>
> *Attorney for Defendant-Intervenor*
> *Columbia Snake River Irrigators Association*

Page 6    INTERVENOR-DEFENDANT COLUMBIA-SNAKE RIVER IRRIGATORS ASSOCIATION'S RESPONSE TO FEDERAL DEFENDANTS' MOTION TO DISMISS

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and a resident of the State of Oregon. I am over 18 years of age and not a party to this action. My business address is 5353 S.E. Henderson, Portland, OR 97206.

I certify that on June 9, 2021, the foregoing INTERVENOR-DEFENDANT COLUMBIA-SNAKE RIVER IRRIGATORS ASSOCIATION'S RESPONSE TO FEDERAL DEFENDANTS' MOTION TO DISMISS will be electronically mailed to all parties enrolled to receive such notice.

*s/ Carole A. Caldwell*