IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AMERICAN RIVERS**, *et al.*, | Case No. 3:01-cv-640-SI |
| Plaintiffs, | **ORDER** |
| and | |
| **STATE OF OREGON**, *et al.*, | |
| Intervenor-Plaintiffs, | |
| v. | |
| **NATIONAL MARINE FISHERIES SERVICE**, *et al.*, | |
| Defendants, | |
| and | |
| **NORTHWEST IRRIGATION UTILITIES**, *et al.*, | |
| Intervenor-Defendants. | |

**Michael H. Simon, District Judge.**

Intervenor-Defendant Columbia-Snake River Irrigators Association (CSRIA) asserts a

cross claim against Defendants Army Corps of Engineers (Corps) and Bureau of Reclamation

(BOR) (Moving Defendants), alleging they violated the National Environmental Policy Act

(NEPA). CSRIA asserts that the Corps and BOR failed properly to consider how alternatives evaluated in the Final Environmental Impact Statement (FEIS) on the Federal Columbia River Power System that were *not* selected as the preferred alternative would affect CSRIA and failed properly to consider mitigation for those unselected alternatives. The Moving Defendants move under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss CSRIA's cross claim for lack of subject matter jurisdiction, arguing that CSRIA lacks standing because it fails to allege the requisite injury and redressability. The Moving Defendants contend that CSRIA's allegations are insufficient because they allege injury from alternatives that were not selected instead of any problem with, or injury caused by, the preferred alternative in the FEIS.

In response, CSRIA moves to amend its cross claim. CSRIA seeks to add a claim that the Moving Defendants failed to consider an adequate range of alternatives in the FEIS. CSRIA also purports to clarify its alleged harm from the unselected alternatives. The Moving Defendants argue that the proposed amended cross claim suffers from the same deficiencies as the original cross claim, because CSRIA still challenges only alternatives that are not the preferred alternative and does not argue that it is or will be harmed by the alternative chosen by the agencies. For the reasons discussed below, CSRIA's motion to amend is granted and the Moving Defendants' motion to dismiss is granted against the amended cross claim.

## STANDARDS

The U.S. Constitution confers limited authority on the federal courts to hear only active cases or controversies brought by persons who demonstrate standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546-47 (2016); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 89-90 (2013). Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo*, 136 S. Ct. at 1547. A plaintiff's standing under Article III of the United States Constitution is a component of subject matter jurisdiction properly

challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it is the burden of the party asserting jurisdiction to establish the existence of subject matter jurisdiction. *Id.* at 1122; *see also Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack on subject matter jurisdiction is based on the assertion that the allegations in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation and quotation marks omitted).

## BACKGROUND

In January 2021, Plaintiffs filed their eighth supplemental complaint (Complaint). The Complaint challenges the July 24, 2020 Biological Opinion (2020 BiOp) issued by the National Marine Fisheries Service (NMFS) under the Endangered Species Act and the Administrative Procedure Act. Plaintiffs request that the Court vacate the 2020 BiOp and incidental take statements. ECF 2311 at 71. Plaintiffs also challenge the Corps and BOR's FEIS and their Joint

Record of Decision (ROD). The Complaint requests that the Court "[v]acate the 2020 ROD and remand the CRSO FEIS to the Corps and BOR." *Id.* at 72.

In the FEIS, six alternatives were proposed and analyzed, and the agencies chose a Preferred Alternative. CSRIA does not allege that the Preferred Alternative violates NEPA or harms CSRIA's members. Instead, CSRIA objects to measures within Multiple Objective 3 (MO3) and Multiple Objective 4 (MO4). Specifically, CSRIA alleges that the BOR and Corps failed properly to evaluate how breaching the four lower Snake River dams (included in MO3), and annual pool drawdowns on the mainstem of the Snake and Columbia Rivers to minimum operating levels (included in MO4), might harm the interests of CSRIA's members and failed to include mitigation for those potential harms. CSRIA also alleges in its proposed amended cross claim that the agencies failed to consider additional alternatives that would properly, or better, address the needs of the region.

## DISCUSSION

The Moving Defendants are facially challenging CSRIA's standing. The Moving Defendants argue that CSRIA lacks standing because CSRIA fails to allege a cognizable injury. The Moving Defendants also argue that CSRIA fails to allege an injury that is redressable by any order of the Court.

To have standing, a plaintiff must have "personal interest . . . at the commencement of the litigation." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The required personal interest must satisfy three elements throughout the litigation: (1) an injury in fact, *i.e.*, an invasion of a legally protected interest that is concrete and preferred alternative particularized, as well as actual or imminent; (2) a causal connection between the injury-in-fact and the defendant's challenged behavior; and (3) likelihood that the injury-in-fact will be redressed by a favorable ruling. *Id.* at 180-81, 189; *see also Spokeo*, 136 S. Ct. at 1547

(reiterating that the "irreducible constitutional minimum" of standing consists of "an injury in fact . . . fairly traceable to the challenged conduct of the defendant, and . . . likely to be redressed by a favorable judicial decision"). An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). An injury is "concrete" if it is "'*de facto*'; that is it must actually exist," meaning that it is "'real' and not 'abstract.'" *Id.* "'Concrete' is not, however, necessarily synonymous with 'tangible.' Although tangible injuries are perhaps easier to recognize, [the Supreme Court has] confirmed in many . . . previous cases that intangible injuries can nevertheless be concrete." *Id.* at 1549.

"To establish an injury-in-fact, a plaintiff challenging the violation of a procedural right must demonstrate (1) that he has a procedural right that, if exercised, could have protected his concrete interests, (2) that the procedures in question are designed to protect those concrete interests, and (3) that the challenged action's threat to the plaintiff's concrete interests is reasonably probable." *California v. Azar*, 911 F.3d 558, 570 (9th Cir. 2018). "Deprivation of a procedural right without some concrete interest that is affected by the deprivation is insufficient to create Article III standing." *Id.* (simplified) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)); *see also WildEarth Guardians v. Jewell*, 738 F.3d 298, 305 (D.C. Cir. 2013) ("A procedural injury claim therefore must be tethered to some concrete interest adversely affected by the procedural deprivation . . . .").

The imminence inquiry, however, is less demanding for procedural harms. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1161 (9th Cir. 2017). As the Ninth Circuit explained:

> The challenged action need not immediately or directly cause the harm as a first-order effect. That the potential injury would be the result of a chain of events need not doom the standing claim. The relevant inquiry is whether there is a reasonable probability that the

> challenged procedural violation will harm the plaintiffs' concrete
> interests, not how many steps must occur before such harm occurs.
>
> Notwithstanding this relaxed standard, injury in fact requires a
> likelihood that the challenged action, if ultimately taken, would
> threaten a plaintiff's interests. Where a plaintiff cannot explain *in
> any way* how their interests may be affected by agency action, it
> has not suffered an injury in fact. So, although a contingent chain
> of events can create a reasonably probable threat to a plaintiff's
> interests, a purely speculative sequence of occurrences will not
> meet this standard.

*Id.*

In both CSRIA's original and amended cross claim, CSRIA does not allege harm from the Preferred Alternative chosen by the federal agencies in the FEIS. In the ROD, the agencies selected a course of federal action, and CSRIA does not assert that the chosen federal action will cause harm to CSRIA or its members. Indeed, CSRIA requests as a remedy that the Court leave the FEIS chosen alternative and ROD in place and only remand the non-selected alternatives to the agencies for further analysis. CSRIA alleges that "[b]ecause of the widespread public rejection of the Preferred Alternative, and its likely rejection by this Court, unmitigated or inadequately mitigated damage to the Irrigators and their members is likely." ECF 2366 at 13 (Am. Cross Claim ¶ 16). CSRIA also alleges that "[t]he four dam removal alternative would, if adopted, generate adverse effects on irrigators and their members." *Id.* at 12 (Am. Cross Claim ¶ 10). CSRIA further alleges that a lack of alternatives "leaves the Region and the Court, in substance, with only the Preferred Alternative and the four-dam breaching alternative." *Id.* at 15 (Am. Cross Claim ¶ 24). CSRIA argues the alleged violations of NEPA likely will cause its members harm if the Preferred alternative is not upheld after Plaintiffs' challenge in Court.

CSRIA fails to allege a concrete interest affected or reasonably probable to be affected by the alleged NEPA violations because these violations involve alternatives not selected by the federal agencies. The cases cited by CSRIA involve challenges to the *selected* alternative in an

environmental impact statement and are inapposite. By challenging the unselected alternatives, CSRIA cannot show how it or its members are harmed by the actions of the Corps and BOR.

Additionally, the alleged future injury is too speculative to support standing. The alleged harm is not from the federal agencies' planned actions, but rather from actions CSRIA is worried the agencies may take if a series of future events occurs. Getting to the alleged harm, however, requires a "purely speculative sequence of occurrences." *Navajo Nation*, 876 F.3d at 1161. The Court will have to find that the Corps and BOR violated NEPA in preparing the FEIS and issuing the ROD, and then the Court will have to mandate or the agencies will have to choose to implement the dam breaching alternative, with no further analysis to cure any NEPA violations that would have been found by the Court. CSRIA provides no evidence, argument, or authority that the agencies or the Court would proceed in this manner if the Court found that the Corps and BOR violated NEPA. Nor have Plaintiffs requested this remedy in the Eighth Amended Complaint. Plaintiffs have requested only that the Court vacate the FEIS and ROD, not that the Court or the agencies "select" a different alternative within the FEIS as the new Preferred Alternative. Because the Court finds that CSRIA has not sufficiently alleged injury, the Court does not reach the Moving Defendants' argument on redressability.

## CONCLUSION

The Court GRANTS Intervenor CSRIA's Motion to Amend Answer and Cross Claim (ECF 2366). The Court also GRANTS the Federal Defendants' Motion to Dismiss CSRIA's Cross Claim (ECF 2362), applying the motion against CSRIA's Amended Cross Claim.

**IT IS SO ORDERED**.

DATED this 12th day of August, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
