**STEPHEN J. ODELL, OSB # 903530**
MARTEN LAW LLP
1050 SW Sixth Ave., Suite 2150
Portland, Oregon 97204
Telephone: (503) 241-2648
Telefax: (503) 243-2202
E-mail: sodell@martenlaw.com

**IRENE A. SCRUGGS, OSB # 065030**
General Counsel
PUBLIC POWER COUNCIL
650 NE Holladay, Suite 810
Portland, OR 97232
Telephone: (503) 595-9779
Telefax: (503) 239-5959
E-mail: iscruggs@ppcpdx.org

*Attorneys for Intervenor-Defendant Public Power Council*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **NATIONAL WILDLIFE FEDERATION**, et al.,<br><br>        Plaintiffs,<br><br>    and<br><br>**STATE OF OREGON,**<br><br>        Intervenor-Plaintiff,<br><br>    v.<br><br>**NATIONAL MARINE FISHERIES SERVICE**, agency of the United States Department of Commerce, et al.,<br><br>        Defendants,<br><br>    and<br><br>**NORTHWEST IRRIGATION UTILITIES,**<br><br>        Intervenor-Defendants. | Case No. 3:01-cv-640-SI<br><br>**DECLARATION OF SCOTT SIMMS** |

Page 1 – DECLARATION OF SCOTT SIMMS
   *National Wildlife Fed'n v. National Marine Fisheries Serv.*, Case no. 3:01-cv-640-SI (D. Or.)

I, SCOTT SIMMS, in accordance with the provisions of 28 U.S.C. Section 1746, hereby declare as follows:

1. I am the Executive Director of Plaintiff Public Power Council ("PPC"), a position I have held since 2019. In my capacity as PPC's Executive Director, I am responsible for leading and managing a major regional trade association that represents the interests of consumer-owned utilities of the Pacific Northwest region that are statutory preference customers of BPA. I offer this declaration based upon my own personal knowledge as well as on information provided by other PPC representatives with knowledge of the subjects it addresses. I believe based on the foregoing that the following information is true and correct to the best of my knowledge.

2. In my role as PPC's Executive Director, I consult regularly with our General Counsel to stay abreast and monitor all litigation to which PPC is a party, including the above-captioned action. I know, for example, that PPC has been an Intervenor-Defendant in this case since shortly after it commenced, as of July 2001, although PPC has not actively participated in its proceedings since I assumed my position as Executive Director. Nevertheless, I seek and am regularly provided with updates as to its latest developments.

3. It was in this context that I became aware that various plaintiffs in the case filed new or supplemental complaints in early 2021 to challenge the July 2020 Columbia River System Operations ("CRSO") Final Environmental Impact Statement, the Biological Opinion of the National Marine Fisheries Service for Continued Operation and Maintenance of the Columbia River System dated July 24, 2020, and the September 2020 CRSO Record of Decision. Upon reviewing those complaints and, in particular, the cursory and highly general statements of the relief they contained, PPC did not believe that reactivating its participation in the case was

warranted at that time, and therefore, PPC did not advise the Court that it intended to do so by the date the Court set for providing such notice in its Scheduling Order dated April 2, 2021.

4. More recently, however, I was made aware of and had the opportunity to review the two motions for preliminary injunctions that plaintiffs have filed in the matter. As part of that review process, I asked PPC staff to study in particular the potential implications for PPC's and its members' interests of the much more detailed relief that those motions now articulate. Upon completion of that review, PPC's Board determined that the relief such motions request implicate the vital interests of the Council and, on that basis, authorized PPC to seek to reactive its participation in the case. In turn, I advised PPC's General Counsel to move forward with efforts to have the necessary papers filed with the Court to request that PPC be permitted to participate in the current round of proceedings, in particular to be able to respond to the pending preliminary injunction motions. PPC has taken all such steps in as orderly and expeditious a time frame as possible given its understanding that papers responsive to the pending preliminary injunction motions are now due by November 5, 2021. The foregoing explains the rationale for PPC's doing so at this time instead of having apprised the Court of its intent to participate in the current round of the litigation by the earlier date in April set in the Scheduling Order issued last spring.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of September 2021.

                s/ Scott Simms
                Scott Simms
                Executive Director
                Public Power Council