JAMES M. WADDELL  
289 OCEAN COVE LANE  
PORT ANGELES, WA 98363  
(360) 775-7799  
kairos42@earthlink.net  

THE HONORABLE MICHAEL H. SIMON

*Pro Se*

UNITED STATES DISTRICT COURT  
DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| AMERICAN RIVERS, et al.,<br><br>        Plaintiffs,<br>  and<br><br>STATE OF OREGON<br><br>        Intervenor-Plaintiffs,<br><br>  v.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>        Defendants,<br>  and<br><br>PUBLIC POWER COUNCIL, et al.,<br><br>        Intervenor-Defendants. | No. 3:01-cv-00640-SI<br><br>**OPPOSITION TO JOINT MOTION TO STAY LITIGATION** |

**OPPOSITION TO JOINT MOTION TO STAY LITIGATION**

      On October 21, 2021, the primary parties in this litigation filed an "Unopposed Joint Motion to Stay Litigation." (Doc. 2411, "Stay Motion".) The LR 7-1 Conferral Certification states that the undersigned counsel made a good faith effort to confer with counsel for all parties

OPPOSITION TO JOINT MOTION TO STAY LITIGATION

and *amici* on this motion. I, however, did not receive an email or phone call in an attempt to confer with me.

I oppose stay of this litigation.

As set forth in my Amicus Brief (Doc. 2412), Court intervention is absolutely necessary for any meaningful relief in the time necessary to prevent the extinction of endangered species.

My Amicus Brief is supported by:

- Declaration of Chris Pinney, United States Army Corps of Engineers' fisheries biologist employed by the Walla Walla District from November 1991 to December 2018, and intimately familiar with all aspects of this matter, in particular, the inadequacies of spill, the feasibility of breaching, and the biological urgency to do so.

- Declaration of Rodney Sando, who worked for twenty-two years at the Minnesota Department of Natural Resources, served as the Director of the DNR form 1990 through 1998, served as Director of Idaho Fish and Game, and served as the Executive Director of the Columbia Fish and Wildlife Authority, speaking to the politics, history, biological urgency, and necessity of court intervention.

- Declarations of Deborah A. Giles and Kenneth Balcomb III, world renowned experts on the critically endangered Southern Resident orcas, who draw the clear connection between the need for immediate dam breaching and the survival of that species.

- My Declaration, based on my 35 year career as a professional engineer with the US Army Corps of Engineers and having specific knowledge of the lower Snake River dams, explaining the feasibility of breaching the dams starting this year.

While it may be tempting for the Court to be hopeful that the parties may reach a long-term collaborative solution, history shows us otherwise. The endangered salmon, steelhead, and

Southern Resident orcas – who the Endangered Species Act is meant to protect -- would not be requesting a stay. They simply do not have time to wait until July 2022. It might, at first, seem like just another year, but those years of more studies and more studies and delay upon delay have added up to over 20. *Nat'l Wildlife Fed'n.*, 2005 WL 2488447, at *1 ("The entire remand time was lost and wasted."). There is simply no reason to grant more time. For the reasons set forth by Chris Pinney, the Court should not be comforted by yet another stop gap measure in the form of an interim spill Agreement.

In 2005, this Court warmed NOAA and other federal agencies "to be aware of the possibility of breaching the four dams on the lower Snake River, *if all else fails*." Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv., No. CV 01-640-RE, 2005 WL 2488447, at *3 (D. Or. Oct. 7, 2005), aff'd, 481 F.3d 1224 (9th Cir. 2007), opinion amended and superseded, 524 F.3d 917 (9th Cir. 2008), and aff'd, 524 F.3d 917 (9th Cir. 2008) (emphasis original). All else has failed.

It is no coincidence that, with us now at that critical juncture, the Federal Defendants are doing their best to buy more time. With that additional time, endangered species will be beyond the point of recovery. They will then be able to say that the biological urgency to breach the dams no longer exists.

Footnote 2 of the Stay Motion reveals the Federal Defendants' fear of Court intervention, in particular, the entry of any type of enforceable court order. This speaks volumes to the point that Court intervention is absolutely critical.

WHEREFORE, I respectfully request that the Court deny the Stay Motion, take a close look at the scientific evidence and policy and engineering expertise presented in my Amicus Brief, and based upon its inherent authority and that under the ESA, order breach of the lower Snake River dams starting this year. I further request oral argument on this matter.

**DATED: October 21, 2021**

                                            **Respectfully submitted,**

                                            /s/ *James Waddell*

                                            **JAMES WADDELL,** *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Court's CM/ECF filing system, which will send notice of the filing upon all parties registered in the CM/ECF system for this matter.

**DATED: October 21, 2021**

/s/ *James Waddell*                                   .

JAMES WADDELL