JAMES M. WADDELL
289 OCEAN COVE LANE
PORT ANGELES, WA 98363
(360) 775-7799
kairos42@earthlink.net

THE HONORABLE MICHAEL H. SIMON

*Pro Se*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| AMERICAN RIVERS, et al.,<br><br>　　　　　Plaintiffs,<br>　and<br><br>STATE OF OREGON,<br><br>　　　　　Intervenor-Plaintiffs,<br><br>　v.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>　　　　　Defendants,<br>　and<br><br>PUBLIC POWER COUNCIL, et al.,<br><br>　　　　　Intervenor-Defendants. | No. 3:01-cv-00640-SI<br><br>**SUPPLEMENTAL OPPOSITION TO JOINT MOTION TO STAY LITIGATION** |

**SUPPLEMENTAL OPPOSITION TO JOINT MOTION TO STAY LITIGATION**

After having conferred with the attorneys for the parties who filed the "Unopposed Joint Motion to Stay Litigation" (Doc. 2411, "Stay Motion"), I continue to oppose the stay because I was not given any reason to believe that the process is any different from what was undertaken

unsuccessfully in the past. In this context, the delay in order to engage in more discussion for a "long-term comprehensive solution" only underscores the need for Court oversight.

The parties continue to say that breaching is "on the table." Breaching has been "on the table" for decades. Because there still does not appear to be any concrete commitments, defined process, or parameters of negotiating, it is reasonable to question whether the parties will be able to reach an effective resolution that could be implemented in the time frame necessary to avert biological extinction.

Along these lines, the Stay Motion notes the concerns of the Confederated Tribes of the Umatilla Indian Reservation, the Confederated Tribes of the Warm Springs Reservation of Oregon, and the Confederated Tribes and Bands of the Yakama Nation regarding the fact that "there is, as of yet, no commitment by the moving parties to include these three sovereigns in ongoing or contemplated future discussions or negotiations regarding 'a long-term comprehensive solution that, if successful, may resolve this litigation.'" (Stay Motion at fn. 1.) Without a well thought-out process in place, it seems near certain that the parties will be moving to extend the stay come July 2022.[1]

The parties have needlessly complicated this litigation by attempting to resolve all issues regarding the entire Columbia River system at once, when the topic of breaching the lower Snake River dams is clearly separable. Indeed, the 2002 Final Lower Snake River Juvenile Salmon Migration Feasibility Report/Environmental Impact Statement, available at https://www.nww.usace.army.mil/Library/2002-LSR-Study/, studied breaching the lower Snake River dams independent of all other dams in the Columbia/Snake River system. That study

---

[1] For the reasons stated in my *Amicus* brief and in the declarations of experts filed therewith, I do not endorse more process as to the lower Snake River dams. The lack of a well thought out process in place in general, however, should give the Court pause.

concluded that dam breaching was the best alternative to avoid extinction of endangered salmon and steelhead. Yet, dam breaching was not selected. The federal agencies have since tried all other alternatives studied, and they have all failed.

Discussions, such as those contemplated by the parties now, pre-date even the 2002 EIS. The studies have been done more than once. Yet, it appears that a core piece of the parties' long term strategy is more studies.

The Biden Administration and the US Army Corps of Engineers can, of course, take immediate action to breach the dams with or without a court order. Court ordered dam breaching, or at least indication from the Court that it will in fact order such measures as it contemplated back in 2005 based on the federal agencies continued violation of federal environmental law, would obviously expedite the process.

The Court also has an important role in lending transparency to the process. There are many interested stakeholders beyond the immediate parties to, and participants in, this litigation. A hearing and more extensive Court oversight would allow greater transparency and public accountability regarding the dam breaching process.

**WHEREFORE**, I respectfully request that the Court deny the Stay Motion, take a close look at the scientific evidence and policy and engineering expertise presented in my Amicus Brief, and based upon its inherent authority and that under the ESA, order breach of the lower Snake River dams starting this year.

**DATED: October 26, 2021**

                                                  **Respectfully submitted,**

                                                  **/s/ *James Waddell***

                                                  **JAMES WADDELL,** *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Court's CM/ECF filing system, which will send notice of the filing upon all parties registered in the CM/ECF system for this matter.

**DATED: October 26, 2021**

/s/ *James Waddell*                               .

JAMES WADDELL