TODD KIM, Assistant Attorney General
ROMNEY PHILPOTT, Senior Attorney
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
Tel: (303) 844-1810 (Philpott) / Tel: (303) 844-1479 (Eitel)
Fax: (303) 844-1350
Email: Romney.Philpott@usdoj.gov; Michael.Eitel@usdoj.gov

*Attorneys for Federal Defendants*
*Additional counsel on signature page*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **NATIONAL WILDLIFE FEDERATION**, et al., | Case No. 3:01-cv-640-SI |
| Plaintiffs, | **UNOPPOSED MOTION TO STAY TWO COMPLAINTS-IN-INTERVENTION** |
| and | |
| **STATE OF OREGON**, et al., | |
| Intervenor-Plaintiffs, | |
| v. | |
| **NATIONAL MARINE FISHERIES SERVICE**, et al., | |
| Defendants, | |
| and | |
| **PUBLIC POWER COUNCIL**, et al., | |
| Intervenor-Defendants. | |

PAGE 1 – MOT. FOR STAY OR ADMIN. CLOSURE

## INTRODUCTION

The Coeur d'Alene Tribe, the Spokane Tribe of Indians, and Federal Defendants (Moving Parties) respectfully request that the Court stay or administratively close proceedings related to the Complaints-in-Intervention filed by the Coeur d'Alene Tribe and the Spokane Tribe of Indians until December 31, 2043.[1] ECFs 2320, 2330. This Motion is based on the Memorandum of Understanding and Mediated Settlement Agreement (the Agreement) to pursue a proactive, collaborative, and science-based approach to implementing the Phase 2 Implementation Plan (P2IP). The Moving Parties and the Confederated Tribes of the Colville Reservation executed the Agreement on September 21, 2023. *See* Exhibit A.[2]

The Moving Parties conferred on this Motion with the other litigation parties and amicus. The Confederated Tribes of the Colville Reservation (a signatory to the Agreement), the Kootenai Tribe of Idaho, the Confederated Tribes of the Umatilla Indian Reservation, the Confederated Tribes of the Warm Springs Reservation of Oregon, the Nez Perce Tribe, and the State of Washington support the motion. The other parties and amicus that responded to the conferral request stated that they do not oppose the motion or take no position.

## BACKGROUND

In 2013, a coalition of Columbia Basin Tribes and Canadian First Nations jointly began developing a four-phased approach to guide the fish passage and reintroduction efforts in the Upper Columbia River. This approach was eventually published in a joint paper by the Columbia

---

[1] This Motion does not seek to stay proceedings related to any of the other Complaints or claims raised in this case, as those issues remain stayed and part of the ongoing Federal Mediation and Conciliation Service (FMCS) mediation process.

[2] The Agreement is attached here for reference only; it is not intended to be construed as a consent decree or otherwise enforceable by the courts, nor is the Agreement intended to be construed as an admission or concession by any party as to the validity of any fact or legal position concerning the claims or defenses in this action or any subsequent action.

Basin Tribes and First Nations in July of 2015.[3] A similar phased approach was recommended and then included in the Northwest Power and Conservation Council's ("Council") 2014 Fish and Wildlife Program ("Program"), and then again in the 2020 Addendum to that Program.

After the phased approach's inclusion in the Program, the Upper Columbia United Tribes—the Confederated Tribes of the Colville Reservation, Coeur d'Alene Tribe, Spokane Tribe of Indians, Kalispel Tribe of Indians, and Kootenai Tribe of Idaho ("UCUT") in collaboration and with the support of the Council, the State of Washington, and others began work on answering the questions described in Phase One of the Program. That work culminated in a 2019 Phase One Report ("Report") that was presented to the Council and received a favorable review by the Independent Scientific Advisory Board ("ISAB")[4], a board that advises the Council.

Based upon completion of that Report, UCUT and its partners developed the Phase Two Implementation Plan ("P2IP" or "Plan"). The P2IP was reviewed by the ISAB with a report finalized on December 8, 2022.[5]  The Plan involves testing key biological assumptions, guiding management actions, developing interim hatchery and passage facilities, establishing sources of donor and brood stocks for reintroduction, and evaluating success over an approximate 20-year period. *See generally* P2IP, https://ucut.org/water/phase-2-implementation-plan-testing-feasibility-of-reintroduced-salmon/ (last visited Sept. 26, 2023).

In early 2021, the Coeur d'Alene Tribe and Spokane Tribe of Indians filed Complaints-in-Intervention in this case. ECFs 2320, 2330. The Court subsequently stayed this case in 2021,

---

[3] *Available at* https://ucut.org/wp-content/uploads/2016/09/Fish_Passage_and_Reintroduction_into_the_US_And_Canadian_Upper_Columbia_River4-1.pdf (last visited September 26, 2023).
[4] *Available at* https://www.nwcouncil.org/reports/isab2019-3/ (last Visited September 26, 2023).
[5] *Available at* https://www.nwcouncil.org/reports/isab2022-2/ (last visited September 26, 2023).

PAGE 3 – MOT. FOR STAY OR ADMIN. CLOSURE

2022, and 2023 to facilitate mediated discussions on potential solutions that could resolve Plaintiffs' claims in this case and in three related petitions for review filed in the Ninth Circuit.[6] *See* Order, ECF 2415 (filed Oct. 26, 2021); Order, ECF 2425 (Aug. 4, 2022); ECF 2441 (Sept. 1, 2023). During these stay periods, the parties and amicus engaged in confidential mediation with the Federal Mediation and Conciliation Service (FMCS). *See*, *e.g.*, Status Reports, ECFs 2429, 2430, 2433, 2434. Through this process, Federal Defendants and the Coeur d'Alene Tribe, the Spokane Tribe of Indians, and the Confederated Tribes of the Colville Reservation, supported by the State of Washington, negotiated the Agreement (Exhibit A) to resolve the claims raised in two Complaints-in-Intervention in this case and two petitions for review filed in the Ninth Circuit.

## STANDARD OF REVIEW

A district court has "broad discretion" in deciding whether to stay proceedings. *Clinton v. Jones,* 520 U.S. 681, 706 (1997). The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In determining whether to grant a stay request, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In considering this request, the Court is to consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice

---

[6] The Ninth Circuit petitions for review are *Pac. Coast Fed'n of Fishermen's Ass'ns, Inc., v. Bonneville Power Admin.*, 20-73761, *Coeur d'Alene Tribe v. Bonneville Power Admin.*, 20-73762, and *Spokane Tribe of Indians v. Bonneville Power Admin.*, 20-73775. The Moving Parties will be seeking similar relief as that requested here in the latter two petitions.

PAGE 4 – MOT. FOR STAY OR ADMIN. CLOSURE

measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

## ARGUMENT

All factors that the Court considers when evaluating a stay request weigh strongly in favor of a stay or administrative closure of the Spokane Tribe of Indians' and Coeur d'Alene Tribe's Complaints-in-Intervention, as the stay or administrative closure will allow the Moving Parties to implement an Agreement that advances compelling Federal, State, and Tribal sovereign interests.

First, a stay or administrative closure of proceedings will not cause damage or hardship to the other parties to the litigation. The Agreement will benefit the fish, wildlife, diverse habitat, and Indian culture in the Northwest, and it will not preclude ongoing negotiations or the resumption of litigation on any of the claims raised by the non-signatory Plaintiffs in this case. Nor does the Agreement materially harm the interests of any non-Plaintiff litigation parties or amicus. The Agreement does not establish a single, exclusive approval process for changes to Columbia River System operations; the existing regional collaboration and review processes and any future operational decision-making processes are unaffected by this Agreement (*see* § IV.5). Nor does the Agreement alter the agencies' legal obligations associated with other related proceedings (*see* § IV.8). The Agreement, for example, does not alter the Federal agencies' obligations under the court-approved management agreements or other court orders entered in *United States v. Oregon*, 68-cv-513-MO (D. Or.).[7] By focusing on P2IP, the Agreement benefits the Upper Columbia River Tribes without causing undue damage or hardship to the other litigation parties or the public.

---

[7] *See* https://critfc.org/documents/2018-2027-us-v-oregon-management-agreement/ (last visited Sept. 26, 2023).

Second, if there is not a stay or administrative closure of proceedings, substantial time and resources will be diverted from P2IP and toward litigation, to the detriment of the substantial Federal and Tribal interests served by the Agreement. Third, the Moving Parties submit that a stay or administrative closure of proceedings is in the interest of judicial economy because it will avoid unnecessary litigation and allow for immediate and ongoing advances in restoration of fish in the Upper Columbia River Basin. By facilitating sustained Federal-Tribal collaboration on matters of shared interests, the Agreement and the requested stay or administrative closure also have the potential to permanently resolve the two Complaints-in-Intervention (should the parties determine that a continued stay or administrative closure of the complaints-in-intervention is no longer needed).

The Moving Parties recognize that the 20-year duration of this requested stay or administrative closure is relatively long. But a 20-year stay or administrative closure is appropriate over other possible resolutions, like dismissal without prejudice, because it avoids any statute of limitations concerns and permits the Tribes to resume litigation on the existing claims if future conditions necessitate such action. The requested stay or administrative closure also is definite in duration and tied to the expected timeframe for implementation of P2IP—itself a well-defined, peer-reviewed, and scientifically rigorous plan. The Agreement and requested stay or administrative closure period also facilitate the parties' abilities to develop other agreements that benefit the parties and the public interest (*see* § V). Finally, the Agreement appropriately addresses the expected 20-year duration by including robust communication and dispute resolution provisions, which allow the Coeur d'Alene Tribe and the Spokane Tribe of Indians to address any issues or disputes that arise.

//

## CONCLUSION

The Moving Parties believe that this Agreement and a concomitant stay or administrative closure of the Complaints-in-Intervention will allow for the best opportunity to achieve the shared sovereign interests in reintroducing salmonids into the Upper Columbia River Basin. For these reasons, the Moving Parties request that the Court grant a stay or administratively close the Spokane Tribe of Indians' and the Coeur d'Alene Tribe's Complaints-in-Intervention until December 31, 2043.

DATED September 28, 2023

NATALIE K. WIGHT, United States Attorney
COBY HOWELL, Senior Trial Attorney
U.S. Department of Justice
1000 S.W. Third Avenue
Portland, Oregon 97204-2902
Tel: (503) 727-1023 | Fax: (503) 727-1117
Email: Coby.Howell@usdoj.gov

TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief

/s/ Michael R. Eitel
MICHAEL R. EITEL, Senior Trial Attorney
FREDERICK H. TURNER, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
Tel: (303) 844-1479 / Fax: (303) 844-1350
Email: Michael.Eitel@usdoj.gov

ROMNEY PHILPOTT, Senior Attorney
U.S. Department of Justice
Environnent & Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
Tel: (303) 844-1810 / (303)-844-1350 (Fax)
Email: Romney.Philpott@usdoj.gov

*Attorneys for Federal Defendants*

DATED September 28, 2023   /s/ *Ted Knight*
Ted C. Knight, WSBA #39683
Special Legal Counsel
Spokane Tribe of Indians
P.O. Box 100
Wellpinit, WA 99040
Phone (509) 953-1908
ted@tcklaw.com

*Attorney for the Spokane Tribe of Indians*

DATED September 28, 2023   /s/ *Rick Eichstaedt*
Rick Eichstaedt (OSB # 972550)
Eichstaedt Law
421 W. Riverside Ave.
Suite 1004
Spokane, WA 99204
Tel (509) 251-1424
rick@eichstaedtlaw.net

*Attorney for Coeur d'Alene Tribe*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing through the Court's CM-ECF system, which will automatically notify counsel of record. I also caused the foregoing to be manually sent to following:

James M. Waddell, PE
289 Ocean Cove Lane
Port Angeles, WA 98363

/s/ *Michael R. Eitel*
MICHAEL R. EITEL
U.S. Department of Justice