TODD KIM, Assistant Attorney General
ROMNEY PHILPOTT, Senior Attorney
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
Tel: (303) 844-1810 (Philpott) / Tel: (303) 844-1479 (Eitel)
Fax: (303) 844-1350
Email: Romney.Philpott@usdoj.gov; Michael.Eitel@usdoj.gov

*Attorneys for Federal Defendants*
*Additional counsel on signature page*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NATIONAL WILDLIFE FEDERATION**, et al., <br><br> Plaintiffs, <br><br> and <br><br> **STATE OF OREGON**, et al., <br><br> Intervenor-Plaintiffs, <br><br> v. <br><br> **NATIONAL MARINE FISHERIES SERVICE**, et al., <br><br> Defendants, <br><br> and <br><br> **PUBLIC POWER COUNCIL**, et al., <br><br> Intervenor-Defendants. | Case No. 3:01-cv-640-SI <br><br> **JOINT MOTION TO STAY LITIGATION THROUGH 2028** |

# INTRODUCTION

The National Wildlife Federation ("NWF") Plaintiffs,[1] the State of Oregon, the State of Washington, the Confederated Tribes and Bands of the Yakama Nation, the Confederated Tribes of the Umatilla Indian Reservation, the Confederated Tribes of the Warm Springs Reservation of Oregon, the Nez Perce Tribe, and Federal Defendants (collectively, "Moving Parties") respectfully request that the Court stay this litigation for five years, through December 2028, based on the December 13, 2023, Memorandum of Understanding ("MOU") signed by the Moving Parties. *See* Exhibit A.[2] That MOU describes the Columbia Basin Restoration Initiative ("CBRI") and the responsive United States Government Commitments in Support of the Columbia Basin Restoration Initiative ("USG Commitments"). *See* Exhibit A (Attachments 1 and 2). Taken together, these documents demonstrate a good faith effort to continue working to resolve the issues underlying this litigation through partnership and collaboration, rather than the courts. On this basis, the Court should grant the Motion and the requested five-year stay of litigation.

The Moving Parties conferred on this Motion with the other litigation parties and amicus. The Kootenai Tribe of Idaho, the Confederated Tribes of the Colville Reservation, the Spokane Tribe of Indians, and the Columbia-Snake River Irrigators Association support the Motion. The Confederated Salish and Kootenai Tribes do not oppose the Motion. The Coeur d'Alene Tribe

---

[1] The NWF Plaintiffs are: Pacific Coast Federation of Fishermen's Associations, the Institute for Fisheries Resources, Sierra Club, Idaho Rivers United, Northwest Sport Fishing Industry Association, NW Energy Coalition, National Wildlife Federation, Columbia Riverkeeper, Idaho Conservation League, and Fly Fishers International, Inc.

[2] The MOU is attached here for reference only; it is not intended to be construed as a consent decree or otherwise enforceable by the courts, nor is the MOU intended to be construed as an admission or concession by any party as to the validity of any fact or legal position concerning the claims or defenses in this action or any subsequent action.

and the State of Montana indicated that they need additional time to review the filing. The Public Power Council and Inland Ports and Navigation Group indicated that they need additional time to review the filing and intend to respond to the Motion. The State of Idaho opposes the Motion. The remaining parties did not respond to the conferral requests.

## BACKGROUND

In early 2021, the NWF Plaintiffs and the State of Oregon filed Supplemental Complaints in this case. ECF 2311 (corrected by ECF 2396); ECF 2325. The Coeur d'Alene Tribe and Spokane Tribe of Indians also filed Complaints-in-Intervention. ECF 2320; ECF 2330. The Court subsequently stayed this case in 2021, 2022, and 2023 to facilitate mediated discussions on potential solutions that could resolve Plaintiffs' claims here and in three related petitions for review filed in the Ninth Circuit.[3] *See* Order, ECF 2415 (filed Oct. 26, 2021); Order, ECF 2425 (Aug. 4, 2022); ECF 2441 (Sept. 1, 2023). During these stay periods, the litigation parties and amicus engaged in confidential mediation facilitated by the Federal Mediation and Conciliation Service ("FMCS"). *See*, *e.g.*, Status Reports, ECFs 2429, 2430, 2433, 2434.

On September 21, 2023, the United States entered into an agreement with the Coeur d'Alene Tribe, the Confederated Tribes of the Colville Reservation, and the Spokane Tribe of Indians to support and fund the Tribally-led effort to restore salmon to the blocked habitat in the Upper Columbia River Basin above Chief Joseph and Grand Coulee dams, including the habitats above private dams on the Spokane River. The Coeur d'Alene Tribe, the Spokane Tribe of Indians, and the United States moved to stay for 20 years the Coeur d'Alene Tribe's and the

---

[3] The Ninth Circuit petitions for review are *Pac. Coast Fed'n of Fishermen's Ass'ns, Inc., v. Bonneville Power Admin.*, 20-73761, *Coeur d'Alene Tribe v. Bonneville Power Admin.*, 20-73762, and *Spokane Tribe of Indians v. Bonneville Power Admin.*, 20-73775. The remaining petitioners in 20-73761 will be seeking similar relief as that requested and obtained in the other two petitions, which have been dismissed without prejudice to reinstatement.

Spokane Tribe of Indians' Complaints-in-Intervention, and the Court granted the motion.[4] ECF 2443.

On September 27, 2023, President Biden issued a Memorandum on Restoring Healthy and Abundant Salmon, Steelhead, and Other Native Fish Populations in the Columbia River Basin ("Presidential Memorandum")[5] that directed all relevant Federal agencies to "work with the Congress and with Tribal Nations, States, local governments, and stakeholders to pursue effective, creative, and durable solutions, informed by Indigenous Knowledge; to restore healthy and abundant salmon, steelhead, and other native fish populations in the Basin; to secure a clean and resilient energy future for the region; to support local agriculture and its role in food security domestically and globally; and to invest in the communities that depend on the services provided by the Basin's Federal dams to enhance resilience to changes to the operation of the CRS, including those necessary to address changing hydrological conditions due to climate change."

During the course of the FMCS mediation, the State of Oregon and five other sovereigns—the State of Washington, the Confederated Tribes and Bands of the Yakama Nation, the Confederated Tribes of the Umatilla Indian Reservation, the Confederated Tribes of the Warm Springs Reservation of Oregon, and the Nez Perce Tribe—(collectively, the "Six Sovereigns") developed and provided the CBRI to the United States as a proposed comprehensive solution to shared and complex challenges in the Columbia River Basin. The United States worked with the Six Sovereigns to review, evaluate, and respond to the CBRI, which efforts culminated in the

---

[4] In the Ninth Circuit, the United States moved to voluntarily dismiss, without prejudice to reinstatement, the existing litigation relating to the Coeur d'Alene Tribe's and Spokane Tribe of Indians' petitions for review, which the Ninth Circuit granted. Ninth Circuit, ECF 49.

[5] https://www.whitehouse.gov/briefing-room/presidential-actions/2023/09/27/memorandum-on-restoring-healthy-and-abundant-salmon-steelhead-and-other-native-fish-populations-in-the-columbia-river-basin/.

United States' issuance of a set of commitments known as the USG Commitments, including 10-year interim operations (2024-2033) for the four lower Snake River and four lower Columbia River dams ("USG Operations").

Based on the USG Commitments, the Moving Parties have agreed to seek a five-year stay of litigation from this Court and, at the conclusion of that stay, to move to extend it for an additional five years if they are continuing to work in partnership on Columbia River Basin restoration and have not terminated the MOU. The Moving Parties have further agreed not to litigate over the USG Operations for a period of 10 years so long as this MOU remains in effect, to enable fulfillment of the USG Commitments and allow for additional collaboration and partnership between the Moving Parties to further advance the objectives of the Presidential Memorandum and the CBRI.

## STANDARD OF REVIEW

A district court has "broad discretion" in deciding whether to stay proceedings. *Clinton v. Jones,* 520 U.S. 681, 706 (1997). The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In determining whether to grant a stay request, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In considering this request, the Court is to consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

## ARGUMENT

All factors that the Court considers when evaluating a stay request weigh strongly in favor of a stay of this litigation, as such relief will allow the Moving Parties to implement the USG Commitments and thus advance compelling Federal, State, and Tribal sovereign interests.

First, a stay of proceedings will not cause damage or hardship to the other parties to the litigation. The partnership efforts embodied in the USG Commitments will be undertaken through compliance with applicable laws and benefit the fish, wildlife, diverse habitat, and Indian culture in the Northwest. Moreover, the Moving Parties remain committed to good faith collaboration with the regional sovereigns and with other non-Party litigation participants as appropriate, including coordination on the USG Commitments and USG Operations. Nor will the stay prejudice the non-signatory parties (all of whom are either intervenor-defendants or amici). For example, although the requested stay would encompass the counterclaims recently asserted by the State of Idaho, ECF 2445 & 2446, Idaho would not be prejudiced. Idaho's counterclaims are based on its concern that the NWF Plaintiffs and Oregon in this litigation "may seek a mandatory injunction requiring breach or removal of the Lower Snake River (LSR) dams." ECF 2445 at 13; ECF 2446 at 14. But, even setting aside the many defects to Idaho's counterclaims, there is no reason to deny the stay—much less to litigate the permissible scope of remedies for the plaintiffs' claims in the abstract—when the Moving Parties (including the NWF Plaintiffs and Oregon) are seeking to stay the litigation of these claims.

Second, the MOU and USG Commitments are predicated on a stay of litigation, to facilitate the Moving Parties working in partnership on Columbia River Basin restoration. If there is not a stay of proceedings, substantial time and resources may be diverted away from

Columbia River Basin restoration and toward litigation, to the detriment of the substantial Federal, State, and Tribal interests.

Third, a stay of proceedings is in the interest of judicial economy because it will avoid potentially unnecessary litigation on the claims raised by the Plaintiffs in this case. The requested stay is of a definite duration and supported by robust communication and dispute resolution provisions. These provisions allow the signatories to address any issues outside of litigation or, if disputes cannot be resolved, provide a clear point for withdrawing from the MOU or moving to lift the litigation stay. Cognizant of the five-year duration of the stay, the Moving Parties also have committed to submit annual status reports to the Court. Exhibit A ¶ 6.4.

Finally, by facilitating sustained Federal-State-Tribal collaboration and partnership on matters of shared interests, the requested stay has the potential to permanently resolve the issues underlying the litigation (should the parties determine that a continued stay of the litigation is no longer needed).

## CONCLUSION

The Moving Parties believe that a stay of this case will allow for the best opportunity to achieve the shared sovereign interests in restoring the Columbia River Basin. For these reasons, the Moving Parties request that the Court grant a stay of this proceeding through December 31, 2028.

DATED December 14, 2023    NATALIE K. WIGHT, United States Attorney
COBY HOWELL, Senior Trial Attorney
U.S. Department of Justice
1000 S.W. Third Avenue
Portland, Oregon 97204-2902
Tel: (503) 727-1023 | Fax: (503) 727-1117
Email: Coby.Howell@usdoj.gov

TODD KIM, Assistant Attorney General

                              S. JAY GOVINDAN, Section Chief

                              */s/ Michael R. Eitel*
                              MICHAEL R. EITEL, Senior Trial Attorney
                              FREDERICK H. TURNER, Senior Trial Attorney
                              U.S. Department of Justice
                              Environment & Natural Resources Division
                              Wildlife & Marine Resources Section
                              999 18th Street, South Terrace, Suite 370
                              Denver, Colorado 80202
                              Tel: (303) 844-1479 / Fax: (303) 844-1350
                              Email: Michael.Eitel@usdoj.gov

                              ROMNEY PHILPOTT, Senior Attorney
                              U.S. Department of Justice
                              Environnent & Natural Ressources Division
                              Natural Ressources Section
                              999 18th Street, South Terrace, Suite 370
                              Denver, Colorado 80202
                              Tel: (303) 844-1810 / (303)-844-1350 (Fax)
                              Email: Romney.Philpott@usdoj.gov

                              *Attorneys for Federal Defendants*

DATED December 14, 2023    */s/ Amanda W. Goodin*
                              TODD D. TRUE (WSB #12864)
                              AMANDA W. GOODIN (WSB #41312)
                              Earthjustice
                              810 Third Ave., Suite 610
                              Seattle, WA 98104
                              (206) 343-7340 | Phone
                              (206) 343-1526 | Fax
                              ttrue@earthjustice.org
                              agoodin@earthjustice.org

                              DANIEL J. ROHLF (OSB #99006)
                              Earthrise Law Center
                              Lewis & Clark Law School
                              10015 S.W. Terwilliger Boulevard, MSC 51
                              Portland, OR 97219
                              (503) 768-6707 | Phone
                              (503) 768-6642 | Fax
                              rohlf@lclark.edu

                              *Attorneys for Plaintiffs*

PAGE 8 – JOINT MOT. FOR STAY

| | |
|---|---|
| DATED December 14, 2023 | ELLEN F. ROSENBLUM<br>Attorney General<br><br>*/s/ Nina R. Englander*<br>NINA R. ENGLANDER #106119<br>Assistant Attorney General<br>DEANNA J. CHANG #192202<br>Senior Assistant Attorney General<br>Trial Attorneys<br>Tel (971) 673-1880<br>Fax (971) 673-5000<br>Nina.Englander@doj.state.or.us<br>Deanna.J.Chang@doj.state.or.us<br><br>*Of Attorneys for Intervenor Plaintiff State of Oregon* |
| DATED December 14, 2023 | ROBERT W. FERGUSON<br>Attorney General<br><br>*/s/ John Heidinger*<br>JOHN HEIDINGER, WSBA No. 50984<br>Assistant Attorney General<br>P.O. Box 40100<br>Olympia WA, 98504-0100<br>John.Heidinger@atg.wa.gov<br>Tel (360)753-2496<br><br>*Attorney for Amicus State of Washington* |
| DATED December 14, 2023 | */s/ David Cummings*<br>David J. Cummings (OSB #922695)<br>Geoffrey M. Whiting (OSB #954544)<br>NEZ PERCE TRIBE<br>OFFICE OF LEGAL COUNSEL<br>P.O. Box 305<br>Lapwai, ID 83540<br>(208) 843-7355 | Phone<br>(208) 843-7377 | Fax<br>djc@nezperce.org<br>gwhiting@gmwnezperce.com |

PAGE 9 – JOINT MOT. FOR STAY

*Attorneys for the Nez Perce Tribe*

DATED December 14, 2023

*/s/ Kathryn E. Marckworth*
KATHRYN E. MARCKWORTH (WSB # 46964)
RILEY NEFF WARNER (WSB # 60497)
ETHAN A. JONES (WSB # 46911)
Yakama Nation Office of Legal Counsel
P.O. Box 151 / 401 Fort Road
Toppenish, WA 98948
Tel: (509) 865-7268
Fax: (509) 865-4713
Email: kate@yakamanation-olc.org
    riley@yakamanation-olc.org
    ethan@yakamanation-olc.org

*Attorneys for Confederated Tribes and Bands of the Yakama Nation*

DATED December 14, 2023

*/s/ Brent H. Hall*
BRENT H. HALL (OSB No. 992762)
HALL LAW, PLLC
P.O. Box 945
Walla Walla, WA 99362
Tel: (541) 215-0404
Email: Brent@Bhhall.com

*Attorney for Confederated Tribes of the Warm Springs Reservation of Oregon*

DATED December 14, 2023

JOSEPH R. PITT (OSB No. 081134)
Office of Legal Counsel
Confederated Tribes of the Umatilla Indian Reservation
46411 Timine Way
Pendleton, OR 97801
Tel: (541) 429-7400
Fax: (541) 429-7400
Email: Joepitt@ctuir.org

*/s/ Brent H. Hall*
BRENT H. HALL (OSB No. 992762)
HALL LAW, PLLC
P.O. Box 945

        Walla Walla, WA 99362
        Tel: (541) 215-0404
        Email: Brent@Bhhall.com

*Of Attorneys for the Confederated Tribes of the Umatilla Indian Reservation*

## CERTIFICATE OF SERVICE

I certify that on December 14, 2023, I filed the foregoing through the Court's CM-ECF system, which will automatically notify counsel of record. I also caused the foregoing to be manually sent to following:

    James M. Waddell, PE
    289 Ocean Cove Lane
    Port Angeles, WA 98363

        */s/ Michael R. Eitel*
        MICHAEL R. EITEL
        U.S. Department of Justice