IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NATIONAL WILDLIFE FEDERATION, AMERICAN RIVERS, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, SIERRA CLUB, IDAHO RIVERS UNITED, NORTHWEST SPORTFISHING INDUSTRY ASSOCIATION, NW ENERGY COALITION, COLUMBIA RIVERKEEPER, IDAHO CONSERVATION LEAGUE,** and **FLY FISHERS INTERNATIONAL, INC.**, <br><br>          Plaintiffs, <br><br>and <br><br>**STATE OF OREGON, SPOKANE TRIBE OF INDIANS,** and **COEUR D'ALENE TRIBE**, <br><br>          Intervenor-Plaintiffs, <br><br>     v. <br><br>**NATIONAL MARINE FISHERIES SERVICE, U.S. ARMY CORPS OF ENGINEERS, U.S. BUREAU OF RECLAMATION,** and **U.S. FISH AND WILDLIFE SERVICE**, <br><br>          Defendants, <br><br>and | Case No. 3:01-cv-640-SI <br><br> **AMENDED ORDER**[1] |

---

[1] The Court amends the Order to correct a scrivener's error in the date describing the length of the requested stay. No other changes have been made.

PAGE 1 – AMENDED ORDER

**PUBLIC POWER COUNCIL, COLUMBIA-SNAKE RIVER IRRIGATORS ASSOCIATION, NORTHWEST RIVER PARTNERS, CONFEDERATED SALISH AND KOOTENAI TRIBES, STATE OF MONTANA, INLAND PORTS AND NAVIGATION GROUP, STATE OF IDAHO,** and **KOOTENAI TRIBE OF IDAHO**,

                Intervenor-Defendants.

**Michael H. Simon, District Judge.**

        Plaintiffs, Intervenor-Plaintiff the State of Oregon, the Federal Defendants, and *Amici Curiae* the State of Washington, the Confederated Tribes and Bands of the Yakama Nation (Yakama Nation), the Confederated Tribes of the Umatilla Indian Reservation (Umatilla Tribes), the Confederated Tribes of the Warm Springs Reservation of Oregon (Warm Springs Tribes), and the Nez Perce Tribe (collectively, the Moving Parties) move to stay this case for five years, through December 13, 2028, with the possibility of moving to extend the stay for another five years. The Moving Parties argue that the Court should stay this case because the Moving Parties have agreed in mediation to focus on a non-litigation resolution of the disputes in this case, which have plagued the parties for decades.

        "[T]he decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). A court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

PAGE 2 – AMENDED ORDER

The Moving Parties argue that a stay is warranted because they have signed a Memorandum of Understanding (MOU), ECF 2450-1 at 1-19, which shows that they are moving forward with a resolution outside of litigation. The MOU and its attachments describe actions the Moving Parties anticipate undertaking pursuant to their mediated agreement, including actions to meet the Columbia Basin Restoration Initiative (CBRI) proposed by the Yakama Nation, Umatilla Tribes, Warm Spring Tribes, Nez Perce Tribe, Oregon, and Washington. *Id.* at 20-54. The Federal Defendants agreed to a set of commitments in support of the CBRI (USG Commitments). *Id.* at 55-92. This includes commitments related to spill operations at the Federal Columbia River Power System. *Id.* at 84-89. The Moving Parties contend that a stay of this litigation will not cause any harm or prejudice to any other party, is the most judicious and orderly path forward to maximize the possibility of avoiding needless litigation and expend resources on solutions, and may provide a permanent resolution instead of the decades of litigation that have preceded this motion. The Moving Parties also emphasize that any final action under the MOU or USG Commitments must be in conformance with all applicable laws, and thus concerns that the USG Commitments violate the law are inaccurate but, regardless, are not part of this Court's analysis because this Court is not evaluating the legality, enforceability, or advisability of the MOU, USG Commitments, CBRI, or any discrete act contemplated therein.

Several parties oppose the proposed stay. Intervenor-Defendant Inland Ports and Navigation (Inland Ports) argues that the proposed spill operations in the USG Commitments will endanger the safety of navigation operators and the Court should order modeling before allowing the proposed spill operations. Intervenor-Defendant the State of Idaho, joined by Intervenor-Defendant the State of Montana, argues that it should be allowed to litigate its counterclaim, which was filed *after* the Federal Defendants filed notice of their intent to file a

PAGE 3 – AMENDED ORDER

joint motion to stay these proceedings. Intervenor-Defendant Public Power Council (PPC), joined by Intervenor-Defendant Northwest RiverPartners, argues that the USG Commitments violate various laws and the factors for a stay support denying the motion.

Regarding PPC's objection that the USG Commitments violate federal laws and Inland Ports' objection that the spill operations described in the USG Commitments are unsafe, these arguments are irrelevant to the motion to stay. The Court is not reviewing whether to order spill operations like it did in 2017 or reviewing any final agency action like it did in 2016. The Court is not reviewing, approving, disproving, adopting, affirming, enforcing, voiding, or otherwise opining on the MOU or the USG Commitments. The Court is simply considering whether a stay of this litigation is warranted under the factors relevant to evaluating a motion to stay.

Regarding the stay factors, PPC argues that the requested stay is "immoderate" because of its "extraordinary length and wholly novel purposes for which it is sought." PPC cites *Landis v. North American Co.*, 299 U.S. 248, 259 (1936). *Landis*, however, involved a stay in which "a litigant in one cause [was] being compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* That is not the situation here, where Plaintiffs seek a stay to pursue *non-litigation* remedies that may *permanently resolve* the underlying disputes that have, thus far, proved intractable in litigation.

Additionally, even if *Landis* applies, the Supreme Court stated that "[e]specially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Id.* The Ninth Circuit has explained in the context of a stay of parallel proceedings that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to

the court." *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 864 (9th Cir. 1979). Even applying the *Landis* and *Levya* considerations for parallel proceedings, given the extraordinary public importance of this case, the incredibly complex issues, and the fact that litigation has thus far failed to resolve the issues for decades, the Court finds that five years is not immoderate in extent.

The Court also finds that staying this litigation for five years will not cause undue damage or prejudice to any party. Idaho argues that it will be prejudiced in not being able to pursue its counterclaim. Its counterclaim, however, only challenges a form of relief—one not requested by Plaintiffs in the complaint, but that Idaho is concerned Plaintiffs ultimately may seek. If this case is stayed, then Plaintiffs will not obtain any relief, at least during the stay, and Idaho is not prejudiced in being unable to challenge the validity of Plaintiffs' potential relief. Additionally, Idaho does not argue prejudice based on any potential loss of evidence, such as fading memory, because its challenge is purely legal. The other objecting parties argue harm based on contentions that the USG Commitments are illegal or otherwise challengeable, but staying (or continuing) this litigation is irrelevant to any party's ability to challenge the USG Commitments or participate in future agency, legal, or administrative processes arising from actions contemplated in the USG Commitments.

The orderly course of justice is best served by staying this litigation. The issues in this case are complex and have been litigated for decades. The Moving Parties have reached a consensus to attempt to resolve these issues, perhaps permanently, without the need for further litigation. The Moving Parties will update the Court annually on their progress.

The Court GRANTS the Moving Parties' Joint Motion to Stay Litigation through 2028, ECF 2450. The Court stays this case through December 13, 2028.

**IT IS SO ORDERED**.

DATED this 8th day of February, 2024.

/s/ <i>Michael H. Simon</i><br>
Michael H. Simon<br>
United States District Judge