THE HONORABLE MICHAEL H. SIMON

AMANDA W. GOODIN (WSB #41312)
agoodin@earthjustice.org
MICHAEL MAYER (WSB #32135)
mmayer@earthjustice.org
CHARISA GOWEN-TAKAHASHI (WSBA #63091)
cgowentakahashi@earthjustice.org
Earthjustice
810 Third Ave., Suite 610
Seattle, WA  98104
(206) 343-7340 | Phone

DANIEL J. ROHLF (OSB #99006)
rohlf@lclark.edu
Earthrise Law Center
Lewis & Clark Law School
10015 S.W. Terwilliger Boulevard, MSC 51
Portland, OR  97219
(503) 768-6707 | Phone
(503) 768-6642 | Fax

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, et al.<br><br>       Plaintiffs,<br><br>   and<br><br>STATE OF OREGON, et al.,<br><br>       Intervenor-Plaintiffs,<br><br>   v.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>       Defendants,<br><br>   and<br><br>PUBLIC POWER COUNCIL, et al.,<br><br>       Intervenor-Defendants. | Civ. No. 3:01-cv-00640-SI<br><br><br>MOTION TO SET SCHEDULE AND MOTION FOR OVERLENGTH BRIEFS<br><br><br>EXPEDITED CONSIDERATION REQUESTED |

MOTION

Counsel for the National Wildlife Federation *et al*. Plaintiffs (NWF Plaintiffs), Intervenor-Plaintiff State of Oregon, and *amici* State of Washington and the Nez Perce Tribe submit for the Court's consideration a motion to set a litigation schedule for motions for preliminary injunction and for overlength briefs. The NWF Plaintiffs and Federal Defendants primarily negotiated this motion. Counsel for NWF Plaintiffs certify that they contacted all counsel for the parties on the current service list prior to filing, providing a draft of this motion and an opportunity to review and submit comments, including as to the request to expedite. *See* LR 7-1.

Federal Defendants agree to the dates and other matters provided here, with the exception of their objections reflected in footnote 2 and in their Position Statement, *infra*. Federal Defendants do not oppose the request for overlength briefs, with the condition noted in the text, *infra*. As to the request to expedite, Federal Defendants do not agree that expedited consideration of the motion to set the schedule for preliminary injunction proceedings is warranted. Given that the administrative records have been compiled, the Federal Defendants' position is that this case could proceed directly to summary judgment.

Intervenor-Defendant State of Idaho opposes this motion and intends to file a response in opposition. Intervenor-Defendant State of Montana reserves the right to take a position after additional time to review the filing. Intervenor-Defendant Inland Ports and Navigation Group (IPNG) opposes this motion and opposes the request for expedited consideration of this motion. IPNG's position on the participation of *amici* is included in the Position Statements, *infra*. Intervenor-Defendant Public Power Council (PPC) takes no position on the proposed schedule at this time but reserves the right to take a position after additional time to review the filing.

MOTION TO SET SCHEDULE AND
MOTION FOR OVERLENGTH BRIEFS

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

The following parties take no position on this motion: Plaintiff-Intervenors the Spokane Tribe of Indians and the Coeur d'Alene Tribe and *Amicus* the Northwest Power & Conservation Council. The following parties do not oppose this motion: *Amicus* Yakama Nation; *Amicus* Confederated Tribes of the Warm Springs Reservation of Oregon; *Amicus* Confederated Tribes of the Umatilla Indian Reservation; and *Amicus* Confederated Tribes of the Colville Reservation. Counsel for the NWF Plaintiffs did not receive a response regarding this motion from the remaining parties.

PROPOSED SCHEDULE

1.      *Preliminary Injunction Motions and Briefing.* NWF Plaintiffs and Intervenor-Plaintiff State of Oregon currently anticipate each filing a motion for preliminary injunctive relief based on some or all of the claims in their supplemental complaints. Any such motions shall be briefed on the following schedule.[1]

2.      Any motions for a preliminary injunction filed by a party, and all supporting papers, shall be filed by **October 8, 2025**. Any *amicus* filing in support of such motion, and all supporting papers, shall be filed by **October 15, 2025**.

3.      Any unaligned *amicus curiae* may file briefs addressing the preliminary injunction motions by **November 17, 2025**.

4.      Any opposition to motions for a preliminary injunction, and all supporting papers from any party, shall be filed by **December 8, 2025**. Any *amicus* filing in opposition to such motion, and all supporting papers, shall be filed by **December 15, 2025**.

---

[1] By agreeing to this schedule, Federal Defendants are not waiving the meet and confer requirement in Local Rule 7-1(a)(1)(2) for the motions referenced herein.

MOTION TO SET SCHEDULE AND
MOTION FOR OVERLENGTH BRIEFS

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA 98104*
*(206) 343-7340*

5.      Any reply in support of a motion for a preliminary injunction, and any supporting papers, shall be filed by **January 15, 2026**. Any *amicus* filing in support of such reply, and all supporting papers, shall be filed by **January 22, 2026**.[2]

6.      If a party or *amicus* submits expert declaration(s) in support of or in opposition to any preliminary injunction motion, the submitting party or *amicus* shall concurrently produce copies of documents or information the expert declarant referred to or relied on to form the opinions expressed in the expert declaration (the materials shall be served by overnight mail, in PDF format on electronic media, to the parties). The parties may conduct depositions of expert declarants in accordance with Fed. R. Civ. P. 30, Local Rule 30, and applicable law. In doing so, the parties shall take reasonable steps to minimize the burdens on expert witnesses while ensuring the expert depositions occur in a timely and efficient way. For depositions of any experts supporting any opposition to motions for a preliminary injunction, the parties agree to take all feasible steps to schedule timely depositions prior to holidays that may impact witness and counsel availability.  All parties reserve their rights to request the Court's assistance in imposing reasonable limitations on the number, duration and scope of depositions, if necessary. If a dispute regarding a deposition leads to motions to the Court regarding the deposition, the parties also reserve the right to seek to adjust the briefing schedule for the underlying preliminary injunction motions.

7.      Following the completion of briefing of any preliminary injunction motion(s), the Court will schedule such proceedings to decide the motion(s) as it determines are appropriate. The schedule anticipates the Court will allow oral argument in early February of 2026, to allow the Court to issue a decision, if the Court deems it appropriate, prior to the commencement of planned 2026 fish passage operations in March.

MOTION TO SET SCHEDULE AND
MOTION FOR OVERLENGTH BRIEFS

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

8.       The parties and *amici* will confer and seek to reach agreement on a proposed

schedule for motions and cross-motions for summary judgment, brief lengths, and any other

issue related to the summary judgment motions. If they are able to agree on some or all issues,

no later than **April 30, 2026**, they will submit a joint proposal to address them. For any issues

on which the parties cannot agree, they will submit separate statements.

## MOTION FOR BRIEFS IN EXCESS OF PAGE LIMITS

For any preliminary injunction motion, NWF Plaintiffs and Plaintiff-Intervenor State of

Oregon each request leave to exceed the limit of 35 pages for memoranda set by LR 7-2(b)(1) by

up to twenty (20) additional pages. This additional length is necessary to adequately address all

of the relevant factors for a preliminary injunction as well as set forth the basis for the relief they

seek in a case with an exceptionally long procedural history involving a large and complex

regional hydropower system. NWF Plaintiffs and Plaintiff-Intervenor State of Oregon required

approximately the same length for their previous preliminary injunction motions and again

expect to need a similar exceedance in this instance. Federal Defendants do not oppose this

request on the condition that they are permitted to file a single, consolidated opposition that does

not exceed the combined number of pages contained in NWF Plaintiffs' and Plaintiff-Intervenor

State of Oregon's motions or, should Federal Defendants choose, two oppositions of up to 55

pages each.

---

[2] Federal Defendants oppose any *amici* submitting supporting papers in support of or opposition
to a preliminary injunction as well as oppose any plaintiff-aligned *amici* filing a reply brief. The
resolution of this dispute would affect language in paragraphs 2, 4, 5, and 6. *See* Position
Statements, *infra*.

MOTION TO SET SCHEDULE AND
MOTION FOR OVERLENGTH BRIEFS

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA 98104*
*(206) 343-7340*

POSITION STATEMENTS ON ROLE OF *AMICUS CURIAE*

As noted *supra*, the parties were unable to reach agreement regarding the role of *amicus curiae*. Parties' individual position statements are included below.

1.      NWF Plaintiffs' position is that all *amicus curiae*, regardless of alignment, should be permitted to file supporting papers including expert witness declarations in support of their briefs, on the schedule set forth above.  Additionally, any plaintiff-aligned *amicus curiae* should be permitted to file a reply brief and supporting papers for the sole purpose of responding to arguments raised by Defendants, Defendant-Intervenors, and defendant-aligned *amicus curiae*. This Court has routinely permitted *amicus* to file supporting declarations and has routinely permitted plaintiff-aligned *amicus* to file a reply.  *See, e.g.*, ECF 2335 (scheduling order allowing *amicus curiae* to file supporting papers and allowing plaintiff-aligned *amicus* to file replies and supporting papers); ECF 2111 & ECF 2118 (proposed schedule and order); ECF 2117 and 2117-1 (reply brief and supporting declaration of *amicus curiae* Nez Perce Tribe); ECF 2388 (declaration in support of *amicus curiae* Nez Perce Tribe).  *Amici* have a substantial interest in this matter and substantial information and expertise that would aid the Court's resolution of requests for injunctive relief.  Under these circumstances, the Court should exercise its discretion to afford all *amicus curiae* the opportunity to submit declarations and other supporting evidence and should afford any plaintiff-aligned *amicus* the opportunity to file a reply and supporting evidence.

2.      Federal Defendants do not agree and object that *amicus* should be permitted to inject new issues or submit evidence. *See Russian River Watershed Prot. Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1141 (9th Cir. 1998) (courts do not "review issues raised only by an *amicus curiae*"); *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n.10 (9th Cir. 2003). As non-parties, it is also inappropriate for amicus to provide multiple briefs

MOTION TO SET SCHEDULE AND
MOTION FOR OVERLENGTH BRIEFS

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

aligned with parties, like submissions on reply, without moving for leave and justifying such submissions. *Cf.* Fed. R. App. Proc. 29(a)(7) ("Except by the court's permission, an amicus curiae may not file a reply brief."); *JZ v. Catalina Foothills Sch. Dist.*, No. CV-20-00490-TUC-RCC, 2021 WL 5396089, at *1 (D. Ariz. Nov. 18, 2021) ("In the absence of a federal statute or rule governing the participation of amici in district courts, the court 'look[s] to the Federal Rules of Appellate Procedure for guidance.'") (citation omitted).

3.      IPNG opposes allowing *amicus curiae* parties to file evidence in support of any amicus brief and opposes such parties submitting reply briefs.

4.      The Confederated Tribes of the Colville Reservation support allowing *amici* to submit evidence in support of *amicus* briefs, if any.

Respectfully submitted this 11th day of September, 2025.

*/s/ Amanda W. Goodin*
AMANDA W. GOODIN (WSB #41312)
MICHAEL MAYER (WSB #32135)
CHARISA GOWEN-TAKAHASHI (WSBA #63091)
Earthjustice
810 Third Ave., Suite 610
Seattle, WA  98104
(206) 343-7340 | Phone
agoodin@earthjustice.org
mmayer@earthjustice.org
cgowentakahashi@earthjustice.org

DANIEL J. ROHLF (OSB #99006)
Earthrise Law Center
Lewis & Clark Law School
10015 S.W. Terwilliger Boulevard, MSC 51
Portland, OR  97219
(503) 768-6707 | Phone
(503) 768-6642 | Fax
rohlf@lclark.edu

*Attorneys for Plaintiffs*

MOTION TO SET SCHEDULE AND
MOTION FOR OVERLENGTH BRIEFS

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

- 7 -

DATED September 11, 2025       DAN RAYFIELD
Attorney General

*/s/ Deanna J. Chang*
DEANNA J. CHANG #192202
CHRISTINA L. BEATTY-WALTERS #981634
AUSTIN D. SAYLOR #085614
Senior Assistant Attorneys General
Tel (971) 673-1880
Fax (971) 673-5000
Deanna.J.Chang@doj.oregon.gov
Tina.BeattyWalters@doj.oregon.gov
Austin.Saylor@doj.oregon.gov

*Of Attorneys for Intervenor Plaintiff State of Oregon*

DATED September 11, 2025       NICHOLAS W. BROWN
Attorney General

*/s/John Heidinger*
JOHN HEIDINGER, WSBA No. 50984
Assistant Attorney General
Public Lands and Conservation Division
P.O. Box 40100
Olympia WA, 98504-0100
John.Heidinger@atg.wa.gov
Tel (360)753-2496

*Attorney for Amicus State of Washington*

DATED September 11, 2025       */s/ David J. Cummings*
David J. Cummings (OSB #922695)
Geoffrey M. Whiting (OSB #954544)
NEZ PERCE TRIBE
OFFICE OF LEGAL COUNSEL
P.O. Box 305
Lapwai, ID 83540
(208) 843-7355 | Phone
(208) 843-7377 | Fax
djc@nezperce.org
gwhiting@gmwnezperce.com

*Attorneys for the Nez Perce Tribe*

MOTION TO SET SCHEDULE AND
MOTION FOR OVERLENGTH BRIEFS

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA 98104*
*(206) 343-7340*

CERTIFICATE OF SERVICE

I certify that on September 11, 2025, I filed the foregoing through the Court's CM-ECF

system, which will automatically notify counsel of record.

*/s/ Amanda W. Goodin*
AMANDA W. GOODIN (WSB #41312)

MOTION TO SET SCHEDULE AND
MOTION FOR OVERLENGTH BRIEFS

- 9 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*