# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NATIONAL WILDLIFE FEDERATION,** *et al.*, | Case No. 3:01-cv-640-SI |
| Plaintiffs, | **ORDER** |
| and | |
| **STATE OF OREGON,** *et al.*, | |
| Intervenor-Plaintiffs, | |
| v. | |
| **NATIONAL MARINE FISHERIES SERVICE,** *et al.*, | |
| Defendants, | |
| and | |
| **PUBLIC POWER COUNCIL,** *et al.*, | |
| Intervenor-Defendants. | |

**Michael H. Simon, District Judge.**

Based on the lapse of federal appropriations, the Federal Defendants have moved to stay the current schedule for the expected preliminary injunction motions. "[T]he decision to grant a stay, like the decision to grant an evidentiary hearing, is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Among the competing interests a court must

PAGE 1 – ORDER

consider in weighing whether to grant a stay are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Plaintiffs, the States of Oregon and Washington, and the Nez Perce Tribe oppose a stay. They argue that the current schedule is needed to allow the Court to resolve the motions for preliminary injunctive relief before the 2026 spring migration season, and any delay would further endanger species that are on the brink of extinction. They also note that with a court order, federal employees would be able to work during a government shutdown under federal agency rules, and that many courts routinely refuse to stay litigation during shutdowns, citing *Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 639 (D.C. Cir. 2019) (Srinivasan & Edwards, JJ., concurring).

The Federal Defendants argue that it will create a hardship to litigate during the federal government shutdown, and that Plaintiffs delayed reopening this case after President Trump indicated he would require withdrawal from the Memorandum of Understanding and did not pursue emergency relief during the last five years since this case was filed, showing that the requested relief is not urgent. In response, Plaintiffs point out that they did file for preliminary injunctive relief when they filed this case, but they consented to staying the case when they reached agreement with the Federal Defendants to alter dam operations and engage in mediation.[1] That mediation led to the Memorandum of Understanding, which Plaintiffs contend

---

[1] The Court denied Plaintiffs' 2021 motion for preliminary injunction without prejudice when it granted the parties' joint motion for stay. ECF 2415.

PAGE 2 – ORDER

could have led to genuine change and a real chance for the endangered species, had the Federal Defendants not unilaterally withdrawn.

The Court finds that Plaintiffs' conduct during the last five years do not show any lack of urgency in attempting to protect the endangered species. The Court also finds that Plaintiffs diligently proceeded after the Federal Defendants formally withdrew from the Memorandum of Understanding on July 7, 2025, particularly given the number of parties involved with whom Plaintiffs needed to confer and attempt to reach a mutually agreeable schedule.

Weighing the *CMAX* factors, the Court finds that the Federal Defendants have not met their burden to show that a stay is warranted. The potential harm to the endangered species and the need timely to evaluate whether any injunctive relief is warranted before the 2026 spring migration outweighs the harm to federal employees being required to work during a shutdown, particularly given the history of federal employees being paid retroactively.

The Federal Defendants also argue that the Court should schedule summary judgment briefing instead of, or combined with, preliminary injunctive relief. The Court does not find that adding a merits determination to the injunctive relief briefing would serve the orderly course of justice.

The Court DENIES the Federal Defendants' Motion to Stay, ECF 2510. The Court, however, amends the schedule as follows:

1. Any motions for a preliminary injunction filed by a party, and all supporting papers, shall be filed by **October 15, 2025**. Any *amicus* filing in support of such motion, and all supporting papers, shall be filed by **October 22, 2025**;

2. Any unaligned *amicus curiae* may file briefs addressing the preliminary injunction motions by **November 24, 2025**;

      3.      Any opposition to motions for a preliminary injunction, and all supporting papers from any party, shall be filed by **December 15, 2025**. Any *amicus* filing in opposition to such motion, and all supporting papers, shall be filed by **December 22, 2025**; and

      4.      Any reply in support of a motion for a preliminary injunction, and any supporting papers, shall be filed by **January 22, 2026**. Any *amicus* filing in support of such reply, and all supporting papers, shall be filed by **January 29, 2026**.

**IT IS SO ORDERED**.

DATED this 14th day of October, 2025.

                                          /s/ *Michael H. Simon*
                                          Michael H. Simon
                                          United States District Judge