IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NATIONAL WILDLIFE FEDERATION,** *et al.*, | Case No. 3:01-cv-640-SI |
| Plaintiffs, | **ORDER** |
| and | |
| **STATE OF OREGON,** *et al.*, | |
| Intervenor-Plaintiffs, | |
| v. | |
| **NATIONAL MARINE FISHERIES SERVICE,** *et al.*, | |
| Defendants, | |
| and | |
| **PUBLIC POWER COUNCIL,** *et al.*, | |
| Intervenor-Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiffs, Intervenor-Plaintiff State of Oregon, and *amici* State of Washington and the Nez Perce Tribe ("Moving Parties") jointly move the Court for an order to compel the Federal Defendants to produce documents. ECF 2604. On September 19, 2025, the Court granted the Moving Parties' motion to set a case schedule. The proposed scheduling order, adopted by the

PAGE 1 – ORDER

Court, included text negotiated with the Federal Defendants in 2021. Relevant to the pending motion to compel, the scheduling order required:

> If a party or amicus submits expert declaration(s) in support of or in opposition to any preliminary injunction motion, the submitting party or amicus shall concurrently produce copies of documents or information the expert declarant referred to or relied on to form the opinions expressed in the expert declaration (the materials shall be served to the parties by overnight mail, in PDF format on electronic media).

ECF 2502 at 3.

The Moving Parties argue that the Federal Defendants have submitted expert declarations in opposition to the pending motions for preliminary injunction, but did not produce all documents and information relied on by those experts. The Moving Parties describe that "numerous" declarants explain that they have conducted new analyses or modeling, drawing conclusions from that modeling, and yet do not provide the underlying inputs, outputs, or assumptions contained, for the modeling. The Moving Parties argue that without the underlying data for the modeling, the Moving Parties cannot adequately respond to the expert declarations or assess their veracity in the Moving Parties' reply briefs, due January 22nd (for Plaintiffs and Intervenor-Plaintiff) and January 29th (for Plaintiff-aligned *amici*).

The Federal Defendants respond that they have produced everything required under the Court's Order, constituting more than 1000 pages of documents. Nonetheless, in an abundance of caution, they represent that they will produce additional documents on January 9th and 10th. They also argue that the type of information the Moving Parties identified, such as assessing veracity, determining how one assumption differs from another, and determining whether Bonneville Power Administration used the most current modeling version, are better evaluated through depositions than voluminous and burdensome document production. The Federal Defendants also contend that the Moving Parties fail to show a compelling need or the

PAGE 2 – ORDER

proportionality of the requested discovery given the expedited nature of the proceedings, that preliminary injunction proceedings do not follow traditional evidentiary standards, that the Moving Parties did not provide any expert declaration attesting to the deficiencies in production, and that the Moving Parties cancelled all pending expert depositions. The Federal Defendants further assert that the Moving Parties' arguments go to the weight of the experts' evidence, and do not support ordering additional, overly burdensome discovery.

The Court reiterates its previous Order that the Federal Defendants must produce all documents referred to or relied on by their expert witnesses. Given that the Federal Defendants say that they are in the process of producing additional documents, it is premature for the Court to resolve whether further discovery is required. The Court notes, however, that much of what the Moving Parties' argue appears to go to the weight of the experts' testimony and is better tested through depositions than extensive document discovery.

The Court recognizes the truncated nature of these proceedings, the more relaxed evidentiary standards at the preliminary injunction stage, the fact that the hearing is set for February 6, 2026, and the Moving Parties' request for a decision before March 1, 2026. All of these result in practicalities supporting that the parties' time is better spent in expert depositions and briefing than in discovery motion practice.[1]

---

[1] The scheduling order did not have deadline for depositions. It stated that the parties would attempt to schedule the depositions of the Federal Defendants' experts before the holidays if "feasible," but that was based on the original schedule, before a motion to stay based on the lapse in appropriations pushed all the deadlines back one week. Even without the current discovery motion practice, the delay from that motion to stay rendered finishing the expert depositions before the holiday improbable. Regardless, the "holiday" deadline was only aspirational. Accordingly, the Moving Parties may still take expert depositions, and the Court expects the Federal Defendants' to work with the Moving Parties to schedule any such depositions on an expedited basis, if requested.

The Court DENIES WITHOUT PREJUDICE the Moving Parties' Joint Motion to Compel, ECF 2604.

**IT IS SO ORDERED**.

DATED this 9th day of January, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge