Irion A. Sanger, OSB No. 003750
John Maxwell Greene, OSB No. 182714
Sanger Greene, PC
4031 SE Hawthorne Blvd.
Portland, OR 97214
Telephone: 503-756-7533
Fax: 503-334-2235
irion@sanger-law.com
max@sanger-law.com

*Counsel for Intervenor-Defendant Public Power Counsel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **NATIONAL WILDLIFE FEDERATION**, et al., | Case No. 3:01-cv-640-SI |
| Plaintiffs, and | **PUBLIC POWER COUNCIL MOTION FOR RECONSIDERATION** |
| **STATE OF OREGON**, et al., | |
| Intervenor-Plaintiffs | |
| v. | |
| **NATIONAL MARINE FISHERIES SERVICE**, agency of the United States Department of Commerce, et al., | |
| Defendants | |
| and | |
| **PUBLIC POWER COUNCIL**, et al., | |
| Intervenor-Defendants. | |

Public Power Council Motion for Reconsideration - 1

## INTRODUCTION

Intervenor-Defendant Public Power Council ("PPC") hereby submits this Motion for Reconsideration of one discrete piece of the Court's Opinion and Order and Preliminary Injunction issued February 25, 2026, ECF 2667 and 2668.[1] As Plaintiffs have pointed out, the Court's Opinion and Order included an error underlying its analysis of August spill, with the result that the Court ordered August spill that departs significantly from operations under the December 2023 Memorandum of Understanding ("MOU"). Plaintiffs' Motion for Clarification, ECF 2669 at 2-3. PPC supports Plaintiffs' request that the Court correct its error by amending its Opinion and Order to indicate that "the Federal Defendants agreed in the MOU to operate the dams for years maintaining unchanged summer spill levels from June through July 31st ~~August 31st~~." ECF 2669 at 3.

PPC respectfully requests that the Court also reconsider its conclusions that flowed from that error and modify its Opinion and Order and Preliminary Injunction with respect to August spill. The Court's analysis treated the MOU as establishing an agreed operational baseline through August 31. That premise was incorrect. As a result, the Court's analysis rested on a mistaken factual foundation, and the resulting injunction compels August spill levels that materially depart from the actual MOU framework.

---

[1] Pursuant to Local Rule 7-1, PPC certifies that it sought the position of other parties on this Motion by email. Northwest Requirements Utilities and Northwest Irrigation Utilities support the Motion. Inland Ports and Navigation Group does not oppose the Motion. The National Wildlife Federation Plaintiffs, Nez Perce Tribe, Oregon, Washington, and Yakama Nation oppose the Motion. PPC had not yet received a response from the Columbia and Snake River Irrigators Association, Federal Defendants, Idaho, or Montana at the time of filing.

# ARGUMENT

A Motion for Reconsideration is appropriate when the subject Order is founded on a manifest error of fact. *See* Federal Rule of Civil Procedure 59(e) (allowing "motion[s] to alter or amend a judgment") and 54(a) (defining "judgment" as "any order from which an appeal lies"); *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (providing that "a Rule 59(e) motion may be granted" where "the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based"). Motions for Reconsideration are extraordinary remedies subject to the Court's discretion and are highly disfavored. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). For that reason, PPC restricts this filing to a single issue whose disposition rests on a foundation that the parties agree was an error. ECF 2669 at 3.

The Court's Opinion and Order observes that Defendant-Intervenors' "request to reduce spill in August, when fewer fish are migrating, as was done in the 2025 FOP … may be a reasonable request if the benefit to fish is low and need for water for other uses is high[.]" ECF 2667 at 41. However, the Opinion and Order nevertheless "grants the full summer spill duration as requested by Plaintiffs" in significant part because of the erroneous observation that "the Federal Defendants agreed in the MOU to operate the dams for years maintaining unchanged summer spill levels from June through August 31st." ECF 2667 at 41. The Court's reasoning indicates that the perceived MOU baseline informed its evaluation of whether reduced August spill would represent a departure from previously agreed operations. Once that premise is corrected, the Court's stated rationale for granting full August spill no longer rests on an accurate factual foundation. Because the Court's conclusion is based on a manifest error of fact, reconsideration is appropriate. *Turner*, 338 F.3d at 1063.

Public Power Council Motion for Reconsideration - 3

Working jointly with other Defendant-Intervenors, PPC has already submitted a reasonable proposal regarding August spill; PPC refers the Court to that proposal should the Court agree to reconsider this issue.  *See* Joint Defendant-Intervenors Submission Regarding Revised Proposed Order, ECF 2663.

## CONCLUSION

For the foregoing reasons, the Public Power Council respectfully requests that the Court reconsider its Opinion and Order and Preliminary Injunction to correct a manifest error of fact with respect to August spill, and to reconsider the conclusions that flow from that error.

Respectfully submitted this 26th day of February, 2026

/s/ Irion Sanger
Irion Sanger, OSB No. 003750
John Maxwell Greene, OSB No. 182714
Sanger Greene, PC
4031 SE Hawthorne Blvd.
Portland, OR 97214
Telephone: (503) 756-7533
Fax: (503) 334-2235
irion@sanger-law.com
max@sanger-law.com

*Of Attorneys for Intervenor-Defendant Public Power Council*

Public Power Council Motion for Reconsideration - 4

## CERTIFICATE OF SERVICE

  I hereby certify that on February 26, 2026, I electronically filed the foregoing MOTION FOR RECONSIDERATION with the Clerk of the Court for the United States District Court – District of Oregon via the CM/ECF system.  Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

              /s/ Max Greene
              Max Greene
              Sanger Greene, PC
              4031 SE Hawthorne Blvd.
              Portland, OR 97214
              Telephone: (401) 339-2990
              Fax: (503) 334-2235
              max@sanger-law.com

              *Of Attorneys for Intervenor-Defendant Public Power Council*